1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9

10   IN RE:  Bard IVC Filters Products          No. MDL 15-02641-PHX-DGC
     Liability Litigation,
11
                                                **SUGGESTION OF REMAND AND**
12                                               **TRANSFER ORDER**

13

14

15        This multidistrict litigation proceeding ("MDL") involves personal injury cases

16   brought against Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

17   (collectively, "Bard").   Bard manufactures and markets medical devices, including

18   inferior vena cava ("IVC") filters.  The MDL Plaintiffs have received implants of Bard

19   IVC filters and claim they are defective and have caused Plaintiffs to suffer serious injury

20   or death.

21        The MDL was transferred to this Court in August 2015 when 22 cases had been

22   filed.  Doc. 1.  More than 8,000 cases had been filed when the MDL closed to new cases

23   on May 31, 2019.  Docs. 18079, 18128.  Thousands of cases pending in the MDL have

24   settled in principle or are near settlement.  *See* Docs. 16343, 19445, 19798-1, -2.  The

25   remaining cases no longer benefit from centralized proceedings and are subject to remand

26   or transfer.

27        The cases listed on Schedule A, which were transferred to this MDL by the United

28   States Judicial Panel for Multidistrict Litigation (the "Panel"), should be remanded to the

transferor courts pursuant to 28 U.S.C. § 1407(a). The Court therefore provides this Suggestion of Remand to the Panel.[1] The cases listed on Schedule B, which were directly filed in this MDL, will be transferred to appropriate districts pursuant to 28 U.S.C. § 1404(a).

To assist the courts that receive these cases, this order will describe events that have taken place in the MDL. A copy of this order, along with the case files and materials, will be available to courts after remand or transfer.

## I.    Suggestion of Remand.

### A.    Remand Standard.

The power to remand MDL cases rests solely with the Panel. 28 U.S.C. § 1407(a); *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). The Panel typically relies on the transferee court to suggest when remand should be ordered. J.P.M.L. Rule 10.1(b)(i); *see In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2012 WL 1963350, at *1 (D. Kan. May 30, 2012). Indeed, the Panel "is reluctant to order a remand absent the suggestion of the transferee judge[.]" J.P.M.L. Rule 10.3(a); *see In re Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, No. 2:09-md-2009-SHM, 2013 WL 5614285, at *2 (W.D. Tenn. Feb. 28, 2013). The transferee court may suggest remand when cases are "ready for trial, or . . . would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings." *In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see In re TMJ Implants Prods. Liab. Litig.*, 872 F. Supp. 1019, 1038 (D. Minn. 1995).

### B.    The Panel Should Remand the Cases Listed on Schedule A.

The primary purposes of this MDL – coordinated pretrial discovery and resolution of common issues – have been fulfilled. All common fact and expert discovery has been

---

[1] The Court previously suggested the remand of ten "mature" cases that were nearly ready for trial when the MDL was formed. Doc. 12534.

completed. The Court has also resolved many *Daubert* motions and Defendants' summary judgment motion based on preemption, as well as other summary judgment and in limine motions in the bellwether cases. Three bellwether trials were held, and the parties prepared for a fourth that settled on the eve of trial. As noted, a settlement process is in place.

The MDL cases listed on Schedule A are not likely to settle soon and no longer benefit from centralized proceedings. The remaining case-specific issues in these cases are best left to the transferor courts to resolve. The Court therefore suggests that the Panel remand the cases on Schedule A to the transferor courts for further proceedings. *See In re TMJ Implants*, 872 F. Supp. at 1038 (suggesting remand of cases that no longer benefited from consolidated pretrial proceedings).

Defendants raise venue and personal jurisdiction objections in cases in which the transferor district is not where the filter at issue was implanted. *See* Docs. 19445 at 4-6, 19445-4, 19798-3. The Court may not resolve venue issues in cases transferred by the Panel under § 1407(a). *See Lexecon*, 523 U.S. at 39; *Manual for Complex Litigation, Fourth*, § 20.132 n.666. And for reasons explained below, the Court finds that personal jurisdiction issues are best resolved by the transferor courts. Defendants' right to challenge venue and personal jurisdiction upon remand is preserved.

## II. Transfer Under 28 U.S.C. § 1404(a).

### A. Transfer Standard.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

### B. The Direct-Filed Cases Listed on Schedule B Will Be Transferred.

Not all MDL cases were transferred to the Court by the Panel. Pursuant to Case Management Order No. 4 ("CMO 4"), many cases were filed directly in the MDL through use of a short form complaint. Doc. 363 at 3 (as amended by Docs. 1108, 1485).

- 3 -

Plaintiffs were required to identify in the short form complaint the district where venue would be proper absent direct filing in the MDL. *See id.* at 7. CMO 4 provides that, upon the MDL's closure, each pending direct-filed case shall be transferred pursuant § 1404(a) to the district identified in the short form complaint. *Id.* at 3.

### 1. Cases Where the Parties Agree to Venue.

The parties have provided a list of the direct-filed cases in which they agree to the venue identified in the short form complaint. Doc. 19798-4. The parties also agree that certain other cases should be transferred to the venue where the plaintiff was implanted with the filter and not to the venue identified in the short form complaint. Doc. 19798-5. Pursuant to § 1404(a), the Court will transfer these cases to the agreed-upon districts. *See Lifehouse Holdings, LLC v. Certain Underwriters at Lloyd's London*, No. 13-CV-02161-LHK, 2013 WL 5754381, at *1 (N.D. Cal. Oct. 23, 2013) (transferring case where the "second prong of Section 1404 – consent – [was] satisfied"); *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig.*, No. 3:12-MD-2391, 2018 WL 7683307, at *1 (N.D. Ind. Sept. 6, 2018) (transferring cases under § 1404(a) where they would "no longer benefit from centralized proceedings[] and the remaining case-specific issues are best left to decision by the courts that will try the cases").[2]

### 2. Cases Where the Parties Disagree on Venue or Jurisdiction.

CMO 4 provides that, prior to transfer, Defendants may object to the district specified in the short form complaint based on venue or personal jurisdiction. *Id.* at 4. Defendants have identified cases where they intend to raise venue or jurisdiction objections to Plaintiffs' chosen forums. *See* Docs. 19445 at 6, 19454-1, 19798-5. Defendants do not oppose transfer of these cases to the forums chosen by Plaintiffs, but

---

[2] In one direct-filed case, Plaintiffs identified no proper venue in their short form complaint. *See* Doc. 19798-12; Doc. 1, *Maietta v. C. R. Bard, Inc.*, No. CV-16-04125-PHX-DGC (Apr. 29, 2016). This case will be transferred to the Eastern District of Pennsylvania, the venue where the filter implant and alleged injuries occurred. *See id.*

seek to preserve their right to object to venue and personal jurisdiction upon transfer.  *See* Doc. 19445 at 3, 6; Doc 19798-5 at 1.

Plaintiffs oppose this approach, asserting that the resolution of venue and jurisdictional challenges after transfer would be inefficient.  Doc. 19445 at 3.  But more than a dozen cases involve potential venue or personal jurisdictional challenges.  *See* Doc. 19798-5.  Resolving such disputes generally involves consideration of case-specific factors, including the law for the forum.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case."); *Calder v. Jones*, 465 U.S. 783, 788, (1984) (in judging the minimum contacts required for personal jurisdiction, "a court properly focuses on 'the relationship among the defendant, the forum, and the litigation'") (citation omitted).  The best approach is to transfer the cases to Plaintiffs' chosen forum and allow the receiving courts to address any potential venue and personal jurisdictional issues.  Defendants' right to object to venue and personal jurisdiction upon transfer is preserved.

Plaintiffs assert that, depending on the various state savings statutes, dismissal for lack of personal jurisdiction after transfer could result in timely-filed cases being barred from re-filing in an appropriate district based on the statute of limitations.  Doc. 19445 at 3-4.  But "[o]nce a district court determines that it lacks personal jurisdiction, it is within its discretion to transfer the case to a court of proper jurisdiction and venue if it finds that it is within the interests of justice to do so." *Romero v. Cajun Stabilizing Boats, Inc.*, No. CIV.A.G 05 483, 2006 WL 367871, at *4 (S.D. Tex. Feb. 14, 2006) (citing 28 U.S.C. §§ 1406(a), 1631); *see Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13, 20 (D.D.C. 2017); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Plaintiffs are free to argue in the receiving courts that the interests of justice favor transfer rather than dismissal of any timely-filed case that would be barred from re-filing if dismissed.  *See In re Ski Train Fire In Kaprun, Austria on Nov. 11, 2000*, 257 F. Supp. 2d 717, 734-35

(S.D.N.Y. 2003) ("If this case is dismissed, . . . plaintiffs will be unable to establish jurisdiction in Colorado because they will be barred from refiling in Colorado by the two year statute of limitations. To deny plaintiffs the opportunity to sue . . . defendants in a jurisdiction where they could have originally brought suit . . . solely because they selected the wrong forum at the outset of this case would be grossly unfair."); *see also Manieri v. Layirrison*, No. CIV. A. 98-501, 1998 WL 458186, at \*3 n.3 (E.D. La. July 31, 1998) (noting that "[t]he curative effects of §§ 1404(a), 1406(a) and 1631 were intended to apply only in those circumstances where the action would have been timely filed in the transferee court at the time of filing in the transferor court").

## III.    The MDL Proceedings.

A summary of the MDL proceedings to date is provided below to assist courts on remand, if ordered by the Panel, and courts receiving transfers under § 1404(a). CMOs, discovery orders, and other significant rulings are listed in Exhibit 1. The status of the remaining case-specific discovery and other pretrial issues for these cases, and the estimated time needed to resolve such issues and make the cases ready for trial, will be determined by the parties and reported to the district courts on remand or transfer.

### A.    Plaintiffs' Claims and the Pleadings.

The IVC is a large vein that returns blood to the heart from the lower body. An IVC filter is a small device implanted in the IVC to catch blood clots before they reach the heart and lungs. This MDL involves multiple versions of Bard's retrievable IVC filters – the Recovery, G2, G2X, Eclipse, Meridian, and Denali. These filters are umbrella-shaped devices that have multiple limbs fanning out from a cone-shaped head. The limbs consist of legs with hooks that attach to the IVC wall and curved arms to catch or break up blood clots. Each of these filters is a variation of its predecessor.[3]

---

[3] In early 2019, Defendants moved to expand the scope of the MDL to include cases concerning Bard's Simon Nitinol Filter ("SNF"), a permanent device that predated the other filters in this litigation. The Panel denied the motion as moot because more than 80 SNF cases already had been filed in the MDL. Most of the SNF cases are near settlement. Doc. 19547. The remaining cases are subject to remand or transfer and are

- 6 -

The MDL Plaintiffs allege that Bard filters are more dangerous than other IVC filters because they have higher risks of tilting, perforating the IVC, or fracturing and migrating to vital organs. Plaintiffs further allege that Bard failed to warn patients and physicians about these higher risks. Defendants dispute these allegations, contending that Bard filters are safe and effective, that their complication rates are low and comparable to those of other IVC filters, and that the medical community is aware of the risks associated with IVC filters.

CMO 2, entered October 30, 2015, required the creation of a master complaint, a master answer, and templates of short-form complaints and answers. Doc. 249 at 6. The master complaint and answer were filed December 12, 2015. Docs. 364, 366. They are the operative pleadings for most of the cases in this MDL.

The master complaint gives notice, pursuant to Rule 8, of the allegations that Plaintiffs assert generally. The master complaint asserts seventeen state law claims: manufacturing defect (Counts I and V); failure to warn (Counts II and VII); design defect (Counts III and IV); failure to recall (Count VI); misrepresentation (Counts VIII and XII); negligence per se (Count IX); breach of warranty (Counts X and XI); concealment (Count XIII); consumer fraud and deceptive trade practices (Count XIV); loss of consortium (Count XV); and wrongful death and survival (Counts XVI and XVII). Doc. 364 at 34-63. Plaintiffs seek both compensatory and punitive damages. *Id.* at 63.

Plaintiff-specific allegations are contained in individual short-form complaints or certain complaints served on Defendants before the filing of the master complaint. *See* Docs. 249, 363, 365. Plaintiffs also provided Defendants with profile forms and fact sheets that describe their individual claims and conditions. *See* Doc. 365.

**B.     Case Management Orders.**

The primary orders governing pretrial management of this MDL are a series of CMOs, along with certain amendments. To date, the Court has issued 45 CMOs.

_____

included, as appropriate, on Schedules A and B. *See id.*; Doc. 19798-9.

- 7 -

These orders are discussed below and can be found on this District's website at http://www.azd.uscourts.gov/case-info/bard.

C. **Lead Counsel.**

CMO 1, entered October 30, 2015, appointed Co-Lead/Liaison Counsel for Plaintiffs ("Lead Counsel") to manage the litigation on behalf of Plaintiffs, and set out the responsibilities of Lead Counsel. Doc. 248. Plaintiffs' Lead Counsel has changed since the inception of the MDL. Mr. Ramon Lopez, of Lopez McHugh, LLP, in Newport Beach, California, and Mr. Mark O'Connor, of Beus Gilbert PLLC, in Phoenix, Arizona, are now Lead Counsel for Plaintiffs. Doc. 5285. Mr. Richard North of Nelson Mullins Riley & Scarborough, LLP, in Atlanta, Georgia, is Defendants' Lead Counsel.

D. **Plaintiffs' Steering Committee and Common Benefits Fund.**

CMO 1 directed the selection and appointment of a Plaintiffs' Steering Committee ("PSC") to assist in the coordination of pretrial activities and trial planning. Plaintiffs' Lead Counsel and the PSC together form the Plaintiffs' Leadership Counsel ("PLC"). The PLC assists all Plaintiffs in the MDL by overseeing discovery, appearing in court, attending status conferences, and preparing motions and responses regarding case-wide discovery matters. CMO 1 has been amended to select and appoint a Plaintiffs' Executive Committee ("PEC") to assist Lead Counsel in the administration, organization, and strategic decisions of the PLC. Doc. 4016. The configuration of the PSC has changed during the course of the litigation. *See* Docs. 248, 4016, 5285.

CMO 6, entered December 18, 2015, set forth rules, policies, procedures, and guidelines for fees and expenses incurred by attorneys acting for the common benefit of all MDL Plaintiffs. Doc. 372. In May 2019, the Court increased the common benefit attorneys' fees assessment from 6% to 8%, but declined to increase the 3% assessment for costs. Doc. 18038.

E. **Status Conferences.**

Since the inception of the MDL, the Court has held regular status conferences with Lead Counsel for the parties to discuss issues related to the litigation. The initial case

- 8 -

management conference was held in October 2015. Doc. 246. Deadlines were set for, among other things, the filing of master and short-form pleadings, profile forms, a proposed protective order (including Rule 502 provisions), a proposed protocol governing the production of electronically stored information ("ESI"), as well as deadlines to complete first-phase MDL discovery and address privilege log issues. Doc. 249. Thereafter, the Court held periodic status conferences to ensure that the parties were on task and to address routine discovery issues and disputes. In addition to the status conferences, the Court conducted telephone hearings to address time-sensitive issues, as well as numerous additional conferences to consider various matters such as dispositive motions and general case management issues.

### F. Discovery.

#### 1. General Fact Discovery.

Prior to the establishment of this MDL, Plaintiffs' counsel had conducted substantial common discovery against Bard concerning all aspects of Bard IVC filters, including the design, testing, manufacturing, marketing, labeling, and post-market surveillance of these devices. Bard produced numerous documents and ESI and responded to thousands of written discovery requests, and more than 80 corporate witness depositions were taken. The pre-MDL general fact discovery was made available by Bard to all Plaintiffs in the MDL.

This MDL was formed to centralize all pretrial proceedings and complete all common fact and expert discovery concerning Bard IVC filters. Doc. 1. CMO 8 established a procedure concerning re-deposing witnesses in the MDL. Doc. 519. CMO 14 established deposition protocols generally. Doc. 2239. The Court allowed additional depositions of a handful of corporate witnesses that had been previously deposed, as well as numerous depositions of other Bard corporate witnesses, including several Rule 30(b)(6) depositions. Docs. 3685, 4311. CMO 9 governed the production of ESI and hard-copy documents. Doc. 1259.

Discovery in the MDL was separated into multiple phases.  The parties completed the first phase of MDL discovery in early 2016.  Doc. 519.  First-phase MDL discovery included production of documents related to an FDA inspection and warning letter to Bard, an updated production of complaint and adverse event files, and an updated version of Bard's complaint database relating to IVC filters.  Doc. 249.  Plaintiffs also conducted a Rule 30(b)(6) deposition concerning the FDA inspection and warning letter, and a deposition of corporate witness Kay Fuller.

The parties completed the second phase of MDL fact discovery in February 2017.  CMO 8 set deadlines for the second phase, which included all common fact and expert issues in the MDL, but not case-specific issues to be resolved after remand or transfer.    Docs. 249, 519.    Second-phase discovery included extensive additional discovery related to Bard's system architecture for ESI, Bard's ESI collection efforts, ESI relating to Bard's IVC filters, and Bard's national and regional sales and marketing practices.    Plaintiffs also deposed two corporate witnesses in connection with Kay Fuller's allegations that a submission to the FDA regarding the Recovery filter did not bear her original signature. Doc. 1319 (CMO 10).  Plaintiffs deposed additional corporate witnesses concerning the FDA inspections and warning letter.  *Id.*

Bard also produced discovery regarding the sales and marketing materials related to the SNF, documents comparing filter performance and failure rates to the SNF, and internal and regulatory communications relating to the SNF.  Docs. 1319, 10489.  The Court denied Plaintiffs' request to obtain ESI discovery from Bard's overseas operations. Doc. 3398.  The Court denied Defendants' request to discover communications between Plaintiffs' counsel and NBC news related to stories about the products at issue in this litigation, and third-party financing that may be in place with respect to MDL Plaintiffs. Docs. 3313, 3314.    Plaintiffs were required to produce communications between Plaintiffs and the FDA related to the FDA warning letter, but the Court denied Defendants' request to depose Plaintiffs' counsel regarding these communications.

- 10 -

Docs. 3312, 4339. Defendants also produced punitive damages discovery, and Plaintiffs conducted a Rule 30(b)(6) deposition related to Bard's net worth.

All common fact discovery in these cases has now been completed except for preservation depositions for certain witnesses who will not be traveling to testify live at the trials of remanded and transferred cases. The parties are engaged in the meet and confer process as to these depositions and shall complete them by September 1, 2019. *See* Doc. 16343 (CMO 43). Thus, courts receiving these cases need not be concerned with facilitating general fact discovery on remand or transfer.

## 2. Case-Specific Discovery.

CMO 5 governed initial case-specific discovery and required the parties to exchange abbreviated profile forms. Doc. 365 (as amended by Doc. 927). Plaintiffs were required to provide Defendants with a Plaintiff profile form ("PPF") that described their individual conditions and claims. *Id.* at 5-9. Upon receipt of a substantially complete PPF, Defendants were required to provide the individual plaintiff with a Defendants' profile form ("DPF") that disclosed information and documents concerning Defendants' contacts and relationship with the plaintiff's physicians, tracking and reporting of the plaintiff's claims, and certain manufacturing related information for the plaintiff's filter. *Id.* at 12-14. Completed profile forms were considered interrogatory answers under Rule 33 or responses to requests for production under Rule 34, and were governed by the standards applicable to written discovery under Rules 26 through 37. *Id.* at 2-3. CMO 5 also set deadlines and procedures for resolving any purported deficiencies with the parties' profile forms, and for dismissal of cases that did not provide substantially completed profile forms. *Id.* at 2.[4]

Further discovery was conducted in a group of forty-eight cases ("Group 1") selected for consideration in the bellwether trial process from the pool of cases filed and

---

[4] The Court has dismissed certain cases where Plaintiffs failed to provide a PPF. Doc. 19874.

- 11 -

properly served on Defendants in the MDL as of April 1, 2016 ("Initial Plaintiff Pool"). Docs. 1662, 3214, 4311 (CMOs 11, 15, 19). Plaintiffs in Group 1 were required to provide Defendants with a Plaintiff fact sheet ("PFS") that described their individual conditions and claims in greater detail, and provided detailed disclosures concerning their individual background, medical history, insurance, fact witnesses, prior claims, and relevant documents and records authorizations. Docs. 1153-1, 1662 at 3.

Upon receipt of a PFS, Defendants were required to provide the individual plaintiff with a Defendants fact sheet ("DFS") that disclosed in greater detail information concerning Defendants' contacts and relationship with the plaintiff, plaintiff's physicians, or anyone on behalf of the plaintiff, Defendants' tracking and reporting of the plaintiff's claims, sales and marketing information for the implanting facility, manufacturing information for the plaintiff's filter, and other relevant documents. Docs. 1153-2, 1662 at 3. Completed fact sheets were considered interrogatory answers under Rule 33 or responses to requests for production under Rule 34, and were governed by the standards applicable to written discovery under Rules 26 through 37. Doc. 1662 at 3. CMO 11 set deadlines and procedures for resolving any purported deficiencies with the parties' fact sheets. *Id.* at 2, 4-5. CMO 12 governed records discovery for Group 1. Doc. 1663. The parties agreed to use The Marker Group to collect medical, insurance, Medicare, Medicaid, prescription, Social Security, workers' compensation, and employment records for individual plaintiffs from third-parties designated as custodians for such records in the PFS. *Id.* at 1.

From Group 1, twelve cases were selected for further consideration as bellwether cases ("Discovery Group 1"). Docs. 1662, 3685, 4311 (CMOs 11, 18, 19). CMO 20 set deadlines for preliminary case-specific discovery in that group. Doc. 4335. Pursuant to the protocols set in CMOs 14 and 21, the parties were permitted to depose Plaintiffs, a spouse or significant family member of Plaintiffs, the implanting physician, an additional treating physician, and either a Bard sales representative or supervisor. Docs. 2239, 4866 at 1-2. From Discovery Group 1, six Plaintiffs were selected for potential bellwether

trials and further case-specific discovery ("Bellwether Group 1"). Docs. 1662, 3685, 4311, 5770, 11659 (CMOs 11, 18, 19, 23, and 34).

Except for the forty-eight cases in Group 1, the parties did not conduct case-specific fact discovery for the cases listed on Schedules A and B during the MDL proceedings, other than exchanging abbreviated profile forms. The Court has concluded that any additional case-specific discovery in these cases should await their remand or transfer.

### 3. Expert Discovery.

CMO 8 governed expert disclosures and discovery. Doc. 519. The parties designated general experts in all MDL cases and case-specific experts in individual bellwether cases. General expert discovery closed July 14, 2017. Doc. 3685 (CMO 18). The parties did not conduct case-specific expert discovery for the cases listed on Schedules A and B during the MDL proceedings. The Court has concluded that case-specific expert discovery in these cases should await their remand or transfer.

### 4. Privileged Materials.

CMO 2 required Defendants to produce privilege logs in compliance with the Federal Rules of Civil Procedure. Doc. 249. The parties were then required to engage in an informal privilege log meet and confer process to resolve any privilege disputes. Defendants produced several privilege logs identifying documents withheld pursuant to the attorney-client privilege, the work-product doctrine, and other privileges. The parties regularly met and conferred regarding the privilege logs and engaged in negotiations regarding certain entries identified by Plaintiffs. As part of that meet and confer process, Defendants provided Plaintiffs with a small number of these identified items for inspection and, in some cases, withdrew certain claims of attorney-client privilege and produced the previously withheld items.

CMO 3 governed the non-waiver of any privilege or work-product protection in this MDL, pursuant to Federal Rule of Evidence 502(d), by Defendants' disclosure or

- 13 -

production of documents on its privilege logs as part of the meet and confer process. Doc. 314.

In late 2015, Plaintiffs challenged a substantial number of documents on Defendants' privilege log. The parties engaged in an extensive meet and confer process, and Defendants produced certain documents pursuant to the Rule 502(d) order. *See id.* Plaintiffs moved to compel production of 133 disputed documents. The Court granted the motion in part. Doc. 2813. The parties identified several categories of disputed documents and provided sample documents for in camera review. The Court denied Plaintiffs' motion with respect to seven of eight categories of documents and found only one of the sample documents in one of the categories to contain unprivileged portions that should be produced. The Court found all other documents protected by the attorney-client privilege or work product doctrine. The Court directed the parties to use this ruling as a guide to resolve remaining privilege disputes.

Since this ruling, there have been no further challenges to Defendants' privilege logs. Defendants continued to provide updated privilege logs throughout the discovery process, and the parties met and conferred to resolve privilege disputes. Privilege issues should not be a concern for courts that receive these cases.

### 5. Protective Order and Confidentiality.

A stipulated protective order governing the designation, handling, use, and disclosure of confidential discovery materials was entered in November 2015. Doc. 269. CMO 7, entered January 5, 2016, governed redactions of material from additional adverse event reports, complaint files, and related documents in accordance with the Health Insurance Portability Act of 1996 ("HIPAA") and under 21 C.F.R. § 20.63(f). Doc. 401.

In September 2016, to expedite production of ESI, the parties agreed to a primarily "no-eyes-on" document production as to relevancy while still performing a privilege review for this expedited ESI document production. CMO 17 (Doc. 3372) modified the protections and requirements in the stipulated protective order (Doc. 269) and CMO 7

(Doc. 401) for ESI produced pursuant to this process. CMO 17 was amended in November 2016. Doc. 4015.

Defendants filed a motion to seal certain trial exhibits at the conclusion of the first bellwether trial. Doc. 11010. The Court denied this motion and Defendants' subsequent motion for reconsideration. Docs. 11642, 11766, 12069. Defendants also filed a motion to enforce the protective order for the second and third bellwether trials collectively. Doc. 13126. This motion was denied. Doc. 14446. A list of exhibits admitted at the bellwether trials (excluding case-specific medical records) and documents deemed no longer subject to the protective order are attached as Exhibit 2.

### G. Bellwether Cases and Trials.

Six Plaintiffs were selected for bellwether trials. Docs. 5770, 11659 (CMOs 23, 34). The Court held three bellwether trials: *Booker v. C. R. Bard, Inc.*, No. CV-16-00474, *Jones v. C. R. Bard, Inc.*, No. CV-16-00782, and *Hyde v. C. R. Bard, Inc.*, No. CV-16-00893. The Court granted summary judgment in one of the six bellwether cases, *Kruse v. C. R. Bard, Inc.*, No. CV-15-01634, and removed another from the bellwether trial schedule at the request of Plaintiffs, *Mulkey v. C. R. Bard, Inc.*, No. CV-16-00853. Docs. 12202, 13329. The final bellwether case, *Tinlin v. C. R. Bard, Inc.*, No. CV-16-00263, settled shortly before trial in May 2019. The Court determined that further bellwether trials were not necessary. Docs. 12853, 13329 (CMOs 38, 40).

### 1. *Booker*, No. CV-16-00474.

The first bellwether trial concerned Plaintiff Sherr-Una Booker and involved a Bard G2 filter. The filter had tilted, migrated, and fractured. Plaintiff required open heart surgery to remove the fractured limbs and repair heart damage caused by a percutaneous removal attempt. Plaintiff withdrew her breach of warranty claims before Defendants moved for summary judgment. The Court granted Defendants' motion for summary judgment on the claims for manufacturing defects, failure to recall, misrepresentation, negligence per se, and breach of warranty. Docs. 8873, 8874. The

- 15 -

remaining claims for failure to warn, design defect, and punitive damages were tried to a jury over a three-week period in March 2018.

The jury found for Plaintiff Booker on her negligent failure-to-warn claim, and in favor of Defendants on the design defect and strict liability failure-to-warn claims. Doc. 10595. The jury returned a verdict of $2 million in compensatory damages (of which $1.6 million was attributed to Defendants after apportionment of fault) and $2 million in punitive damages. *Id.*; Doc. 10596. The Court denied Defendants' motions for judgment as a matter of law and a new-trial. Docs. 10879, 11598. Defendants have appealed. Docs. 11934, 11953. Plaintiff filed and later dismissed with prejudice a cross-appeal. Docs. 12070, 17916.

### 2. *Jones,* No. CV-16-00782.

The second bellwether trial concerned Plaintiff Doris Jones and involved a Bard Eclipse filter. Plaintiffs withdrew the manufacturing defect, failure to recall, and breach of warranty claims. The Court granted summary judgment on the misrepresentation, negligence per se, and unfair trade practices claims. Doc. 10404. The remaining claims for failure to warn, design defect, and punitive damages were tried to a jury over a three-week period in May 2018. The jury returned a defense verdict. Doc. 11350. Plaintiff filed a motion to contact the jurors, which was denied. Docs. 11663, 12068. Plaintiff's appeal of the court's rulings excluding cephalad migration death evidence is pending. Docs. 12057, 12071.

### 3. *Kruse*, No. CV-15-01634.

Plaintiff Carol Kruse's case was set for trial in September 2018. The Court granted Defendants' summary judgment motion on statute of limitations grounds. Doc. 12202.

### 4. *Hyde*, No. CV-16-00893.

The third bellwether trial concerned Plaintiff Lisa Hyde and involved either a Bard G2X or Eclipse filter (the exact model was in dispute). Ms. Hyde's case was moved to the September 2018 bellwether slot in lieu of Ms. Kruse's case. Doc. 11867. Plaintiffs

- 16 -

withdrew their claims for manufacturing defect and breach of express warranty. The Court granted summary judgment on the claims for breach of implied warranty, failure to warn, failure to recall, misrepresentation, concealment, and fraud. Doc. 12007. The Court also entered judgment in favor of Defendants on the negligence per se claim after concluding that it was impliedly preempted under 21 U.S.C. § 337(a). Doc. 12589. The remaining claims for design defect, loss of consortium, and punitive damages were tried to a jury over three weeks in September 2018. After the close of Plaintiffs' evidence, the Court granted in part Defendants' motion for judgment as a matter of law with respect to future damages for any cardiac arrhythmia Ms. Hyde may experience, but denied as to the remaining claims. Doc. 12805. The jury returned a defense verdict. Doc. 12891. Plaintiff appealed. Docs. 13465, 13480.

### 5. *Mulkey*, No. CV-16-00853.

Plaintiff Debra Mulkey's case involved an Eclipse filter and was set for trial in February 2019. Before trial, Plaintiffs asked the Court to remove the Mulkey case from the bellwether trial schedule because it was similar to the Jones and Hyde cases and would not provide meaningful information to the parties. Doc. 12990. The Court granted the motion. Doc. 13329.

### 6. *Tinlin*, No. CV-16-00263.

The final bellwether trial concerned Plaintiff Debra Tinlin and involved a Bard Recovery filter. Plaintiffs withdrew their claims for manufacturing defect, failure to recall, negligence per se, and breach of warranty. The Court granted summary judgment on the misrepresentation and deceptive trade practices claims. Doc. 17008. The remaining claims for failure to warn, design defect, concealment, loss of consortium, and punitive damages were scheduled for trial in May 2019, but the case settled.

### H. Key Legal and Evidentiary Rulings.

The Court has made many rulings in this MDL that could affect the remanded and transferred cases. The Court provides the following summary of key legal and evidentiary rulings to assist the courts that receive these cases.

Case 1:19-cv-00917-CCE-JEP    Document 3    Filed 08/20/19    Page 17 of 95

### 1. Medical Monitoring Class Action Ruling.

In May 2016, Plaintiffs' counsel filed a medical monitoring class action that was consolidated with the MDL. *See Barraza v. C. R. Bard, Inc.*, No. CV-16-01374. The *Barraza* Plaintiffs moved for class certification for medical monitoring relief on behalf of themselves and classes of individuals who have been implanted with a Bard IVC filter, have not had that filter removed, and have not filed a claim or lawsuit for personal injury related to the filter. *Id.*, Doc. 54. The Court declined to certify the class. *Id.*, Doc. 95.

The class certification motion recognized that only 16 states permit claims for medical monitoring. The Court concluded that the classes could not be certified under Rule 23(b)(3) because individual issues would predominate. *Id.* at 20-21. The Court further concluded that the class could not be certified under Rule 23(b)(2) because the medical monitoring relief primarily constituted monetary rather than injunctive relief, and the class claims were not sufficiently cohesive to permit binding class-wide relief. *Id.* at 21-32. Finally, the Court concluded that typicality under Rule 23(a)(3) had not been established. *Id.* at 32-34. The *Barazza* Plaintiffs dismissed their claims without prejudice. Docs. 106, 107. No appeal has been filed.

### 2. Federal Preemption Ruling.

Defendants moved for summary judgment on the grounds that Plaintiffs' state law claims are expressly preempted by the Medical Device Amendments of 1976 ("MDA"), 21 U.S.C. § 360 et seq., and impliedly preempted by the MDA under the Supreme Court's conflict preemption principles. Doc. 5396. The Court denied the motion. Doc. 8872. Defendants have appealed this ruling. Docs. 11934, 11953.

The MDA curtails state regulation of medical devices through a provision that preempts state requirements that differ from or add to federal requirements. 21 U.S.C. § 360k. The Bard IVC filters at issue in this litigation were cleared for market by the FDA through section "510k" review, which focuses primarily on equivalence rather than safety and effectiveness. *See* § 360c(f)(1)(A).

The Supreme Court in *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996), held that § 360k does not preempt state law claims directed at medical devices cleared through the 510(k) process because substantial equivalence review places no federal requirements on a device. *Id.* at 492-94. *Lohr* also noted that the "510(k) process is focused on *equivalence*, not safety." *Id.* at 493 (emphasis in original). Although the Safe Medical Devices Act of 1990 ("SMDA"), Pub. L. 101-629, injected safety and effectiveness considerations into 510(k) review, it did so only comparatively. The Court found that *Lohr* remains good law and that clearance of a product under 510(k) generally does not preempt state common law claims. Doc. 8872 at 12-14.

The Court further found that Defendants failed to show that the 510(k) reviews for Bard IVC filters imposed device-specific requirements as needed for preemption under § 360k. *Id.* at 14-20. Even if device-specific federal requirements could be ascertained, Defendants made no showing that any particular state law claim is expressly preempted by federal requirements. *Id.* at 21-22.

The Court concluded that Plaintiffs' state law claims are not impliedly preempted because Defendants failed to show that it is impossible to do under federal law what the state laws require. *Id.* at 22-24. Defendants are pursuing their preemption arguments in the Booker appeal.

### 3. The Lehmann Report Privilege and Work Product Rulings.

The Court granted Defendants' motion for a protective order to prevent Plaintiffs from using a December 15, 2004 report of Dr. John Lehmann. Doc. 699. Dr. Lehmann provided various consulting services to Bard at different times. Following Bard's receipt of potential product liability claims involving the Recovery filter, Bard's legal department retained Dr. Lehmann in November 2004 to provide an assessment of the risks associated with the Recovery filter and the extent of Bard's legal exposure. Dr. Lehmann prepared a written report of his findings at the request of the legal department and in anticipation of litigation. The Court found the report to be protected from disclosure by the work product doctrine. *Id.* at 4-12. The Court further found that

Plaintiffs had not shown a substantial need for the report or undue hardship if the report was not disclosed. *Id.* at 13-15. The Court agreed with the parties that this ruling does not alter any prior rulings by transferor judges in specific cases. *Id.* at 22.

### 4. *Daubert* Rulings.

The Court has ruled on the parties' *Daubert* motions and refers the transferor courts to the following orders:

| *Daubert* Order | Doc. Nos. |
|---|---|
| Plaintiffs' Expert Dr. Thomas Kinney | 9428, 10323 |
| Plaintiffs' Experts Drs. Scott Resnick, Robert Vogelzang, Kush Desai, and Robert Lewandowski | 9432 |
| Plaintiffs' Experts Drs. David Kessler and Suzanne Parisian | 9433 |
| Plaintiffs' Experts Drs. Thomas Kinney, Anne Christine Roberts, and Sanjeeva Kalva | 9434 |
| Plaintiffs' Expert Dr. Mark Eisenberg | 9770 |
| Plaintiffs' Expert Dr. Derek Muehrcke | 9771 |
| Plaintiffs' Expert Dr. Darren Hurst | 9772 |
| Plaintiffs' Expert Dr. Rebecca Betensky | 9773 |
| Defendants' Expert Dr. Clement Grassi | 9991, 10230 |
| Plaintiffs' Expert Dr. Robert McMeeking | 10051, 16992 |
| Plaintiffs' Expert Dr. Robert Ritchie | 10052 |

- 20 -

| Plaintiffs' Experts Drs. David Garcia and Michael Streiff | 10072 |
|---|---|
| Defendants' Expert Dr. Christopher Morris | 10230, 10231, 17285 |

### 5. Motion in Limine Rulings.

#### a. FDA Evidence (*Cisson* Motion).

In the Booker bellwether trial, Plaintiffs sought to exclude, under Federal Rules of Evidence 402 and 403, evidence of the FDA's 510(k) clearance of Bard IVC filters and the lack of FDA enforcement action against Bard.  Doc. 9529.  The Court denied the motion. Docs. 9881, 10323.

The Court found that under Georgia law, which applied in both the Booker and Jones bellwether cases, compliance with federal regulations may not render a manufacturer's design choice immune from liability, but evidence of Bard's compliance with the 510(k) process was nonetheless relevant to the design defect and punitive damages claims.  Doc. 9881 at 3-4.  The Court acknowledged concerns that FDA evidence might mislead the jury or result in a mini-trial.  *Id.* at 5-6 (citing *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig. (Cisson)*, No. 2:10-CV-01224, 2013 WL 3282926, at *2 (S.D.W. Va. June 27, 2013)).  But the Court concluded that such concerns could adequately be addressed by efficient management of the evidence and adherence to the Court's time limits for trial, and, if necessary, by a limiting instruction regarding the nature of the 510(k) process.  *Id.* at 6-7.[5]

The Court noted that the absence of any evidence regarding the 510(k) process would run the risk of confusing the jury, as many of the relevant events in this litigation occurred in the context of the FDA's 510(k) review and are best understood in that

---

[5] The Court did not find a limiting instruction necessary at the close of either the Booker or Jones trials.  *See* Doc. 10694 at 9.

context. Doc. 9881 at 7. Nor was the Court convinced that all FDA references could adequately be removed from the evidence. *Id.*

The Court further concluded that it would not exclude evidence and arguments by Defendants that the FDA took no enforcement action against Bard with respect to the G2 or Eclipse filters, or evidence regarding information Bard provided to the FDA in connection with the 510(k) process. Docs. 10323 at 2-3 (Booker), 11011 at 4-5 (Jones). The Court found that the evidence was relevant to the negligent design and punitive damages claims under Georgia law. *Id.* The Court determined at trial that it had no basis to conclude that the FDA's lack of enforcement was intended by the FDA as an assertion, and therefore declined to exclude the evidence as hearsay. Doc. 10568 at 87.

### b. FDA Warning Letter.

Defendants moved to exclude evidence of the July 13, 2015 FDA warning letter issued to Bard. Doc. 9864 at 2-3. The Court granted the motion in part, excluding as irrelevant topics 1, 2, 4(a), 4(b), 5, 6, 7, and 8 of the warning letter. Docs. 10258 at 6-8 (Booker), 10805 at 1 (Jones), 12736 (Hyde), 17401 at 10 (Tinlin). Topics 1 and 2 concern the Recovery Cone retrieval system; Topic 4(a) concerns the filter cleaning process; and Topics 4(b), 5, 6, 7, and 8 concern the Denali Filter. The Court concluded that none of these topics was relevant to the issues in the bellwether cases involving a G2 filter (Booker), an Eclipse filter (Jones), either a G2X or Eclipse filter (Hyde), and a Recovery filter (Tinlin). *Id.*

The Court deferred ruling on the relevance of topic 3 until trial in all bellwether cases. The Court found that topic 3, concerning Bard's complaint handling and reporting of adverse events with respect to the G2 and Eclipse filters, as well as the adequacy of Bard's evaluation of the root cause of the violations, was relevant to rebut the implication at trial that the FDA took no action with respect to Bard IVC filters. *See* Doc. 10693 at 13-15; Doc. 11256. The Court concluded that the warning letter was admissible under Federal Rule of Evidence 803(8), and was not barred as hearsay. Doc. 10258 at 7. The Court further concluded that the probative value of topic 3 was not substantially

outweighed by the danger of unfair prejudice to Bard under Rule 403. *Id.* The Court admitted the warning letter in redacted form during the three bellwether trials. *See* Docs. 10565, 11256, 12736. The Court noted that topic 3 included reference to the G2, the filter at issue in Booker, and reached similar conclusions in Jones and Hyde. Doc. 17401 at 11. The parties disputed the relevance of topic 3 in Tinlin because it did not include reference to the Recovery, the filter at issue in Tinlin. *Id.* The Court did not decide this issue because the Tinlin case settled.

### c. Recovery Cephalad Migration Death Evidence.

Defendants moved to exclude evidence of cephalad migration (i.e., migration of the filter toward the patient's heart) by a Recovery filter resulting in patient death. The Court denied the motion for the Booker bellwether trial, which involved a G2 filter. Docs. 10258 at 4-5, 10323 at 4. Defendants have appealed this ruling. Docs. 11934, 11953.

The Court granted the motion for the Jones bellwether trial, which involved an Eclipse filter, and denied Plaintiff's requests for reconsideration of the ruling before and during the trial. *See* Docs. 10819, 10920, 11041, 11113, 11256, 11302; *see also* Doc. 11409 at 94-96. Plaintiff Jones has appealed those rulings. Docs. 12057, 12071.

The Court granted the motion for the Hyde bellwether trial, which involved either a G2X or Eclipse filter. Doc. 12533 at 6-7. Plaintiff Hyde has appealed this ruling. Docs. 13465, 13480.

The Court denied Defendants' motion for the Tinlin bellwether trial, which involved a Recovery filter. Doc. 17401 at 7-10. The Tinlin case settled before trial.

The Court concluded for purposes of the Booker bellwether trial that evidence of cephalad migrations by a Recovery filter resulting in patient death was necessary for the jury to understand the issues that prompted creation and design of the next-generation G2 filter, and thus was relevant to Plaintiff's design defect claims. Doc. 10323 at 4. In addition, because the Recovery filter was the predicate device for the G2 filter in Defendants' 510(k) submission to the FDA, and Defendants asserted to the FDA that the

- 23 -

G2 was as safe and effective as the Recovery, the Court concluded that the safety and effectiveness of the Recovery filter was at issue. *Id.* The Court was concerned, however, that too heavy an emphasis on deaths caused by cephalad migration of the Recovery filter – a kind of migration which did not occur in the G2 filter generally or the Booker case specifically – would result in unfair prejudice to Defendants that substantially outweighed the probative value of the evidence. *Id.* Defendants did not object during trial that Plaintiffs were over-emphasizing the death evidence.

The Court initially concluded for purposes of the Jones bellwether trial, which involved an Eclipse filter, that evidence of cephalad migration deaths by the Recovery filter was inadmissible because it was only marginally relevant to Plaintiff's claims and its marginal relevancy was substantially outweighed by the risk of unfair prejudice. *See* Docs. 10819, 10920, 11041, 11113, 11256, 11302. This is because cephalad migration did not continue in any significant degree beyond the Recovery; cephalad migration deaths all occurred before the Recovery was taken off the market in late 2005; Ms. Jones did not receive her Eclipse filter until 2010; the Recovery-related deaths said nothing about three of Ms. Jones' four claims (strict liability design defect and the failure to warn claims); and instances of cephalad migration deaths were not substantially similar to complications experienced by Ms. Jones and therefore did not meet the Georgia standard for evidence on punitive damages. Docs. 10819, 11041.

The Court also found that deaths caused by a non-predicate device (the Recovery was not the predicate device for the Eclipse in Defendants' 510(k) submission), and by a form of migration that was eliminated years earlier, were of sufficiently limited probative value that their relevancy was substantially outweighed by the danger of unfair prejudice because the death evidence may prompt a jury decision based on emotion. *Id.* The Court further concluded that Plaintiff Jones would not be seriously hampered in her ability to prove Recovery filter complications, testing, and design when references to cephalad migration deaths are removed. Doc. 11041. As a result, the Court held that such references should be redacted from evidence presented during the Jones trial.

The Court balanced this concern with the competing concern that it would be unfair for Defendants to present statistics about the Recovery filter and not allow Plaintiffs to present competing evidence that included Recovery deaths. *See, e.g.*, Doc. 11391 at 12. Based on this concern, Plaintiffs argued at various points during the trial that Defendants had opened the door to presenting evidence about Recovery cephalad migration deaths. The Court repeatedly made fact-specific determinations on this point, holding that even though Defendants presented some evidence that made the Recovery evidence more relevant, the danger of unfair prejudice continued to substantially outweigh the probative value of the cephalad migration death evidence. *See* Docs. 11113, 11302; *see also* Doc. 11409 at 94-96.

The Court concluded for purposes of the Hyde bellwether trial, which involved either a G2X or Eclipse filter, that evidence of Recovery filter cephalad migration deaths should be excluded under Rule 403 for the reasons identified in the Jones bellwether trial. Doc. 12533 at 6-7. The Court concluded that this evidence had marginal relevance to Plaintiff's claims because Ms. Hyde received either a G2X or Eclipse filter, two or three generations after the Recovery filter; Ms. Hyde did not receive her filter until 2011, more than five years after cephalad migration deaths stopped when the Recovery was taken off the market; the deaths did not show that G2X or Eclipse filters – which did not cause cephalad migration deaths – had design defects when they left Defendants' control; nor did the cephalad migration deaths, which were eliminated by design changes in the G2, shed light on Defendants' state of mind when designing and marketing the G2X and Eclipse filters. *Id.* at 7.

The Court concluded for purposes of the Tinlin bellwether trial, which involved a Recovery filter, that Recovery deaths and Defendants' knowledge of those deaths were relevant to Plaintiffs' design defect claim under Wisconsin law because they went directly to the Recovery's foreseeable risks of harm and whether it was unreasonably dangerous. Doc. 17401 at 7-8. The Court also concluded that the Recovery death evidence was relevant to Plaintiffs' failure to warn and concealment claims because it

- 25 -

was probative on the causation issue – that is, whether her treating physician would have selected a different filter for Ms. Tinlin had he been warned about the Recovery's true risks, as Plaintiffs describe them. *Id.* at 8. In addition, because this evidence would be used to impeach expert testimony from Defendants that the Recovery filter was safe and effective, the Court concluded that substantial similarity was not required. *Id.* at 8-9. The Court further concluded that the death evidence was relevant to Bard's state of mind and to show the reprehensibility of its conduct for purposes of punitive damages. *Id.* at 9-10. The Court reached a different conclusion in Jones and Hyde because cephalad migration deaths stopped when the Recovery was taken off the market in 2005, and the deaths shed little light on Defendants' state of mind when marketing different, improved filters years later. *Id.* at 9 n.4. As noted, the Tinlin case settled before trial.

### d. SNF Evidence.

Plaintiffs sought to exclude evidence of complications associated with the SNF, claiming that they were barred from conducting relevant discovery into the design and testing of the SNF under CMO 10. Doc. 10487; *see* Doc. 1319. The Court denied Plaintiffs' request. Doc. 10489. The Court did not agree that Plaintiffs were foreclosed from obtaining relevant evidence for rebuttal. The Court foreclosed this discovery because Plaintiffs did not contend that the SNF was defective. *Id.* at 2. Plaintiffs also had rebuttal evidence showing that reported failure rates for SNF were lower than Recovery and G2 failure rates. *Id.* The Court ultimately concluded it would not preclude Defendants from presenting its SNF evidence on the basis of a discovery ruling and permitted Plaintiffs to make appropriate evidentiary objections at trial. *Id.* at 3.

### e. Use of Testimony of Withdrawn Experts.

Defendants sought to preclude Plaintiffs' use at trial of the depositions of three defense experts, Drs. Moritz, Rogers, and Stein, who originally were retained by Bard but were later withdrawn in some or all cases. Doc. 10255 at 2. The Court denied the request in part. Doc. 10382. The Court found that Defendants failed to show that the depositions of these experts were inadmissible on hearsay grounds, but agreed that it

- 26 -

would be unfairly prejudicial under Rule 403 to disclose to the jury that the experts originally were retained by Bard. *Id.* at 2-3. The Court therefore concluded that Plaintiffs could use portions of the experts' depositions that support Plaintiffs' claims, but could not disclose to the jury that the experts originally were retained by Bard. *Id.* at 3. The Court was concerned about the presentation of cumulative evidence, and therefore required Plaintiffs to show that no other expert of similar qualifications was available or that the unavailable expert had some unique testimony to contribute, before the deposition of any withdrawn expert could be used at trial. *Id.* at 3-4.

### f. Other Motion in Limine Rulings.

Other motion in limine ("MIL") rulings may be useful in other jurisdictions. *See* Docs. 10075, 10235, 10258, 10947. The Court refers the receiving courts to the following motions and orders to assist in preparing for trial:[6]

- **Parties' Joint Stipulation on MILs in Booker:** The Court, on stipulation of the parties, excluded evidence concerning several case-specific issues in the Booker bellwether trial, as well as a few general issues, including: Bard's 1994 criminal conviction; other lawsuits or claims against Bard; advertising by Plaintiff's counsel; Plaintiff's counsel specializing in personal injury or products liability litigation; contingency fee agreements; and advertising by any counsel nationally for IVC filter cases. Doc. 10235.

- **Defendants MIL 1 in Booker:** The Court permitted evidence and testimony concerning Recovery complications. Doc. 10258 at 1-5; *see* Doc. 10819 (Jones). As noted above, the Court permitted evidence and testimony concerning Recovery filter cephalad migration deaths in the Booker bellwether trial involving a G2 filter (Doc. 10323 at 4), but excluded such evidence in the trials involving a G2X or Eclipse filter (Docs. 10819, 10920, 11041).

- **Defendants' MIL 2 in Booker:** The Court permitted evidence and testimony relating to the development of the Recovery filter. Doc. 10258 at 5-6; *see* Doc. 10819 at 2-3 (Jones).

---

[6] The Court also ruled on the parties' MILs concerning several case-specific issues. *See* Docs. 10075 (Plaintiff's MIL 12 in Booker), 10258 (Plaintiff's MILs 6 and 13 in Booker), 10947 (Defendants' MIL 1 and Plaintiff's MILs 1-4 and 7 in Jones), 12533 (Plaintiff's MIL 3 in Hyde), 17285 (Plaintiff's MIL 1 in Tinlin), 17401 (Plaintiff's MILs 2, 3, and 6 in Tinlin).

Case 1:19-cv-00917-CCE-JEP   Document 3   Filed 08/20/19   Page 27 of 95

- **Defendants' MIL 4 in Booker:** The Court excluded evidence and testimony concerning a photograph of Bard employee Michael Randall making an offensive gesture to a camera. Doc. 10075 at 1-2.

- **Defendants' MIL 5 in Booker:** The Court permitted Plaintiff's expert Dr. Thomas Kinney to be called as a fact witness, but prohibited him from testifying regarding his prior work for Bard as an expert witness in two prior IVC filter cases or as a paid consultant to Bard. Docs. 10075 at 2-3, 10323 at 4.

- **Plaintiff's MIL 2 in Booker:** The Court reserved ruling until trial on evidence and testimony regarding the nature of Bard's business, including the nature, quality, and usefulness of its products, the conscientiousness of its employees, and references to its mission statement. Doc. 10075 at 3-4.

- **Plaintiff's MIL 3 in Booker:** The Court permitted evidence and testimony concerning the benefits of IVC filters, including testimony describing Bard filters as "lifesaving" devices. Doc. 10258 at 8.

- **Plaintiff's MIL 4 in Booker:** The Court permitted evidence and testimony that IVC filters, including Bard's filters, are within the standard of care for the medical treatment of pulmonary embolism. Doc. 10258 at 8-9. Defendants agreed to not characterize IVC filters as the "gold standard" for the treatment of pulmonary embolisms. *Id.* at 8.

- **Plaintiff's MIL 5 in Booker:** The Court denied as moot the motion to exclude evidence and argument relating to failure rates, complication rates, percentages, or comparative analysis of any injuries that were not produced to Plaintiffs during discovery, as all such information was produced. Doc. 10075 at 4.

- **Plaintiff's MIL 7 in Booker:** The Court excluded evidence and argument relating to prior judicial opinions about Plaintiffs' experts, including the number of times their testimony has been precluded in other cases. *Id.*

- **Plaintiff's MIL 8 in Booker:** The Court excluded evidence and argument that a verdict against Defendants will have an adverse impact on the medical community, future medical device research or costs, and the availability of medical care. *Id.* at 4-5.

- **Plaintiff's MIL 9 in Booker:** The Court deferred ruling on the relevance of statements or lack of statements from medical societies, including the Society of Interventional Radiologists ("SIR"), until trial. Doc. 10258 at 14-18. The Court ultimately admitted this evidence in both the Booker and Jones bellwether trials.

- **Plaintiff's MIL 10 in Booker:** The Court excluded evidence and testimony that Bard needed FDA consent to add warnings to its labels, send warning letters to physicians and patients, or recall its filters. *Id.* at 18-19. The Court permitted evidence and argument explaining the reasons why Bard filters were not recalled, FDA's potential involvement in any recall effort, and the fact that warnings about failure rates and increased risks could not be based on MDR and MAUDE data alone. *Id.*

- 28 -

- **Plaintiff's MIL 11 in Booker:** The Court permitted evidence and argument relating to the informed consent form signed by Plaintiff prior to insertion of the IVC filter, even though the form is not specific to IVC filters or Bard filters. Doc. 10075 at 5-6.

- **Plaintiff's MIL 14 in Booker:** The Court reserved ruling until trial on evidence and argument relating to background information and personal traits of Bard employees and witnesses. *Id.* at 7.

- **Plaintiff's MIL 6 in Jones:** The Court permitted evidence and testimony concerning whether a party's expert had been retained by the same attorneys in other litigation. Doc. 10947 at 8-9.

- **Plaintiff's MIL 5 in Jones:** The Court excluded evidence and testimony that Bard employees or their relatives have received Bard IVC filter implants. *Id.* at 9-10.

- **Defendants' MIL 2 in Jones:** The Court excluded evidence and testimony of other lawsuits against Bard. *Id.* at 11.

- **Plaintiff's MILs 4 and 5 in Hyde:** The Court permitted evidence and testimony concerning Bard's Instructions for Use ("IFU") and SIR Guidelines. Doc. 12507.

- **Plaintiff's MIL 2 in Hyde:** The Court permitted evidence and testimony concerning "The Surgeon General's Call to Action to Prevent Deep Vein Thrombosis and Pulmonary Embolism." Doc. 12533 at 4-6.

- **Defendants' MIL 3 in Hyde:** The Court permitted evidence and testimony that Bard's SNF is a reasonable alternative design. *Id.* at 7.

- **Defendants' MIL 4 in Hyde:** The Court excluded testimony from Dr. Muehrcke about his personal feelings of betrayal and his moral and ethical issues with Bard's conduct. *Id.* at 7-8.

- **Defendants' MIL 6 in Hyde:** The Court permitted evidence and testimony regarding informed consent. *Id.* at 8-9.

- **Plaintiff's MIL 4 in Tinlin:** The Court reserved ruling until trial on evidence and argument relating to a chart created by Defendants from their internal TrackWise database regarding reporting rates of IVC filter complications. Doc. 17401 at 5.

- **Plaintiff's MIL 5 in Tinlin:** The Court permitted evidence and testimony concerning a chart comparing the sales of the permanent SNF with those of retrievable filters between 2002 and 2016. *Id.* at 5-6.

- **Defendants' MIL 3 in Tinlin:** The Court permitted evidence and testimony concerning the Recovery Filter Crisis Communications Plan that Bard had prepared in 2004 to help manage damaging media coverage about a Recovery migration death. *Id.* at 11-12.

- **Defendants' MIL 4 in Tinlin:** The Court excluded evidence and testimony concerning Dr. Muehrcke's untimely disclosed opinion that one of his patients

- 29 -

died from cardiac tamponade caused by a fractured strut that had embolized to her heart. *Id.* at 12-13.

## 6. Deposition Designation Rulings.

The Court has ruled on numerous objections to deposition designations for trial and refers the transferor courts to the following orders:[7]

| Deponent | Depo. Date | Doc. No(s). |
|---|---|---|
| Bill Altonaga | 10/22/2013 | 10497, 10922 |
| Christine Brauer | 05/23/2014<br>08/02/2017 | 10922,<br>10922 |
| David Ciavarella | 11/12/2013 | 10403 |
| Gary Cohen | 01/25/2017 | 10438 |
| Robert Cortelezzi | 11/11/2016 | 10438, 11064 |
| Len DeCant | 05/24/2016 | 10438, 11080 |
| John DeFord | 06/02/2016 | 10524, 11080 |
| Mary Edwards | 01/20/2014 | 10438 |
| Robert Ferrara | 04/17/2017 | 10438 |
| Chris Ganser | 10/11/2016 | 10438, 11073 |
| Jason Greer | 08/11/2014 | 10438, 10922 |
| Janet Hudnall | 11/01/2013 | 10403 |
| Brian Hudson | 01/17/2014 | 10403 |
| John Lehmann | 08/07/2014 | 10922 |

---

[7] In addition to the depositions identified in the table above, the Court ruled on numerous objections to case-specific deposition designations for trial.

- 30 -

| Deponent | Depo. Date | Doc. No(s). |
|---|---|---|
| William Little | 07/27/2016 | 10438, 11064 |
| John McDermott | 02/05/2014 | 10438 |
| Patrick McDonald | 07/29/2016 | 10486, 11064 |
| Mark Moritz | 07/18/2017 | 10922 |
| Daniel Orms | 08/16/2016 | 10403, 11073 |
| Abithal Raji-Kubba | 07/18/2016 | 11064 |
| Gin Schulz | 01/30/2014 | 10403 |
| Christopher Smith | 08/03/2017 | 11073 |
| William Stavropoulos | 02/01/2017 | 10524 |
| Jack Sullivan | 11/03/2016 09/16/2016 | 10486, 11080 |
| Melanie Sussman | 04/07/2017 | 11073 |
| Mehdi Syed | 03/02/2018 | 11313 |
| Scott Trerotola | 01/20/2017 | 10524 |
| Douglas Uelmen | 10/04/2013 | 10403, 11080 |
| Carol Vierling | 05/11/2016 | 10486, 11073 |
| Mark Wilson | 01/31/2017 | 10922 |
| Natalie Wong | 10/18/2016 | 10403 |

## I.    Further Proceedings in Remanded or Transferred Cases.

### 1.    General Discovery.

Because all general fact and expert discovery has been completed in this MDL, the courts receiving these cases need not be concerned with facilitating general expert,

- 31 -

corporate, and third-party discovery. This observation is not meant to restrict the power of transferor courts for good cause or in the interest of justice to address issues that may be unique and relevant in remanded or transferred cases.

### 2. Case-Specific Discovery and Trial Preparation.

According to the parties, the status of the remaining discovery and other pretrial issues for the cases being remanded or transferred, and the estimated time needed to resolve such issues and make the cases ready for trial, will be determined on remand or transfer. Final trial preparation in the bellwether trials was governed by certain Court orders. *See* Docs. 8871, 10323, 10587, 11011, 11320, 11321, 11659, 11871, 12061, 12853, 12971.

### J. Documents to Be Sent to Transferor Courts.

If the Panel agrees with the Court's suggestion of remand of the cases listed on Schedule A and issues a final remand order ("FRO"), the Clerk of the Court for this District will issue a letter to the transferor courts, via email, setting out the process for transferring the individual cases listed in the FRO. The letter and certified copy of the FRO will be sent to each transferor court's email address.

The parties have submitted a stipulated designation of record for remanded cases. Doc. 19444-1; *see* J.P.M.L Rule 10.4(a). Upon receipt of the FRO, the Clerk of this District shall transmit to the respective transferor courts the following concerning each remanded action: (1) a copy of the individual docket sheet for each action remanded, (2) a copy of the master docket sheet in this MDL, (3) the entire file for each action remanded, as originally received from the transferor district, and (4) the record on remand designated by the parties. *See* Doc. 19444-1; J.P.M.L Rule 10.4(b).

The Court has concluded that the cases listed on Schedule B should be transferred to appropriate districts pursuant to 28 U.S.C. § 1404(a). Upon receipt of this transfer order, the Clerk for this District shall follow the same procedures prescribed above for each of the individual cases listed on Schedule B.

If a party believes that the docket sheet for a particular case being remanded or transferred is not correct, a party to that case may, with notice to all other parties in the case, file with the receiving court a designation amending the record. Upon receiving such designation, the receiving court may make any needed changes to the docket. If the docket is revised to include additional documents, the parties should provide those documents to the receiving court.

**IV. Conclusion.**

Pursuant to J.P.M.L. Rule 10.1(b)(i), the Court suggests that the Panel remand the cases listed on Schedule A to their transferor districts for further proceedings. The Clerk shall forward a certified copy of this order to the Panel.

Pursuant to 28 U.S.C. § 1404(a), the Clerk of this District is directed to transfer the cases listed on Schedule B to appropriate districts for further proceedings.

**IT IS SO ORDERED.**

Dated this 19th day of August, 2019.

David G. Campbell
Senior United States District Judge

- 33 -

*In re Bard IVC Filters Products Liability Litigation*, No. MDL 15-02641-PHX-DGC

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule A – Cases that Should Be Remanded by the Panel**

| Case Caption | Current Case Number | Transferor District | Original Case Number |
|---|---|---|---|
| Jessica Parker v. C. R. Bard, Inc. | 2:15-cv-01739 | Ala. N.D. | 5:15-cv-00787 |
| Dean Becker v. C. R. Bard, Inc. | 2:15-cv-02155 | Cal. C.D. | 2:15-cv-07937 |
| David Sizemore v. C.R. Bard, Inc. | 2:15-cv-01638 | Cal. C.D. | 2:15-cv-01945 |
| David Woolley v. C. R. Bard, Inc. | 2:16-cv-01271 | Cal. C.D. | 8:16-cv-00068 |
| Christopher Cronan v. C. R. Bard, Inc. | 2:15-cv-01719 | Cal. E.D. | 2:15-cv-01418 |
| Patricia Martin v. C. R. Bard, Inc. | 2:16-cv-02362 | Conn. | 3:16-cv-01113 |
| Gary Milton v. C. R. Bard, Inc. | 2:15-cv-01625 | Ga. M.D. | 5:14-cv-00351 |
| Patricia Jones v. C. R. Bard, Inc. | 2:15-cv-02647 | Ga. N.D. | 1:15-cv-04178 |
| Emily Landress v. C. R. Bard, Inc. | 2:15-cv-01884 | Ga. N.D. | 1:15-cv-02672-LMM |
| Vanessa Rose v. C. R. Bard, Inc. | 2:19-cv-01744 | Ga. N.D. | 1:19-cv-00841 |
| Alice Jackson v. C. R. Bard, Inc. | 2:15-cv-01649 | Ill. N.D. | 1:14-cv-04080 |
| Jennifer Shropshire v. C. R. Bard, Inc. | 2:15-cv-02655 | Ky. E.D. | 5:15-cv-00374-JMH |
| Thomas Fregeau v. C. R. Bard, Inc. | 2:15-cv-01721 | Mass. | 1:15-cv-13111 |
| Stephanie Barton v. C. R. Bard, Inc. | 2:17-cv-02646 | Mo. E.D. | 4:17-cv-00770 |
| Catherine Rowden v. C. R. Bard, Inc. | 2:15-cv-02091 | Mo. E.D. | 4:15-cv-01489-NAB |
| Tonya Munson v. C. R. Bard, Inc. | 2:15-cv-01646 | Miss. N.D. | 3:14-cv-00279-MPM |
| Jeffrey Miner v. C. R. Bard, Inc. | 2:16-cv-01254 | Neb. | 4:16-cv-00305 |
| Alana Bond v. C. R. Bard, Inc. | 2:16-cv-00598 | N.J. | 2:15-cv-08773-SDW |

1

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule A – Cases that Should Be Remanded by the Panel**

| Case Caption | Current Case Number | Transferor District | Original Case Number |
|---|---|---|---|
| Brittany Ann Hough v. C. R. Bard, Inc. | 2:15-cv-01690 | N.J. | 2:15-cv-01892 |
| Joseph Rowe v. C. R. Bard, Inc. | 2:15-cv-01641 | N.M. | 1:15-cv-00173 |
| Jessica Deserio-Mintz v. C. R. Bard, Inc. | 2:15-cv-01710 | N.Y. E.D. | 2:14-cv-04942-LDW |
| Evan Casey Hulick v. C. R. Bard, Inc. | 2:17-cv-03178 | N.Y. S.D. | 7:17-cv-06404 |
| Steven Roeder v. C.R. Bard, Inc. | 2:15-cv-01655 | Ohio N.D. | 3:15-cv-00858 |
| Betty Ann Nichols v. C. R. Bard, Inc. | 2:19-cv-00189 | Okla. N.D. | 4:18-cv-00601 |
| Jennifer Campbell Tate v. C. R. Bard, Inc. | 2:15-cv-02139 | Pa. W.D. | 2:15-cv-01220-CRE |
| Amber Nordin v. C. R. Bard, Inc. | 2:16-cv-00171 | S.D. | 4:16-cv-04005-RAL |
| Debra Branch v. C. R. Bard, Inc. | 2:15-cv-01658 | Tex. N.D. | 3:15-cv-01131 |
| Charles Conn v. C. R. Bard, Inc. | 2:15-cv-01660 | Tex. S.D. | 4:14-cv-00298 |
| Juanita Graham v. C. R. Bard, Inc. | 2:15-cv-01659 | Tex. S.D. | 2:15-cv-00205 |
| Joyce Teague v. C. R. Bard, Inc. | 2:16-cv-00987 | Tex. S.D. | 4:16-cv-00685 |
| Luis Castillo v. C. R. Bard, Inc. | 2:15-cv-01725 | Tex. W.D. | 5:15-cv-00544 |
| Mary Jo Anderson v. C. R. Bard, Inc. | 2:15-cv-01663 | Wis. E.D. | 1:15-cv-00574 |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Lisa Crandell v. C. R. Bard, Inc. | 2:17-cv-04638 | Ala. M.D. |
| Rorethia Long v. C. R. Bard, Inc. | 2:16-cv-03169 | Ala. M.D. |
| Effie Delphine Rodgers v. C. R. Bard, Inc. | 2:17-cv-02268 | Ala. M.D. |
| Dorothy Kay Alexander,  v. C. R. Bard, Inc. | 2:16-cv-00690 | Ala. N.D. |
| Linda Allen v. C. R. Bard, Inc. | 2:17-cv-02646 | Ala. N.D. |
| Mary Ann Eaton v. C. R. Bard, Inc. | 2:16-cv-02429 | Ala. N.D. |
| Dawn Farish v. C. R. Bard, Inc. | 2:19-cv-02031 | Ala. N.D. |
| Billy Jerry Smith v. C. R. Bard, Inc | 2:17-cv-00687 | Ala. N.D. |
| Ted Smith v. C. R. Bard, Inc. | 2:19-cv-03024 | Ala. N.D. |
| Virginia Stone v. C. R. Bard, Inc. | 2:19-cv-00058 | Ala. N.D. |
| Betty Walker v. C. R. Bard, Inc. | 2:16-cv-04001 | Ala. N.D. |
| Jarvis Griffin v. C. R. Bard, Inc. | 2:18-cv-00132 | Ala. S.D. |
| Michael Bradford Kendall v. C. R. Bard, Inc. | 2:18-cv-03887 | Ala. S.D. |
| Kyler Ketnor v. C. R. Bard, Inc. | 2:17-cv-00636 | Ala. S.D. |
| Kimberly Kyle v. C. R. Bard, Inc. | 2:16-cv-03168 | Ala. S.D. |
| Derrick Jermaine Thrower v. C. R. Bard, Inc. | 2:19-cv-01628 | Ark. E.D. |
| Landon Ewing v. C. R. Bard, Inc. | 2:18-cv-02716 | Ark. W.D. |
| Steve Young v. C. R. Bard, Inc. | 2:16-cv-01657 | Ark. W.D. |
| James Fagrell v. C. R. Bard, Inc | 2:17-cv-02713 | Cal. C.D. |
| Kenneth Hays v. C. R. Bard, Inc. | 2:18-cv-00604 | Cal. C.D. |
| Andrew Mattle v. C. R. Bard, Inc. | 2:19-cv-02478 | Cal. C.D. |
| Peter McGrath v. C. R. Bard, Inc. | 2:18-cv-01317 | Cal. C.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Clarence McNair v. C. R. Bard, Inc. | 2:17-cv-02388 | Cal. C.D. |
| Michael Michaleczko v. C. R. Bard, Inc. | 2:16-cv-03870 | Cal. C.D. |
| Keely Niemeyer v. C. R. Bard, Inc. | 2:16-cv-02236 | Cal. C.D. |
| Matthew Silvas v. C. R. Bard, Inc. | 2:17-cv-04505 | Cal. C.D. |
| Ronell Smith v. C. R. Bard, Inc. | 2:17-cv-04211 | Cal. C.D. |
| Michael Toth v. C. R. Bard, Inc. | 2:16-cv-01976 | Cal. C.D. |
| Deanna Wolfe v. C. R. Bard, Inc. | 2:19-cv-01615 | Cal. C.D. |
| Callisa Zuniga v. C. R. Bard, Inc. | 2:19-cv-01356 | Cal. C.D. |
| Kathleen Boyer v. C. R. Bard, Inc. | 2:19-cv-02747 | Cal. E.D. |
| John Clifford v. C. R. Bard, Inc. | 2:18-cv-00832 | Cal. E.D. |
| Ann Denzer v. C. R. Bard, Inc. | 2:17-cv-01496 | Cal. E.D. |
| Julia Gibson v. C. R. Bard, Inc. | 2:18-cv-00810 | Cal. E.D. |
| Anthony Gonzalez v. C. R. Bard, Inc. | 2:18-cv-00980 | Cal. E.D. |
| Mariya Karpenko v. C. R. Bard, Inc. | 2:18-cv-01638 | Cal. E.D. |
| Roger Knotts v. C. R. Bard, Inc. | 2:16-cv-00138 | Cal. E.D. |
| Anna Martinez v. C. R. Bard, Inc. | 2:18-cv-02389 | Cal. E.D. |
| Lisa Broocks v. C. R. Bard, Inc. | 2:19-cv-00295 | Cal. E.D. |
| Sandra Reynolds v. C. R. Bard, Inc. | 2:18-cv-00510 | Cal. E.D. |
| Ann Marie Ross v. C. R. Bard, Inc. | 2:18-cv-02637 | Cal. E.D. |
| Shirley Thompson v. C. R. Bard, Inc. | 2:16-cv-01351 | Cal. E.D. |
| David Todd v. C. R. Bard, Inc. | 2:19-cv-01617 | Cal. E.D. |
| Rebecca Wallace v. C. R. Bard, Inc. | 2:18-cv-02233 | Cal. E.D. |
| Francis Laloli v. C. R. Bard, Inc. | 2:16-cv-04558 | Cal. N.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Michelle Layman-Hanes v. C. R. Bard, Inc. | 2:16-cv-00061 | Cal. N.D. |
| Jillian Nava v. C. R. Bard, Inc. | 2:16-cv-03099 | Cal. N.D. |
| Neil Schultz v. C. R. Bard, Inc. | 2:18-cv-01135 | Cal. N.D. |
| Christopher Svedise v. C. R. Bard, Inc. | 2:16-cv-00844 | Cal. N.D. |
| David Burton Fish v. C. R. Bard, Inc. | 2:16-cv-01093 | Cal. S.D. |
| Travis Godek v. C. R. Bard, Inc. | 2:19-cv-02494 | Cal. S.D. |
| Jeannie Bautista Plummer v. C. R. Bard, Inc. | 2:17-cv-00608 | Cal. S.D. |
| Adriana Rodriguez Hernandez v. C. R. Bard, Inc. | 2:18-cv-01006 | Colo. |
| Patrick Jones v. C. R. Bard, Inc. | 2:18-cv-01358 | Colo. |
| Maria Lopez v. C. R. Bard, Inc. | 2:18-cv-00942 | Colo. |
| Therese Mahoney v. C. R. Bard, Inc. | 2:16-cv-02146 | Colo. |
| Jamie Mathews v. C. R. Bard, Inc. | 2:16-cv-02147 | Colo. |
| William Owens, Jr. v. C. R. Bard, Inc. | 2:15-cv-02142 | Colo. |
| Michael Plaksy v. C. R. Bard, Inc. | 2:16-cv-03754 | Colo. |
| Jimmie Quiller v. C. R. Bard, Inc. | 2:16-cv-03761 | Colo. |
| Edward Romero v. C. R. Bard, Inc. | 2:19-cv-00789 | Colo. |
| Richard Rowe v. C. R. Bard, Inc. | 2:16-cv-03762 | Colo. |
| Eric Todd Scott v. C. R. Bard, Inc. | 2:19-cv-01313 | Colo. |
| Norma Weller v. C. R. Bard, Inc. | 2:16-cv-01633 | Colo. |
| George Cirish v. C. R. Bard, Inc. | 2:19-cv-03741 | Conn. |
| Valerie Duncan v. C. R. Bard, Inc. | 2:16-cv-00704 | Conn. |
| Robin Eldridge v. C. R. Bard, Inc. | 2:18-cv-00139 | Conn. |
| Krystle Flemming v. C. R. Bard, Inc. | 2:18-cv-03295 | Conn. |

3

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Susan Phillips-Plese v. C. R. Bard, Inc. | 2:18-cv-01279 | Conn. |
| Rodney Thomas v. C. R. Bard, Inc. | 2:18-cv-03043 | Conn. |
| Robert Van Heiningen v. C. R. Bard, Inc. | 2:16-cv-01340 | Conn. |
| Cheryl Berkley v. C. R. Bard, Inc. | 2:19-cv-01532 | D.C. |
| Bridget Cager v. C. R. Bard, Inc. | 2:16-cv-00703 | D.C |
| Cynthia McNair v. C. R. Bard, Inc. | 2:17-cv-02498 | D.C. |
| Christopher Ferrara v. C. R. Bard, Inc. | 2:18-cv-00475 | Del. |
| Janet Adam v. C. R. Bard, Inc. | 2:19-cv-01633 | Fla. M.D. |
| Christina Atkinson v. C. R. Bard, Inc. | 2:18-cv-00339 | Fla. M.D. |
| Christine Baker v. C. R. Bard, Inc. | 2:17-cv-04582 | Fla. M.D. |
| Juliette Boyd v. C. R. Bard, Inc. | 2:16-cv-02791 | Fla. M.D. |
| Craig Boyer v. C. R. Bard, Inc. | 2:18-cv-00645 | Fla. M.D. |
| Rebecca Bray v. C. R. Bard, Inc. | 2:17-cv-02455 | Fla. M.D. |
| Timothy Case v. C. R. Bard, Inc. | 2:16-cv-01091 | Fla. M.D. |
| Donna Day v. C. R. Bard, Inc. | 2:16-cv-00440 | Fla. M.D. |
| Alexandra Dixon v. C. R. Bard, Inc. | 2:17-cv-00695 | Fla. M.D. |
| Patrick Duncan v. C. R. Bard, Inc. | 2:18-cv-03252 | Fla. M.D. |
| Dianne Gaskin v. C. R. Bard, Inc. | 2:19-cv-03946 | Fla. M.D. |
| Deloris Glenn v. C. R. Bard, Inc. | 2:18-cv-00735 | Fla. M.D. |
| Susan Hall v. C. R. Bard, Inc. | 2:17-cv-02454 | Fla. M.D. |
| Deborah Halle v. C. R. Bard, Inc. | 2:16-cv-02989 | Fla. M.D. |
| John Hamilton v. C. R. Bard, Inc. | 2:19-cv-03775 | Fla. M.D. |
| Lynn Tate Hess v. C. R. Bard, Inc. | 2:18-cv-00230 | Fla. M.D. |

4

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Charles Hollis  v. C. R. Bard, Inc. | 2:17-cv-01655 | Fla. M.D. |
| Deborah Lee Jarem v. C. R. Bard, Inc. | 2:17-cv-04725 | Fla. M.D. |
| Vonnetta Johnson v. C. R. Bard, Inc., | 2:16-cv-00771 | Fla. M.D. |
| Rudolph Julius  v. C. R. Bard, Inc. | 2:19-cv-03671 | Fla. M.D. |
| Dana Jung v. C. R. Bard, Inc. | 2:19-cv-00902 | Fla. M.D. |
| Phillip Keene v. C. R. Bard, Inc. | 2:19-cv-02145 | Fla. M.D. |
| Craig Konopko v. C. R. Bard, Inc. | 2:18-cv-02713 | Fla. M.D. |
| Mary Larson  v. C. R. Bard, Inc. | 2:16-cv-01952 | Fla. M.D. |
| Sandra Luscomb v. C. R. Bard, Inc. | 2:18-cv-02378 | Fla. M.D. |
| Katheryn Maulden v. C. R. Bard, Inc. | 2:19-cv-02046 | Fla. M.D. |
| John McCormick v. C. R. Bard, Inc. | 2:19-cv-04030 | Fla. M.D. |
| Sarah Merrifield v. C. R. Bard, Inc. | 2:16-cv-00525 | Fla. M.D. |
| Kathleen Murat v. C. R. Bard, Inc. | 2:17-cv-00484 | Fla. M.D. |
| Julius Orban v. C. R. Bard, Inc. | 2:18-cv-00836 | Fla. M.D. |
| Donald Osbon v. C. R. Bard, Inc. | 2:18-cv-00992 | Fla. M.D. |
| Robert Paschal v. C. R. Bard, Inc. | 2:16-cv-00309 | Fla. M.D. |
| Damaris Pinero  v. C. R. Bard, Inc. | 2:19-cv-01355 | Fla. M.D. |
| Sabrina Priest  v. C. R. Bard, Inc. | 2:18-cv-01728 | Fla. M.D. |
| Rodney Jay Rodriguez v. C. R. Bard, Inc. | 2:16-cv-02729 | Fla. M.D. |
| Donna Segars v. C. R. Bard, Inc. | 2:17-cv-01223 | Fla. M.D. |
| Matthew Smith v. C. R. Bard, Inc. | 2:16-cv-00217 | Fla. M.D. |
| Trevor Dean White v. C. R. Bard, Inc. | 2:19-cv-01616 | Fla. M.D. |
| Janet Workmaster v. C. R. Bard, Inc. | 2:19-cv-02124 | Fla. M.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Carol Ann Zimmermann v. C. R. Bard, Inc. | 2:16-cv-02078 | Fla. M.D. |
| Julius Bailey v. C. R. Bard, Inc. | 2:18-cv-04284 | Fla. M.D. |
| William Brooks v. C. R. Bard, Inc. | 2:18-cv-00805 | Fla. M.D. |
| Andrew Ford v. C. R. Bard, Inc. | 2:18-cv-00629 | Fla. M.D. |
| Eula Huff v. C. R. Bard, Inc. | 2:16-cv-04487 | Fla. M.D. |
| Tanner Pratt v. C. R. Bard, Inc. | 2:16-cv-00779 | Fla. M.D. |
| Alyson Pyfrom v. C. R. Bard, Inc. | 2:18-cv-04824 | Fla. M.D. |
| Wilfred Vegiard v. C. R. Bard, Inc. | 2:17-cv-04512 | Fla. M.D. |
| Tami Bailey v. C. R. Bard, Inc. | 2:17-cv-01046 | Fla. M.D. |
| Earletta Blackwood v. C. R. Bard, Inc. | 2:19-cv-00688 | Fla. M.D. |
| Sherly Fairchild v. C. R. Bard, Inc. | 2:16-cv-00213 | Fla. M.D. |
| Anthony Irby v. C. R. Bard, Inc. | 2:18-cv-00746 | Fla. M.D. |
| Michel Kochensparger v. C. R. Bard, Inc. | 2:18-cv-03623 | Fla. M.D. |
| Alyssa Manger v. C. R. Bard, Inc. | 2:17-cv-01217 | Fla. M.D. |
| Michael Martinez v. C. R. Bard, Inc. | 2:19-cv-01354 | Fla. M.D. |
| Gina Niedzwiecki v. C. R. Bard, Inc. | 2:17-cv-03669 | Fla. M.D. |
| Michelle Ann O'Brien v. C. R. Bard, Inc. | 2:17-cv-01768 | Fla. M.D. |
| Frankie Rivera v. C. R. Bard, Inc. | 2:19-cv-01619 | Fla. M.D. |
| Larry Roger Rothi v. C. R. Bard, Inc. | 2:18-cv-00814 | Fla. M.D. |
| Mercedes Soler-Rodriguez v. C. R. Bard, Inc. | 2:16-cv-03566 | Fla. M.D. |
| Harleigh Alverson v. C. R. Bard, Inc. | 2:17-cv-00642 | Ga. M.D. |
| Starvensky Bowman v. C. R. Bard, Inc. | 2:19-cv-01346 | Ga. M.D. |
| Annie Burton v. C. R. Bard, Inc. | 2:19-cv-02903 | Ga. M.D. |

6

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Donna Jarvis v. C. R. Bard, Inc. | 2:17-cv-02912 | Ga. M.D. |
| Jeremiah Beck v. C. R. Bard, Inc. | 2:19-cv-02028 | Ga. N.D. |
| Larry Dean Cheesman, Sr. v. C. R. Bard, Inc. | 2:18-cv-03601 | Ga. N.D. |
| Heather Christiansen v. C. R. Bard, Inc. | 2:17-cv-04002 | Ga. N.D. |
| Thomas Crozier v. C. R. Bard, Inc. | 2:19-cv-01534 | Ga. N.D. |
| Robert Garrett, Jr. v. C. R. Bard, Inc. | 2:18-cv-01178 | Ga. N.D. |
| Gary Lloyd Granttham v. C. R. Bard, Inc. | 2:17-cv-03180 | Ga. N.D. |
| Troy Henley v. C. R. Bard, Inc. | 2:19-cv-00786 | Ga. N.D. |
| Benjamin Hildebrant v. C. R. Bard, Inc. | 2:17-cv-01512 | Ga. N.D. |
| Toney Holland v. C. R. Bard, Inc. | 2:18-cv-00120 | Ga. N.D. |
| Damian Knight  v. C. R. Bard, Inc. | 2:17-cv-02407 | Ga. N.D. |
| Alphonso Little  v. C. R. Bard, Inc. | 2:17-cv-04027 | Ga. N.D. |
| Frances McCallister v. C. R. Bard, Inc. | 2:16-cv-01656 | Ga. N.D. |
| Jeff Stewart v. C. R. Bard, Inc. | 2:17-cv-00297 | Ga. N.D. |
| Anthony Tweedell v. C. R. Bard, Inc. | 2:16-cv-04509 | Ga. N.D. |
| Pamela Wells v. C. R. Bard, Inc. | 2:19-cv-01666 | Ga. N.D. |
| Barney Bivins v. C. R. Bard, Inc. | 2:17-cv-01875 | Ga. S.D. |
| Deanna Boykin v. C.R. Bard, Inc. | 2:16-cv-04207 | Ga. S.D. |
| Mary Castleberry v. C. R. Bard, Inc. | 2:17-cv-04690 | Ga. S.D. |
| Andrew Christensen v. C. R. Bard, Inc. | 2:19-cv-03326 | Ga. S.D. |
| William David Creech v. C. R. Bard, Inc. | 2:19-cv-02825 | Ga. S.D. |
| Dorothy Ellison v. C. R. Bard, Inc. | 2:18-cv-01269 | Ga. S.D. |
| Raymond Leclair v. C. R. Bard, Inc. | 2:18-cv-00638 | Ga. S.D. |

7

**SUGGESTION OF REMAND AND TRANSFER ORDER**
Schedule B – Direct-Filed Cases to Be Transferred

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Mary Odom v. C. R. Bard, Inc. | 2:19-cv-01667 | Ga. S.D. |
| Rebecca Sebold v. C. R. Bard, Inc. | 2:17-cv-04579 | Ga. S.D. |
| John Willie Tanks, II v. C. R. Bard, Inc. | 2:18-cv-02069 | Ga. S.D. |
| Teresa Wilson v. C. R. Bard, Inc. | 2:19-cv-03076 | Ga. S.D. |
| Shelly Evans v. C. R. Bard, Inc. | 2:17-cv-01068 | Iowa N.D. |
| Kenneth Hill v. C. R. Bard, Inc. | 2:17-cv-01596 | Iowa N.D. |
| Brian Van Brocklin v. C. R. Bard, Inc. | 2:16-cv-00523 | Iowa N.D. |
| Susan Christine Cole v. C. R. Bard, Inc. | 2:17-cv-04583 | Iowa S.D. |
| Michele Roland v. C. R. Bard, Inc. | 2:19-cv-02551 | Iowa S.D. |
| Julie Doorn v. C. R. Bard, Inc. | 2:16-cv-01421 | Ill. C.D. |
| Robert Hite v. C. R. Bard, Inc. | 2:17-cv-02875 | Ill. C.D. |
| Sheila Middleton v. C. R. Bard, Inc. | 2:15-cv-02145 | Ill. C.D. |
| Teresa Paquin v. C. R. Bard, Inc. | 2:17-cv-01842 | Ill. C.D. |
| William Parks v. C. R. Bard, Inc. | 2:19-cv-01631 | Ill. C.D. |
| Paula Sittler v. C. R. Bard, Inc. | 2:17-cv-00372 | Ill. C.D. |
| Karen Thurman v. C. R. Bard, Inc. | 2:19-cv-02902 | Ill. C.D. |
| Patricia Titsworth v. C. R. Bard, Inc. | 2:18-cv-01600 | Ill. C.D. |
| James Andersen v. C. R. Bard, Inc. | 2:16-cv-01087 | Ill. N.D. |
| Irene Baker v. C. R. Bard, Inc. | 2:19-cv-02919 | Ill. N.D. |
| Celina Bienias v. C. R. Bard, Inc. | 2:17-cv-01134 | Ill. N.D. |
| Don Hudson v. C. R. Bard, Inc. | 2:18-cv-00593 | Ill. N.D. |
| Alberta McKamey v. C. R. Bard, Inc. | 2:19-cv-03235 | Ill. N.D. |
| Gail Mersinger v. C. R. Bard, Inc. | 2:19-cv-01622 | Ill. N.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Kenneth Miller v. C. R. Bard, Inc. | 2:17-cv-01760 | Ill. N.D. |
| Sheila Richard v. C. R. Bard, Inc. | 2:17-cv-00792 | Ill. N.D. |
| Ruth Sutton v. C. R. Bard, Inc. | 2:18-cv-03414 | Ill. N.D. |
| Paul Thornsberry v. C. R. Bard, Inc. | 2:17-cv-00156 | Ill. N.D. |
| Wilma Tuthill v. C. R. Bard, Inc. | 2:18-cv-00634 | Ill. N.D. |
| Cathy Agin v. C. R. Bard, Inc. | 2:19-cv-03242 | Ill. S.D. |
| Rodney Fout v. C. R. Bard, Inc. | 2:17-cv-01221 | Ind. N.D. |
| Rose Stanley v. C. R. Bard, Inc. | 2:17-cv-02804 | Ind. N.D. |
| Pamela Webster v. C. R. Bard, Inc. | 2:16-cv-03471 | Ind. N.D. |
| Robert Traughber v. C. R. Bard, Inc. | 2:16-cv-01660 | Ind. S.D. |
| Donald Brink v. C. R. Bard, Inc. | 2:17-cv-03042 | Kan. |
| Birdie Crathers v. C. R. Bard, Inc. | 2:16-cv-01085 | Kan. |
| Brock Kristofer Evans v. C. R. Bard, Inc. | 2:19-cv-01610 | Kan. |
| Tina Kennedy v. C. R. Bard, Inc. | 2:17-cv-04586 | Kan. |
| Sonia Nunn v. C. R. Bard, Inc. | 2:16-cv-00257 | Kan. |
| Kevin Saffle v. C. R. Bard, Inc. | 2:17-cv-02500 | Kan. |
| Cheri Ann Wager v. C. R. Bard, Inc. | 2:17-cv-01153 | Kan. |
| Darlene Adams v. C. R. Bard, Inc. | 2:18-cv-00601 | Ky. E.D. |
| Donna Briggs v. C. R. Bard, Inc. | 2:16-cv-02620 | Ky. E.D. |
| John Brooks v. C. R. Bard, Inc. | 2:18-cv-00162 | Ky. E.D. |
| Donna Ferguson v. C. R. Bard, Inc. | 2:18-cv-02445 | Ky. E.D. |
| William Fraley v. C. R. Bard, Inc. | 2:17-cv-01687 | Ky. E.D. |
| Wanda Faye Jensen v. C. R. Bard, Inc. | 2:16-cv-00264 | Ky. E.D. |

9

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Michael Messer v. C. R. Bard, Inc. | 2:16-cv-03691 | Ky. E.D. |
| Amilee Miller v. C. R. Bard, Inc. | 2:19-cv-00787 | Ky. E.D. |
| Ashley Marshall v. C. R. Bard, Inc. | 2:17-cv-00395 | Ky. E.D. |
| Heather Renee Mullins v. C. R. Bard, Inc. | 2:16-cv-02157 | Ky. E.D. |
| Dereck Phillips v. C. R. Bard, Inc. | 2:19-cv-02922 | Ky. E.D. |
| Joanna Settles v. C. R. Bard, Inc. | 2:16-cv-01562 | Ky. E.D. |
| Ronda Norris v. C. R. Bard, Inc. | 2:16-cv-01350 | Ky. W.D. |
| Craig Couturier v. C. R. Bard, Inc. | 2:17-cv-02310 | La. E.D. |
| Patricia Levy v. C. R. Bard, Inc. | 2:16-cv-00219 | La. E.D. |
| Thaddeus Pierce v. C. R. Bard, Inc. | 2:16-cv-02689 | La. E.D. |
| James Dyer, Jr. v. C. R. Bard, Inc. | 2:18-cv-01008 | La. M.D. |
| Patricia Abdella v. C. R. Bard, Inc. | 2:18-cv-02380 | Mass. |
| Sara Alexakos v. C. R. Bard, Inc. | 2:17-cv-00640 | Mass. |
| Rebecca Bechard v. C. R. Bard, Inc. | 2:16-cv-01536 | Mass. |
| Natacha Bien-Aime v. C. R. Bard, Inc. | 2:17-cv-00719 | Mass. |
| Amanda Boutin v. C. R. Bard, Inc. | 2:16-cv-00913 | Mass. |
| Danielle Filo v. C. R. Bard, Inc. | 2:18-cv-04823 | Mass. |
| Nicole Elizabeth Gross v. C. R. Bard, Inc. | 2:16-cv-00161 | Mass. |
| Eric Hoover v. C. R. Bard, Inc. | 2:17-cv-01513 | Mass. |
| Judith Knights v. C. R. Bard, Inc. | 2:16-cv-00773 | Mass. |
| Bernardette McBride v. C. R. Bard, Inc. | 2:16-cv-01090 | Mass. |
| Alexander Santiago v. C. R. Bard, Inc. | 2:18-cv-01318 | Mass. |
| Lynn-Marie Tervo v. C. R. Bard, Inc. | 2:17-cv-00791 | Mass. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Valerie Brown v. C. R. Bard, Inc. | 2:17-cv-04781 | Md. |
| Joseph Geeenhawk v. C. R. Bard, Inc. | 2:19-cv-03186 | Md. |
| Renee Goins v. C. R. Bard, Inc. | 2:19-cv-03670 | Md. |
| Antwon Hamlett, Sr. v. C. R. Bard, Inc. | 2:18-cv-01578 | Md. |
| Freida Harris v. C. R. Bard, Inc. | 2:19-cv-03746 | Md. |
| Kimberly Kargbo v. C. R. Bard, Inc. | 2:17-cv-02325 | Md. |
| Ohnmar Karlin v. C. R. Bard, Inc. | 2:16-cv-00866 | Md. |
| Lamont Mealy v. C. R. Bard, Inc. | 2:18-cv-02422 | Md. |
| Sharon Moyer v. C. R. Bard, Inc. | 2:18-cv-01573 | Md. |
| Angela Porter v. C. R. Bard, Inc. | 2:19-cv-00788 | Md. |
| Sherita Sewell v. C. R. Bard, Inc. | 2:16-cv-04272 | Md. |
| Jeannette Spears v. C. R. Bard, Inc. | 2:19-cv-02094 | Md. |
| Michael Stem v. C. R. Bard, Inc. | 2:17-cv-01642 | Md. |
| Denise Tomlin v. C. R. Bard, Inc. | 2:19-cv-01623 | Md. |
| Andre Torrence, Sr. v. C. R. Bard, Inc. | 2:18-cv-01576 | Md. |
| Tama Udoema v. C. R. Bard, Inc. | 2:19-cv-01629 | Md. |
| Jerome Weiss v. C. R. Bard, Inc. | 2:17-cv-04588 | Md. |
| Gary Bussell v. C. R. Bard, Inc. | 2:16-cv-01094 | Me. |
| Karlene Duval v. C. R. Bard, Inc. | 2:17-cv-01067 | Me. |
| Robert Boodt v. C. R. Bard, Inc. | 2:18-cv-02436 | Mich. E.D. |
| Noreen Frances Decuir v. C. R. Bard, Inc. | 2:19-cv-01614 | Mich. E.D. |
| Andrew Evans v. C. R. Bard, Inc. | 2:18-cv-01695 | Mich. E.D. |
| Mary Lou McMan v. C. R. Bard, Inc. | 2:16-cv-04561 | Mich. E.D. |

11

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Michael Williams  v. C. R. Bard, Inc. | 2:16-cv-00239 | Mich. E.D. |
| David Cleeves v. C. R. Bard, Inc. | 2:18-cv-02216 | Mich. W.D. |
| Jackson Benson v. C. R. Bard, Inc. | 2:16-cv-01685 | Minn. |
| Christian Nicholson v. C. R. Bard, Inc. | 2:18-cv-00743 | Minn. |
| Evelyn Rognstad v. C. R. Bard, Inc. | 2:18-cv-00834 | Minn. |
| Doreen Yauch v. C. R. Bard, Inc. | 2:19-cv-01668 | Minn. |
| Devon Young v. C. R. Bard, Inc. | 2:19-cv-01634 | Minn. |
| Shannon Gruhlke v. C. R. Bard, Inc. | 2:16-cv-03897 | Minn. |
| Evelyn Eichschlag v. C. R. Bard, Inc. | 2:17-cv-02917 | Mo. E.D. |
| Barbara Flanigan v. C. R. Bard, Inc. | 2:19-cv-01635 | Mo. E.D. |
| Susan Fregeau v. C. R. Bard, Inc. | 2:19-cv-02687 | Mo. E.D. |
| Wanda Meyer  v. C. R. Bard, Inc. | 2:16-cv-03757 | Mo. E.D. |
| Christopher Montgomery v. C. R. Bard, Inc. | 2:19-cv-00752 | Mo. E.D. |
| Terry Stromquist v. C. R. Bard, Inc. | 2:19-cv-01314 | Mo. E.D. |
| Joyce Compton v. C. R. Bard, Inc. | 2:19-cv-02651 | Mo. W.D. |
| Stacy Hughes v. C. R. Bard, Inc. | 2:19-cv-01338 | Mo. W.D. |
| Savanna Kraft v. C. R. Bard, Inc. | 2:16-cv-01262 | Mo. W.D. |
| Mel Lampton v. C. R. Bard, Inc. | 2:16-cv-04486 | Mo. W.D. |
| Gary Levingston v. C. R. Bard, Inc. | 2:18-cv-00476 | Mo. W.D. |
| Rosemarie Marengo v. C. R. Bard, Inc. | 2:16-cv-02991 | Mo. W.D. |
| Nicole McMillian v. C. R. Bard, Inc. | 2:18-cv-00428 | Mo. W.D. |
| Melvin Prince v. C. R. Bard, Inc. | 2:19-cv-03323 | Mo. W.D. |
| Christopher Snapp v. C. R. Bard, Inc. | 2:18-cv-00565 | Mo. W.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
Schedule B – Direct-Filed Cases to Be Transferred

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Adrienne Ward v. C. R. Bard, Inc. | 2:16-cv-01576 | Mo. W.D. |
| Rodney Dale Bryant v. C. R. Bard, Inc. | 2:18-cv-01894 | Miss. N.D. |
| Billy Cupit v. C. R. Bard, Inc. | 2:16-cv-03472 | Miss. N.D. |
| Lacy Dodd v. C. R. Bard, Inc. | 2:18-cv-00350 | Miss. N.D. |
| Regina Gates v. C. R. Bard, Inc. | 2:18-cv-02442 | Miss. N.D. |
| Bruce Johnson v. C. R. Bard, Inc. | 2:19-cv-01577 | Miss. N.D. |
| Johnny Kestner v. C. R. Bard, Inc. | 2:16-cv-00215 | Miss. N.D. |
| Robert Mars v. C. R. Bard, Inc. | 2:17-cv-04771 | Miss. N.D. |
| Robert Wells v. C. R. Bard, Inc. | 2:19-cv-01625 | Miss. N.D. |
| Tymese Williams v. C. R. Bard, Inc. | 2:17-cv-04783 | Miss. N.D. |
| Katina Anderson v. C. R. Bard, Inc. | 2:19-cv-02857 | Miss. S.D. |
| Jennifer Bryant v. C. R. Bard, Inc. | 2:16-cv-01347 | Miss. S.D. |
| Shirley Dance v. C. R. Bard, Inc. | 2:16-cv-00332 | Miss. S.D. |
| Charles Dennis v. C. R. Bard, Inc. | 2:17-cv-01473 | Miss. S.D. |
| Jessica Dewitt v. C. R. Bard, Inc. | 2:17-cv-01634 | Miss. S.D. |
| Roy Wayne Dillard v. C. R. Bard, Inc. | 2:17-cv-03849 | Miss. S.D. |
| Gary Dykes v. C. R. Bard, Inc. | 2:18-cv-02425 | Miss. S.D. |
| Malcom Fortune v. C. R. Bard, Inc. | 2:17-cv-02420 | Miss. S.D. |
| December Faye Klock v. C. R. Bard, Inc. | 2:16-cv-01681 | Miss. S.D. |
| Gudrun Elisabet McGahey v. C. R. Bard, Inc. | 2:18-cv-04099 | Miss. S.D. |
| Melissa Milam v. C. R. Bard, Inc. | 2:16-cv-03077 | Miss. S.D. |
| Elizabeth Morgan v. C. R. Bard, Inc. | 2:17-cv-04028 | Miss. S.D. |
| Dennis Nelson v. C. R. Bard, Inc. | 2:17-cv-03214 | Miss. S.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
Schedule B – Direct-Filed Cases to Be Transferred

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Wendell Nowell v. C. R. Bard, Inc. | 2:19-cv-03751 | Miss. S.D. |
| Janice Porter v. C. R. Bard, Inc. | 2:16-cv-00778 | Miss. S.D. |
| Gerry Waites v. C. R. Bard, Inc. | 2:17-cv-00266 | Miss. S.D. |
| Dameon Lamont Wash v. C. R. Bard, Inc. | 2:19-cv-01244 | Miss. S.D. |
| Paulette Temple v. C. R. Bard, Inc. | 2:18-cv-01005 | Mont. |
| Donald Gregory v. C. R. Bard, Inc., Inc. | 2:19-cv-02920 | N.C. E.D. |
| Reginald Jackson v. C. R. Bard, Inc. | 2:17-cv-04733 | N.C. E.D. |
| Nicole Johnson v. C. R. Bard, Inc. | 2:18-cv-01562 | N.C. E.D. |
| David Pearson v. C. R. Bard, Inc. | 2:16-cv-00923 | N.C. E.D. |
| Nolan Averett v. C. R. Bard, Inc. | 2:17-cv-00736 | N.C. M.D. |
| Douglas Carlson v. C. R. Bard, Inc. | 2:16-cv-04508 | N.C. M.D. |
| Thad Kelly v. C. R. Bard, Inc. | 2:18-cv-00190 | N.C. M.D. |
| Karl Schantz v. C. R. Bard, Inc. | 2:17-cv-00994 | N.C. M.D. |
| Curtis Davis v. C. R. Bard, Inc. | 2:18-cv-02375 | N.C. W.D. |
| Mary Parrish v. C. R. Bard, Inc. | 2:19-cv-02871 | N.C. W.D. |
| Timothy Black v. C. R. Bard, Inc. | 2:17-cv-00789 | Neb. |
| Donna Cordle v. C. R. Bard, Inc. | 2:19-cv-03077 | Neb. |
| Deborah Kozusko v. C. R. Bard, Inc. | 2:17-cv-00654 | Neb. |
| David Vigil v. C. R. Bard, Inc. | 2:16-cv-01264 | Neb. |
| Everett Kimball v. C. R. Bard, Inc. | 2:17-cv-02251 | N.H. |
| Martin Gutierrez v. C. R. Bard, Inc. | 2:19-cv-03390 | N.M. |
| Pauline Hill v. C. R. Bard, Inc. | 2:18-cv-01347 | N.M. |
| Keith Thomas v. C. R. Bard, Inc. | 2:18-cv-01574 | N.M. |

14

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Donna Cardona v. C. R. Bard, Inc. | 2:18-cv-02416 | Nev. |
| Stephanie Spilotro v. C. R. Bard, Inc. | 2:17-cv-01804 | Nev. |
| Reece Freeman v. C. R. Bard, Inc. | 2:17-cv-01526 | Nev. |
| William Joseph Giambra v. C. R. Bard, Inc. | 2:17-cv-00191 | Nev. |
| Deborah Hammes v. C. R. Bard, Inc. | 2:17-cv-02469 | Nev. |
| Toni Perry v. C. R. Bard, Inc. | 2:16-cv-04158 | Nev. |
| Criss Rogers v. C. R. Bard, Inc. | 2:16-cv-01600 | Nev. |
| Joseph Scholer v. C. R. Bard, Inc. | 2:16-cv-02576 | Nev. |
| Suzanne Sekuler v. C. R. Bard, Inc. | 2:17-cv-01689 | Nev. |
| Robert Singer v. C. R. Bard, Inc. | 2:17-cv-01690 | Nev. |
| Sherrie Davis v. C. R. Bard, Inc. | 2:18-cv-00640 | Nev. |
| Jennifer Tilden v. C. R. Bard, Inc. | 2:17-cv-01548 | Nev. |
| Caesar Torres v. C. R. Bard, Inc. | 2:17-cv-02711 | Nev. |
| Keresha Woods v. C. R. Bard, Inc. | 2:17-cv-01691 | Nev. |
| Vincent Basile v. C. R. Bard, Inc. | 2:16-cv-02237 | N.Y. E.D. |
| Denis Carr v. C. R. Bard, Inc. | 2:17-cv-03957 | N.Y. E.D. |
| Tyrone Gilbert v. C. R. Bard, Inc. | 2:17-cv-00553 | N.Y. E.D. |
| Pamela Jimenez v. C. R. Bard, Inc. | 2:17-cv-03981 | N.Y. E.D. |
| Michael Johnson v. C. R. Bard, Inc. | 2:18-cv-02936 | N.Y. E.D. |
| Alexandro Kopoulos v. C. R. Bard, Inc. | 2:16-cv-03089 | N.Y. E.D. |
| Gladys Noguet v. C. R. Bard, Inc. | 2:18-cv-00975 | N.Y. E.D. |
| Jennifer Richards v. C. R. Bard, Inc. | 2:16-cv-01749 | N.Y. E.D. |
| Saverio Sportella v. C. R. Bard, Inc. | 2:18-cv-00069 | N.Y. E.D. |

15

**SUGGESTION OF REMAND AND TRANSFER ORDER**
Schedule B – Direct-Filed Cases to Be Transferred

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Michael Thompson v. C. R. Bard, Inc. | 2:19-cv-00648 | N.Y. E.D. |
| Wayne Doran v. C. R. Bard, Inc. | 2:18-cv-00823 | N.Y. N.D. |
| Anna Malott v. C. R. Bard, Inc. | 2:18-cv-01563 | N.Y. N.D. |
| Barbara Pero v. C. R. Bard, Inc. | 2:18-cv-02395 | N.Y. N.D. |
| Paul Phillips v. C. R. Bard, Inc. | 2:17-cv-01136 | N.Y. N.D. |
| Maria Zackowski v. C. R. Bard, Inc. | 2:16-cv-02216 | N.Y. N.D. |
| Rachel Bailey v. C. R. Bard, Inc. | 2:16-cv-00600 | N.Y. S.D. |
| Angela DiMaria v. C. R. Bard, Inc. | 2:18-cv-01744 | N.Y. S.D. |
| Nelson Hernandez v. C. R. Bard, Inc. | 2:18-cv-01313 | N.Y. S.D. |
| Miranda Johnson v. C. R. Bard, Inc. | 2:19-cv-01621 | N.Y. S.D. |
| Barbara Petro v. C. R. Bard, Inc. | 2:17-cv-00405 | N.Y. S.D. |
| Norman Stoff v. C. R. Bard, Inc. | 2:18-cv-02215 | N.Y. S.D. |
| Kerry Tompkins v. C. R. Bard, Inc. | 2:19-cv-02313 | N.Y. S.D. |
| Shirley Whaley v. C. R. Bard, Inc. | 2:16-cv-00776 | N.Y. S.D. |
| Alan Alcott v. C. R. Bard, Inc. | 2:17-cv-02383 | N.Y. W.D. |
| Karen Anderozzi v. C. R. Bard, Inc. | 2:19-cv-02905 | N.Y. W.D. |
| Joseph DiFrancesco v. C. R. Bard, Inc. | 2:18-cv-02383 | N.Y. W.D. |
| Jessica Gibson v. C. R. Bard, Inc. | 2:16-cv-03615 | N.Y. W.D. |
| Derek Brandi v. C. R. Bard, Inc. | 2:16-cv-01261 | Ohio N.D. |
| Marton Forkosh v. C. R. Bard, Inc. | 2:17-cv-02240 | Ohio N.D. |
| Lisa Franks v. C. R. Bard, Inc. | 2:17-cv-03287 | Ohio N.D. |
| Lisa Hart v. C. R. Bard, Inc. | 2:16-cv-03220 | Ohio N.D. |
| Ethlyn Kennedy v. C. R. Bard, Inc. | 2:18-cv-00495 | Ohio N.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
Schedule B – Direct-Filed Cases to Be Transferred

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Janet Pellegrin v. C. R. Bard, Inc. | 2:18-cv-00771 | Ohio N.D. |
| Sara Roe v. C. R. Bard, Inc. | 2:18-cv-00824 | Ohio N.D. |
| Steven Schwartz v. C. R. Bard, Inc. | 2:19-cv-01862 | Ohio N.D. |
| Barry Tuttle v. C. R. Bard, Inc. | 2:16-cv-04229 | Ohio N.D. |
| Chadwick Wiltrout v. C. R. Bard, Inc. | 2:16-cv-04224 | Ohio N.D. |
| Barbara Barton v. C. R. Bard, Inc. | 2:17-cv-00325 | Ohio S.D. |
| Christopher Mark Bernhard v. C. R. Bard, Inc. | 2:19-cv-01197 | Ohio S.D. |
| Gregory Grooms v. C. R. Bard, Inc. | 2:18-cv-01009 | Ohio S.D. |
| Timothy Johnson v. C. R. Bard, Inc. | 2:18-cv-02447 | Ohio S.D. |
| Crystal Nicole Land v. C. R. Bard, Inc. | 2:19-cv-03419 | Ohio S.D. |
| Tamara Palmer v. C. R. Bard, Inc. | 2:18-cv-02394 | Ohio S.D. |
| Michael Salamone v. C. R. Bard, Inc. | 2:17-cv-03971 | Ohio S.D. |
| Robert Waldon v. C. R. Bard, Inc. | 2:17-cv-00762 | Okla. E.D. |
| Diane Chatman v. C. R. Bard, Inc. | 2:16-cv-03595 | Okla. N.D. |
| Maureen LaBurt v. C. R. Bard, Inc. | 2:16-cv-02668 | Okla. W.D. |
| Waneva Morris v. C. R. Bard, Inc. | 2:17-cv-04513 | Okla. W.D. |
| Rodney Phillips v. C. R. Bard, Inc. | 2:17-cv-01670 | Okla. W.D. |
| Rhonda Smith v. C. R. Bard, Inc. | 2:19-cv-01624 | Okla. W.D. |
| Timothy Haddon v. C. R. Bard, Inc. | 2:19-cv-01613 | Or. |
| Wendy Rhoades v. C. R. Bard, Inc. | 2:17-cv-00551 | Or. |
| Craig Willis v. C. R. Bard, Inc. | 2:16-cv-01971 | Or. |
| Kimberly Anderson v. C. R. Bard, Inc. | 2:17-cv-04780 | Pa. E.D. |
| Linda Barber v. C. R. Bard, Inc. | 2:17-cv-00388 | Pa. E.D. |

*In re Bard IVC Filters Products Liability Litigation*, No. MDL 15-02641-DGC

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Scott Davis v. C. R. Bard, Inc. | 2:16-cv-01089 | Pa. E.D. |
| Robert Finger v. C. R. Bard, Inc. | 2:19-cv-00294 | Pa. E.D. |
| Brendan Kelly v. C. R. Bard, Inc. | 2:16-cv-04170 | Pa. E.D. |
| George Kusner v. C. R. Bard, Inc. | 2:18-cv-01115 | Pa. E.D. |
| Laura Maietta  v. C. R. Bard, Inc. | 2:16-cv-04125 | Pa. E.D. |
| James Miller v. C. R. Bard, Inc. | 2:16-cv-03165 | Pa. E.D. |
| Kenneth Mimnaugh v. C. R. Bard, Inc. | 2:19-cv-01612 | Pa. E.D. |
| Karen Odor v. C. R. Bard, Inc. | 2:16-cv-03593 | Pa. E.D. |
| Jose Oseguera-Bonilla v. C. R. Bard, Inc. | 2:17-cv-04548 | Pa. E.D. |
| Elizabeth Ross v. C. R. Bard, Inc. | 2:18-cv-01278 | Pa. E.D. |
| Jeffrey Bunch  v. C. R. Bard, Inc. | 2:16-cv-01678 | Pa. M.D. |
| Stacy Fortney v. C. R. Bard, Inc. | 2:18-cv-01325 | Pa. M.D. |
| Kathy Harris v. C. R. Bard, Inc. | 2:18-cv-00818 | Pa. M.D. |
| Rose Henderson v. C. R. Bard, Inc. | 2:19-cv-01357 | Pa. M.D. |
| Nicole Shovlin  v. C. R. Bard, Inc. | 2:17-cv-00630 | Pa. M.D. |
| Douglas Weaver v. C. R. Bard, Inc. | 2:17-cv-01550 | Pa. M.D. |
| Jack Zerembo v. C. R. Bard, Inc. | 2:19-cv-01606 | Pa. M.D. |
| William Diamond, Jr. v. C. R. Bard, Inc. | 2:19-cv-01627 | Pa. W.D. |
| Jodi McGee v. C. R. Bard, Inc. | 2:17-cv-03110 | Pa. W.D. |
| Robert Taylor v. C. R. Bard, Inc. | 2:17-cv-02102 | Pa. W.D. |
| Billy Gene Brummett v. C. R. Bard, Inc. | 2:16-cv-02875 | S.C. |
| Florine Brunson v. C. R. Bard, Inc. | 2:19-cv-01669 | S.C. |
| Margaret Buxbaum v. C.R. Bard, Inc. | 2:16-cv-01092 | S.C. |

18

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| James Dawidowicz v. C. R. Bard, Inc. | 2:16-cv-01634 | S.C. |
| Candy Bright Russell v. C. R. Bard, Inc. | 2:17-cv-04754 | S.C. |
| Inez Singleton v. C. R. Bard, Inc. | 2:17-cv-01056 | S.C. |
| Edward Stephan v. C. R. Bard, Inc. | 2:17-cv-03977 | S.C. |
| Allen Gene Erlitz v. C. R. Bard, Inc. | 2:16-cv-00212 | S.D. |
| Johnathon Hoffman v. C. R. Bard, Inc. | 2:17-cv-04175 | S.D. |
| Wanda Sinard v. C. R. Bard, Inc. | 2:19-cv-00791 | Tenn. E.D. |
| Meribeth Zane v. C. R. Bard, Inc. | 2:16-cv-03170 | Tenn. E.D. |
| Ronald Brigham v. C. R. Bard, Inc. | 2:18-cv-00637 | Tenn. M.D. |
| Jana Heads v. C. R. Bard, Inc. | 2:17-cv-01671 | Tenn. M.D. |
| Justin Wayne Heath v. C. R. Bard, Inc. | 2:17-cv-04224 | Tenn. M.D. |
| Danny L. Hickman v. C. R. Bard, Inc. | 2:16-cv-03771 | Tenn. M.D. |
| Trudy Johnson v. C. R. Bard, Inc. | 2:16-cv-01659 | Tenn. M.D. |
| Lawrence David Kelley v. C. R. Bard, Inc. | 2:17-cv-00423 | Tenn. M.D. |
| James Nolen v. C. R. Bard, Inc. | 2:18-cv-03296 | Tenn. M.D. |
| Darlene Brasfield v. C. R. Bard, Inc. | 2:18-cv-01402 | Tenn. W.D. |
| Jo Hampton v. C. R. Bard, Inc. | 2:18-cv-00623 | Tenn. W.D. |
| Jerry Jones v. C. R. Bard, Inc. | 2:16-cv-01314 | Tenn. W.D. |
| Tonya Lovett v. C. R. Bard, Inc. | 2:16-cv-03759 | Tenn. W.D. |
| Delbert Baker v. C. R. Bard, Inc. | 2:16-cv-03973 | Tex. E.D. |
| Patricia Fawcett v. C. R. Bard, Inc. | 2:18-cv-00586 | Tex. E.D. |
| Patricia Capers v. C. R. Bard, Inc. | 2:19-cv-01626 | Tex. E.D. |
| Eugenia Crawford v. C. R. Bard, Inc. | 2:19-cv-01285 | Tex. E.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Suddie Harrison v. C. R. Bard, Inc. | 2:19-cv-01283 | Tex. E.D. |
| Audrey Oliver v. C.R. Bard, Inc. | 2:16-cv-00515 | Tex. E.D. |
| Amy Shaffer v. C. R. Bard, Inc. | 2:18-cv-01324 | Tex. E.D. |
| Brett Barton v. C. R. Bard, Inc. | 2:16-cv-01338 | Tex. N.D. |
| James Blackwell v. C. R. Bard, Inc. | 2:16-cv-04180 | Tex. N.D. |
| Bobbie Jo Brown v. C. R. Bard, Inc. | 2:16-cv-03629 | Tex. N.D. |
| Tanya Bursen-Meals v. C. R. Bard, Inc. | 2:16-cv-04208 | Tex. N.D. |
| Rex Cox v. C. R. Bard, Inc. | 2:18-cv-01601 | Tex. N.D. |
| Terry Kelly v. C. R. Bard, Inc. | 2:17-cv-02422 | Tex. N.D. |
| Karin Mayberry v. C. R. Bard, Inc. | 2:19-cv-04043 | Tex. N.D. |
| Kristen McCollough v. C. R. Bard, Inc. | 2:17-cv-01516 | Tex. N.D. |
| Kenneth McNew v. C. R. Bard, Inc. | 2:18-cv-00517 | Tex. N.D. |
| William Moore v. C. R. Bard, Inc. | 2:19-cv-02766 | Tex. N.D. |
| Glenda Olge v. C. R. Bard, Inc. | 2:19-cv-03082 | Tex. N.D. |
| Jerry Schmidt v. C. R. Bard, Inc. | 2:18-cv-00587 | Tex. N.D. |
| John Simmons v. C. R. Bard, Inc. | 2:17-cv-01527 | Tex. N.D. |
| David Siri v. C. R. Bard, Inc. | 2:17-cv-01628 | Tex. N.D. |
| Raymon Sweezey, IV v. C. R. Bard, Inc. | 2:19-cv-01608 | Tex. N.D. |
| Christopher Jowel Valderas v. C. R. Bard, Inc. | 2:16-cv-00569 | Tex. N.D. |
| Patricia Walker v. C. R. Bard, Inc. | 2:17-cv-01048 | Tex. N.D. |
| LaVinnia Walters v. C. R. Bard, Inc. | 2:16-cv-03919 | Tex. N.D. |
| Jessica Williams v. C. R. Bard, Inc. | 2:16-cv-02977 | Tex. N.D. |
| Schaneiqua Marie Wright v. C. R. Bard, Inc. | 2:19-cv-01576 | Tex. N.D. |

*In re Bard IVC Filters Products Liability Litigation*, No. MDL 15-02641-DGC

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Bryan Wyers v. C. R. Bard, Inc. | 2:16-cv-03622 | Tex. N.D. |
| Cynthia Burton v. C. R. Bard, Inc. | 2:18-cv-01004 | Tex. S.D. |
| Tony Cundiff v. C. R. Bard, Inc. | 2:16-cv-00494 | Tex. S.D. |
| Shirley Doze-Johnson v. C. R. Bard, Inc. | 2:16-cv-00285 | Tex. S.D. |
| Bettie Jane Forbes v. C. R. Bard, Inc. | 2:17-cv-04755 | Tex. S.D. |
| Mary Hamilton v. C. R. Bard, Inc. | 2:18-cv-00591 | Tex. S.D. |
| Teresa Holder v. C. R. Bard, Inc. | 2:16-cv-02704 | Tex. S.D. |
| Amber Kay Kirschke v. C. R. Bard, Inc. | 2:18-cv-02392 | Tex. S.D. |
| Kathleen McPeak v. C. R. Bard, Inc. | 2:16-cv-02242 | Tex. S.D. |
| James Orn v. C. R. Bard, Inc. | 2:18-cv-02403 | Tex. S.D. |
| Laura Ramirez v. C. R. Bard, Inc. | 2:17-cv-02430 | Tex. S.D. |
| Elaine Scott v. C. R. Bard, Inc. | 2:17-cv-01630 | Tex. S.D. |
| William Smith v. C. R. Bard, Inc. | 2:18-cv-03589 | Tex. S.D. |
| Karen Arkadie v. C. R. Bard, Inc. | 2:18-cv-00737 | Tex. W.D. |
| Augustine Badell v. C. R. Bard, Inc. | 2:17-cv-01403 | Tex. W.D. |
| Kristen Matthew Brandenburg v. C. R. Bard, Inc. | 2:18-cv-00598 | Tex. W.D. |
| Michael Escamilla v. C. R. Bard, Inc. | 2:19-cv-02462 | Tex. W.D. |
| Annabelle Espinoza v. C. R. Bard, Inc. | 2:16-cv-04430 | Tex. W.D. |
| Tama Gordon v. C. R. Bard, Inc. | 2:17-cv-03653 | Tex. W.D. |
| Christopher M. Green v. C. R. Bard, Inc. | 2:17-cv-01404 | Tex. W.D. |
| Virgil Hopkins v. C. R. Bard, Inc. | 2:19-cv-03302 | Tex. W.D. |
| Linda Isaac v. C. R. Bard, Inc. | 2:16-cv-01497 | Tex. W.D. |
| Robert Porter v. C. R. Bard, Inc. | 2:17-cv-03367 | Tex. W.D. |

Case 1:19-cv-00917-CCE-JEP     Document 3     Filed 08/20/19     Page 56 of 95

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Cheryl Lynn Farnsworth v. C. R. Bard, Inc. | 2:18-cv-00885 | Utah |
| Sherlynn Harward v. C. R. Bard, Inc. | 2:19-cv-01181 | Utah |
| Matthew Lowe v. C. R. Bard, Inc. | 2:19-cv-01618 | Utah |
| William Edwards v. C. R. Bard, Inc. | 2:18-cv-00740 | Va. E.D. |
| Tameka Golden v. C. R. Bard, Inc. | 2:16-cv-01398 | Va. E.D. |
| Kimberly Gottlieb v. C. R. Bard, Inc. | 2:19-cv-01609 | Va. E.D. |
| John Eric Harrit  v. C. R. Bard, Inc. | 2:18-cv-00511 | Va. E.D. |
| Nouhoun Keita v. C. R. Bard, Inc. | 2:18-cv-03603 | Va. E.D. |
| Darius Kiser v. CR Bard, Inc. | 2:19-cv-01353 | Va. E.D. |
| James McConnell v. C. R. Bard, Inc. | 2:17-cv-01514 | Va. E.D. |
| Maria McCrea v. C. R. Bard, Inc. | 2:17-cv-01515 | Va. E.D. |
| Andrea Stith v. C. R. Bard, Inc. | 2:16-cv-01849 | Va. E.D. |
| Richard Toms v. C. R. Bard, Inc. | 2:16-cv-01632 | Va. E.D. |
| Lorraine Abraham v. C. R. Bard, Inc. | 2:16-cv-03240 | Va. W.D. |
| Robert Harbridge v. C. R. Bard, Inc. | 2:16-cv-00008 | Va. W.D. |
| Patricia Miller v. C. R. Bard, Inc. | 2:18-cv-02388 | Va. W.D. |
| Aleasia Jo Phillips v. C. R. Bard, Inc. | 2:16-cv-03871 | Va. W.D. |
| Barbara Satterwhite v. C. R. Bard, Inc. | 2:16-cv-00679 | Va. W.D. |
| James Berg v. C. R. Bard, Inc. | 2:19-cv-01607 | Wash. E.D. |
| Randy Watkins v. C. R. Bard, Inc., Inc. | 2:19-cv-02923 | Wash. E.D. |
| Howard Barnhouse v. C. R. Bard, Inc. | 2:18-cv-02441 | Wash. W.D. |
| Gene Curtis Braffith v. C. R. Bard, Inc. | 2:16-cv-03642 | Wash. W.D. |
| Robert Brown v. C. R. Bard, Inc. | 2:17-cv-02171 | Wash. W.D. |

22

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Loral Elliott v. C. R. Bard, Inc. | 2:16-cv-04495 | Wash. W.D. |
| Jennie Nelson v. C. R. Bard, Inc. | 2:16-cv-00620 | Wash. W.D. |
| Kimberly Pluard v. C. R. Bard, Inc. | 2:17-cv-00790 | Wash. W.D. |
| Alexandra Elizabeth Rourke v. C. R. Bard, Inc. | 2:16-cv-03567 | Wash. W.D. |
| Walter Solomon v. C. R. Bard, Inc. | 2:17-cv-00680 | Wash. W.D. |
| Harvey Talbert v. C. R. Bard, Inc. | 2:17-cv-00271 | Wash. W.D. |
| David Wayne Thomas, II v. C. R. Bard, Inc. | 2:17-cv-00135 | Wash. W.D. |
| Kris Albright v. C. R. Bard, Inc. | 2:16-cv-04573 | Wis. E.D. |
| Gary Brzakala v. C. R. Bard, Inc. | 2:18-cv-01892 | Wis. E.D. |
| Victoria Gibbs v. C. R. Bard, Inc. | 2:16-cv-02217 | Wis. E.D. |
| Marie E. Gruendemann v. C. R. Bard, Inc. | 2:18-cv-00774 | Wis. E.D. |
| Jeanne R. Lecher v. C. R. Bard, Inc. | 2:17-cv-00113 | Wis. E.D. |
| Karen Masters v. C. R. Bard, Inc. | 2:19-cv-02688 | Wis. E.D. |
| Chris Mentch v. C. R. Bard, Inc. | 2:18-cv-00389 | Wis. E.D. |
| Audrey Michels v. C. R. Bard, Inc. | 2:17-cv-01282 | Wis. E.D. |
| Richard Stefan v. C. R. Bard, Inc. | 2:17-cv-01152 | Wis. E.D. |
| Timothy Geiger v. C. R. Bard, Inc. | 2:16-cv-01951 | Wis. W.D. |
| Natalie Johnson v. C. R. Bard, Inc. | 2:19-cv-00936 | Wis. W.D. |
| Robert Korhonen v. C. R. Bard, Inc. | 2:19-cv-03241 | Wis. W.D. |
| Angelo Reynolds v. C. R. Bard, Inc. | 2:19-cv-00656 | Wis. W.D. |
| Sheila Ann Casino v. C. R. Bard, Inc. | 2:17-cv-03989 | W. Va. S.D. |
| Sandra Lee Graham v. C. R. Bard, Inc. | 2:17-cv-04584 | W. Va. S.D. |
| Oma Hardwick  v. C. R. Bard, Inc. | 2:16-cv-01953 | W. Va. S.D. |

23

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Schedule B – Direct-Filed Cases to Be Transferred**

| Case Caption | Case Number | Transferee District |
|---|---|---|
| Diane Lee Manns v. C. R. Bard, Inc. | 2:17-cv-01088 | W. Va. S.D. |
| Dianna Roush v. C. R. Bard, Inc. | 2:19-cv-00790 | W. Va. S.D. |
| Steven Clyde Sharpe v. C. R. Bard, Inc. | 2:18-cv-00732 | W. Va. S.D. |
| Mark Topping v. C. R. Bard, Inc. | 2:16-cv-01339 | W. Va. S.D. |

**SUGGESTION OF REMAND AND TRANSFER ORDER**

**Exhibit 1 – MDL Orders**

| CASE MANAGEMENT ORDERS (CMOs) | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 10/30/2015 | 248 | CMO 1 re Leadership Counsel Appointments |
| 11/16/2016 | 4016 | Amended CMO 1 re Leadership Counsel Appointments |
| 03/21/2017 | 5285 | Second Amended CMO 1 re Plaintiff Leadership Team |
| 02/04/2019 | 15098 | Third Amended CMO 1 re Plaintiff Leadership Team |
| 10/30/2015 | 249 | CMO 2 re Setting Deadlines, First Phase of Discovery |
| 12/01/2015 | 314 | CMO 3 re Non-waiver Order Pursuant to Rule 502(d) |
| 12/17/2015 | 363 | CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 3/17/2016 | 1108 | Amended CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 4/20/2016 | 1485 | Second Amended CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 12/17/2015 | 365 | CMO 5 re Plaintiff and Defendant Profile Forms |
| 03/03/2016 | 927 | Amended CMO 5 re Plaintiff and Defendant Profile Forms |
| 12/18/2015 | 372 | CMO 6 re Rules to Establishing Common Benefit Fee |
| 01/05/2016 | 401 | CMO 7 re Stipulations Concerning Redactions |
| 02/02/2016 | 519 | CMO 8 re Second Phase of Discovery |
| 03/31/2016 | 1259 | CMO 9 re ESI and production protocol |
| 04/01/2016 | 1319 | CMO 10 re Second Phase Discovery, Bellwether, ESI, FDA, Deposition, and Privilege Log |
| 05/05/2016 | 1662 | CMO 11 re Bellwether Selection Process |
| 05/05/2016 | 1663 | CMO 12 re Joint Record Collection |
| 06/21/2016 | 2238 | CMO 13 re ESI, FDA Warning Letter and Designations |
| 06/21/2016 | 2239 | CMO 14 re Deposition Protocols |

1

| CASE MANAGEMENT ORDERS (CMOs) | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 08/25/2016 | 3214 | CMO 15 re *Lexecon* Waivers, ESI Discovery, Multi-plaintiff Actions, and Deceased Plaintiffs |
| 08/25/2016 | 3215 | CMO 16 re Deadlines Related to Barraza |
| 12/02/2016 | 4141 | Amended CMO 16 re Deadlines Related to Barraza |
| 09/14/2016 | 3372 | CMO 17 re Protective Order and Expedited ESI Production |
| 11/16/2016 | 4015 | Amended CMO 17 re Protective Order and Redactions of Material from Expedited ESI Production |
| 10/17/2016 | 3685 | CMO 18 re Adjusted Discovery Schedule |
| 12/13/2016 | 4311 | CMO 19 re ESI and Bellwether Selection |
| 12/22/2016 | 4335 | CMO 20 re Discovery Deadlines for Discovery Group 1 and Bellwether Group 1 |
| 02/06/2017 | 4866 | CMO 21 re Discovery Protocols for Discovery Group 1 |
| 02/17/2017 | 5007 | CMO 22 re Setting Deadlines |
| 05/05/2017 | 5770 | CMO 23 re Expert Deposition Deadlines, Bellwether Case Selection, Preemption Motion for Summary Judgment, and Mature Cases |
| 05/19/2017 | 5881 | CMO 23 re Discovery Protocols for Bellwether Group 1 |
| 05/19/2017 | 5883 | Amended CMO 24 re Discovery Protocols for Bellwether Group 1 |
| 06/06/2017 | 6227 | CMO 25 re Bellwether Group 1 Amended Discovery Schedule |
| 07/17/2017 | 6799 | CMO 26 re Depositions of Dr. Henry and Dr. Altonaga, Communications among Plaintiffs' Experts, and Bellwether Trial Issues |
| 10/10/2017 | 8113 | CMO 27 re Privilege Issues, Bellwether Trial Schedule, Plaintiffs' Motion for Partial Summary Judgment, and Recusal Unnecessary |
| 11/21/2017 | 8871 | CMO 28 re Booker Bellwether Trial Schedule, and Mature Cases |

| CASE MANAGEMENT ORDERS (CMOs) | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 12/21/2017 | 9415 | CMO 29 re Booker Bellwether Trial Schedule, Motion to Certify Appeal, and *Cisson* Motion Briefing |
| 01/23/2018 | 9775 | CMO 30 re Motions Hearings, Motions in Limine, and Punitive Damages in Booker |
| 03/02/2018 | 10323 | CMO 31 re Booker Trial |
| 05/07/2018 | 11011 | CMO 32 re Jones Trial |
| 06/01/2018 | 11320 | CMO 33 re Mulkey as Next Bellwether Selection, and Mulkey Trial Schedule |
| 06/28/2018 | 11659 | CMO 34 re Next 3 Bellwether Trials, Kruse Trial Schedule, Use of Dr. Kandarpa at Trial, Sixth Bellwether Tinlin, Disposition of SNF Cases, and Remand of Mature Cases |
| 07/13/2018 | 11871 | CMO 35 re September, November and May Bellwether Trials, and Hyde September Bellwether Trial Schedule |
| 08/02/2018 | 12061 | CMO 36 re Tinlin Bellwether Pre-trial Schedule |
| 10/04/2018 | 12830 | CMO 37 re Hyde Trial |
| 10/05/2018 | 12853 | CMO 38 re Future Bellwether Trials, February and May Bellwether Trials, Motion to Seal Trial Exhibits, Settlement Talks and Remand, and SNF Cases |
| 10/16/2018 | 12971 | CMO 39 re Tinlin Bellwether Case |
| 11/08/2018 | 13329 | CMO 40 re Mulkey Bellwether Trial |
| 02/08/2019 | 15176 | CMO 41 re Tinlin Trial, SNF Cases, Remand of Mature Cases, and Possible Settlement Procedures |
| 03/21/2019 | 16343 | CMO 42 re Tinlin Trial, SNF Cases, Duplicative Cases, Settlement Procedures and Remand or Transfer |
| 05/02/2019 | 17494 | CMO 43 re Tinlin Trial, Common Benefit Fund Fee and Expense Accounts, Closing Date for New Cases and Remand or Transfer, and SNF Cases |

| DISCOVERY ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 10/30/2015 | 249 | CMO 2 re Setting Deadlines, First Phase of Discovery |
| 02/02/2016 | 519 | CMO 8 re Second Phase of Discovery |
| 03/31/2016 | 1259 | CMO 9 re Electronically Stored Information and production protocol |
| 04/01/2016 | 1319 | CMO 10 re Second Phase Discovery, Bellwether, ESI, FDA, Deposition, and Privilege Log |
| 05/05/2016 | 1663 | CMO 12 re Joint Record Collection |
| 06/21/2016 | 2238 | CMO 13 re ESI, FDA Warning Letter and Designations |
| 06/21/2016 | 2239 | CMO 14 re Deposition Protocols |
| 08/25/2016 | 3214 | CMO 15 re *Lexecon* Waivers, ESI Discovery, Multi-plaintiff Actions, and Deceased Plaintiffs |
| 08/29/2016 | 3272 | Order re Deposition of Jim Beasley |
| 09/06/2016 | 3312 | Order re discovery disputes concerning Plaintiffs' communications with FDA |
| 09/06/2016 | 3313 | Order re Plaintiffs' communications with NBC or other media outlets and admissibility at trial |
| 09/06/2016 | 3314 | Order re Plaintiffs' third party funding arrangements |
| 09/14/2016 | 3372 | CMO 17 re Protective Order and Expedited ESI Production |
| 11/16/2016 | 4015 | Amended CMO 17 re Protective Order and Redactions of Material from Expedited ESI Production |
| 09/16/2016 | 3398 | Order re ESI generated by foreign entities that sell filters abroad |
| 10/17/2016 | 3685 | CMO 18 re Adjusted Discovery Schedule |
| 12/13/2016 | 4311 | CMO 19 re ESI and Bellwether Selection |
| 12/22/2016 | 4335 | CMO 20 re Discovery Deadlines for Discovery Group 1 and Bellwether Group 1 |
| 12/24/2016 | 4339 | Order re proposed depositions of and interrogatories to Plaintiffs' counsel |

| DISCOVERY ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 02/06/2017 | 4865 | Order re discovery dispute on ex parte communications with treating physicians and depositions of treating physicians and sales representatives |
| 02/06/2017 | 4866 | CMO 21 re Discovery Protocols for Discovery Group 1 |
| 05/05/2017 | 5770 | CMO 23 re Expert Deposition Deadlines, Bellwether Case Selection, Preemption Motion for Summary Judgment, and Mature Cases |
| 05/19/2017 | 5881 | CMO 23 re Discovery Protocols for Bellwether Group 1 |
| 05/19/2017 | 5883 | Amended CMO 24 re Discovery Protocols for Bellwether Group 1 |
| 06/06/2017 | 6227 | CMO 25 re Bellwether Group 1 Amended Discovery Schedule |
| 07/17/2017 | 6799 | CMO 26 re Depositions of Dr. Henry and Dr. Altonaga, Communications among Plaintiffs' Experts, and Bellwether Trial Issues |

| DISCOVERY AND PRIVILEGE ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 12/01/2015 | 314 | CMO 3 re Non-waiver Order Pursuant to Rule 502(d) |
| 02/11/2016 | 699 | Order re Motion for Protective Order concerning Dr. John Lehmann's December 15, 2004, report as protected work product |
| 07/25/2016 | 2813 | Order re Plaintiffs' Motion to Compel (Privilege Log Issues) |
| 02/06/2017 | 4865 | Order re discovery dispute on ex parte communications with treating physicians and depositions of treating physicians and sales representatives |
| 07/17/2017 | 6799 | CMO 26 re Depositions of Dr. Henry and Dr. Altonaga, Communications among Plaintiffs' Experts, and Bellwether Trial Issues |

| DISCOVERY AND PRIVILEGE ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 10/10/2017 | 8113 | CMO 27 re Privilege Issues, Bellwether Trial Schedule, Plaintiffs' Motion for Partial Summary Judgment, and Recusal Unnecessary |
| 10/20/2017 | 8315 | Order that Plaintiffs need not produce the withheld expert communications or provide a privilege log on these communications to Defendants. |

| DAUBERT ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 12/21/2017 | 9428 | Order re Motion to Disqualify Plaintiffs' Expert Thomas Kinney, M.D. |
| 12/21/2017 | 9432 | Order re Motion to Disqualify Plaintiffs' Experts Drs. Resnick, Vogelzang, and Desai |
| 12/22/2017 | 9433 | Order re Motion to Exclude Plaintiffs' Experts Drs. Parisian and Kessler |
| 12/22/2017 | 9434 | Order re Motion to Exclude Plaintiffs' Experts Drs. Kinney, Roberts, and Kalva |
| 01/22/2018 | 9770 | Order re Motion to Exclude Plaintiffs' Expert Dr. Eisenberg |
| 01/22/2018 | 9771 | Order re Motion to Exclude Plaintiffs' Expert Dr. Muehrcke |
| 01/22/2018 | 9772 | Order re Motion to Exclude Plaintiffs' Expert Dr. Hurst |
| 01/22/2018 | 9773 | Order re Motion to Exclude Plaintiffs' Expert Dr. Betensky |
| 02/06/2018 | 9991 | Order re Motion to Exclude Bard's Expert Dr. Grassi |
| 02/08/2018 | 10051 | Order re Motion to Exclude Plaintiffs' Expert Dr. McMeeking |
| 02/08/2018 | 10052 | Order re Motion to Exclude Plaintiffs' Expert Dr. Ritchie |
| 02/12/2018 | 10072 | Order re Motion to Exclude Plaintiffs' Experts Drs. Garcia and Streiff |
| 02/21/2018 | 10230 | Order re Motion to Exclude Bard's Experts Drs. Grassi and Morris |

| DAUBERT ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 02/21/2018 | 10231 | Order re Motion to Exclude Bard's Expert Dr. Morris |
| 04/16/2019 | 16992 | Order re Motion to Exclude Plaintiffs' Expert Dr. McMeeking |
| 04/23/2019 | 17285 | Order re Motion to Exclude Bard's Expert Dr. Morris |

| MOTIONS IN LIMINE ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 01/23/2018 | 9775 | CMO 30 re Motions Hearings, Motions in Limine, and Punitive Damages in Booker |
| 01/26/2018 | 9861 | Joint Stipulation re prohibiting raising certain issues in the presence of the jury for Booker Bellwether case |
| 01/29/2018 | 9881 | Order re admissibility of (1) pre-market clearance of Bard IVC filters by FDA and (2) the lack of FDA Enforcement Action against Bard |
| 02/15/2018 | 10075 | Order re Motions in Limine re Photographs of Mike Randall, Dr. Kinney work for Bard, Benevolent Activities, Evidence Not Produced in Complaint Files, Prior Judicial Opinions, Adverse Impact of a Plaintiff's Verdict, Informed Consent Form, Dr. Kang Social Media Posts, Personal Traits of Employees and Witnesses for Booker Bellwether case |
| 02/22/2018 | 10235 | Order re Parties' Joint Stipulation re prohibiting raising certain issues in the presence of the jury for Booker Bellwether case |
| 03/01/2018 | 10258 | Order re Motions in Limine re Recovery® Filter Complications, Recovery® Filter Development, FDA Warning Letter, IVC Filter as Lifesaving Devices, IVC filters are Gold Standard, Nonparties at Fault, Statements from Associations and Other Groups, FDA Consent for Warnings or Recalls for Booker Bellwether case |
| 03/09/2018 | 10382 | Order re Plaintiff's use of the depositions of Drs. Moritz, Rogers, and Stein at trial |

| MOTIONS IN LIMINE ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 03/19/2018 | 10489 | Order re Simon Nitinol Filter complication evidence |
| 04/18/2018 | 10819 | Order re reconsideration motions relating to Recovery® Filter Evidence and cephalad Migration Deaths for Jones Bellwether case |
| 04/27/2018 | 10920 | Order re Plaintiff's motion for reconsideration of Court Order excluding evidence of Recovery® Filter Cephalad Migration Deaths for Jones Bellwether case |
| 05/03/2018 | 10947 | Order re Motions in Limine re (1) Case Specific Medical Issues (2) Relatives receipt of IVC Filters, (3) Experts Retained In Other Litigation, (4) Attorney Advertising, (5) Other Lawsuits for Jones Bellwether case |
| 05/08/2018 | 11041 | Order re cephalad migration deaths for Jones Bellwether case |
| 05/15/2018 | 11082 | Order re reconsideration of Recovery migration deaths |
| 05/29/2018 | 11256 | Order re cephalad migration, Recovery filter and deaths and FDA evidence for Jones Bellwether case |
| 09/04/2018 | 12507 | Order re SIR Guidelines and IFU for Hyde Bellwether case |
| 09/07/2018 | 12533 | Order re cephalad migration deaths, SNF as reasonable alternative design, personal opinions of Dr. Muehrcke, informed consent, FDA evidence, Surgeon General's Call to Action, and falling accidents for Hyde Bellwether case |
| 04/23/2019 | 17285 | Order re medical care as an intervening cause of injury for Tinlin Bellwether case |
| 04/26/2019 | 17401 | Order re Ms. Tinlin's IVC Size, unrelated medical conditions, rates of filter complications, retrievable filter sales versus SNF sales, social security benefits, cephalad migration deaths, FDA warning letter, crisis communications plan, and patient at Dr. Muehrcke's hospital for Tinlin Bellwether case |

| DEPOSITION DESIGNATION ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 03/07/2018 | 10348 | Order re deposition designations for Booker Bellwether case |
| 03/12/2018 | 10403 | Order re deposition designations for Booker Bellwether case |
| 03/14/2018 | 10438 | Order re deposition designations for Booker Bellwether case |
| 03/19/2018 | 10486 | Order re deposition designations for Booker Bellwether case |
| 03/21/2018 | 10497 | Order re deposition designations for Booker Bellwether case |
| 03/26/2018 | 10524 | Order re deposition designations for Booker Bellwether case |
| 05/01/2018 | 10922 | Order re deposition designations for Jones Bellwether case |
| 05/10/2018 | 11064 | Order re deposition designations for Jones Bellwether case |
| 05/11/2018 | 11073 | Order re deposition designations for Jones Bellwether case |
| 05/14/2018 | 11080 | Order re deposition designations for Jones Bellwether case |
| 05/31/2018 | 11313 | Order re deposition designations for Jones Bellwether case |
| 08/27/2018 | 12357 | Order re deposition designations for Hyde Bellwether case |
| 09/04/2018 | 12508 | Order re deposition designations for Hyde Bellwether case |
| 09/12/2018 | 12590 | Order re deposition designations for Hyde Bellwether case |
| 09/13/2018 | 12595 | Order re deposition designations for Hyde Bellwether case |
| 09/17/2018 | 12598 | Order re deposition designations for Hyde Bellwether case |
| 04/26/2019 | 17386 | Order re deposition designations for Tinlin Bellwether case |
| 05/03/2019 | 17513 | Order re deposition designations for Tinlin Bellwether case |
| 05/07/2019 | 17582 | Order re deposition designations for Tinlin Bellwether case |

| MISCELLANEOUS ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 11/10/2015 | 269 | Amended Stipulated Protective Order re Confidentiality |
| 11/22/2017 | 8872 | Order re Bard's Motion for Summary Judgment on Preemption Grounds |

9

| MISCELLANEOUS ORDERS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 11/22/2017 | 8874 | Order re Bard's Motion for Summary Judgment for Booker Bellwether case |
| 03/12/2018 | 10404 | Order re Bard's Motion for Summary Judgment for Jones Bellwether case |
| 03/30/2018 | 10587 | Order re final trial preparation and setting Final Pretrial Conference for Jones Bellwether case. |
| 06/01/2018 | 11321 | Order re final trial preparation and setting Final Pretrial Conference for Mulkey Bellwether case. |
| 06/28/2018 | 11659 | Order re final trial preparation and setting Final Pretrial Conference for Kruse Bellwether case. |
| 07/13/2018 | 11871 | Order re final trial preparation and setting Final Pretrial Conference for Hyde Bellwether case. |
| 07/26/2018 | 12007 | Order re Bard's Motion for Summary Judgment for Hyde Bellwether case |
| 08/02/2018 | 12061 | Order re final trial preparation for Tinlin Bellwether case. |
| 08/17/2018 | 12202 | Order re Bard's Motion for Summary Judgment for Kruse Bellwether case |
| 09/12/2018 | 12589 | Order re Preemption of Negligence Per Se for Hyde Bellwether case |
| 09/13/2018 | 12593 | Order re reconsideration of Order denying Wisconsin Government Rules Rebuttable Presumption of Non-Defect for Hyde Bellwether case |
| 10/05/2018 | 12853 | Order re amended schedule for final trial preparation and setting Final Pretrial Conference for Mulkey and Tinlin Bellwether cases. |
| 10/16/2018 | 12971 | Order re amended schedule for final trial preparation and setting Final Pretrial Conference for Tinlin Bellwether case. |
| 04/16/2019 | 17008 | Order re Bard's Motion for Summary Judgment for Tinlin Bellwether case |
| 05/31/2019 | 18038 | Order re Plaintiffs Steering Committee's Motion to Modify CMO 6 to Increase the Common Benefit Assessments |

10

| MASTER AND SHORT-FORM PLEADINGS | | |
|---|---|---|
| **Date Filed** | **Doc. No.** | **Docket Text** |
| 10/30/2015 | 249 | CMO 2 re Setting Deadlines, First Phase of Discovery |
| 12/17/2015 | 363 | CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 3/17/2016 | 1108 | Amended CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 4/20/2016 | 1485 | Second Amended CMO 4 re Master Complaint, Responsive Pleadings, Short Form Complaint, Waiver, and Answer |
| 12/17/2015 | 364 | Master Complaint for Damages for Individual Claims |
| 11/30/2015 | 302 | Master Short Form Complaint for Damages for Individual Claims |
| 12/17/2015 | 366 | Defendants' Answer to Plaintiffs' Master Complaint |
| 12/17/2015 | 365 | CMO 5 re Plaintiff and Defendant Profile Forms |
| 03/03/2016 | 927 | Amended CMO 5 re Plaintiff and Defendant Profile Forms |
| 03/18/2016 | 1153-1 | Plaintiff Fact Sheet |
| 03/18/2016 | 1153-2 | Defendant Fact Sheet |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 79 | | 2/19/2004 Characterization of RNF - Migration resistance; TPR-04-02-02 REV 0 Test protocol for migration resistance Characterization of RNF - Migration resistance |
| 354 | | 9/19/2006 PPT re G2; Caudal Movement causes tilting which leads to perforation PPT last modified 3/16/2009 (custodian Mike Randall) |
| 443 | | 11/30/2008 G2 and G2X Fracture Analysis Reporting date range 7/1/2005 thru 11/30/2008 |
| 447 | | 4/1/2009 Filter - Fracture Analysis (June 2010) |
| 495 | | 3/26/2015 Recovery Filter System; Recovery Filter Overview |
| 504 | | Eclipse Concept POA |
| 545 | | Altonaga Deposition, 10/22/2013, Exhibit 03 - 2/26-2/27/2004 E-mail exchange b/w Hudnall and David Rauch of BPV Re. "Case for Caval Centering" |
| 546 | | Altonaga Deposition, 10/22/2013, Exhibit 04, Lehmann Deposition 4/2/13, Ex. 14 and Ferarra, Ex. 7, Barry Deposition, 01/31/2014, Exhibit 18 - 4/13-4/15/2004 E-mail exchange b/w Lee Lynch, Lehmann, and others Re. "Crisis Plan and Supporting Documents for Your Review" |
| 552 | | Asch 202, 5/18/1999 Letter from Thomas Kinst, Product Manager of Filters at NMT Medical, to Monica Coutanche, Marketing Manager at Bard Canada, Inc. |
| 553 | | Asch Deposition, 05/02/2016 - Exhibit 203 - 9/14/2002 Memo from Thomas Kinst to Recovery Filter Design History File Re. Recovery Filter Compassionate Use, Subject: "Conference call with Bard Peripheral Technologies regarding clinical assessment of Recovery Filter removal #5" |
| 556 | | Asch Deposition, 05/02/2016 - Exhibit 207 - 1/26/2001 Letter from Mount Sinai Hospital to Dr. Asch Re. "Assessment of a New Temporary/Removable IVC Filter" - and - 11/8/2001 Letter from Mount Sinai Research Ethics Board Re. "MSH Reference #01-0161-U |
| 557 | | Asch Ex. 208, BPV-17-01-00056765 -766, /28/2000 E-mail from Paul Stagg to Cavagnaro, Mellen, Uelmen, Vierling, and Field Re. "Fwd [2]: compassionate IVC filters" (from Asch) |
| 559 | | Asch Exh. 210, BPV-17-01-00052621, 4/17/2002- Email from George Cavagnaro to Doug Uelmen and Carol Vierling, dated April 18, 2002 |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 561 | | Asch Deposition, 05/02/2016 - Exhibit 212 - Special 510(k) Submission for the Recovery Filter System, K022236, dated 11/27/2002 |
| 563 | | Asch Deposition, 05/02/2016 - Exhibit 218 - Information for Use - Recovery Filter System, Dated 2004 |
| 567 | | Asch Deposition, 05/02/2016 - Exhibit 223 - 3/10/2003 Letter from Dr. Asch Re support for RF |
| 571 | | Baird Deposition, 06/09/2016 - Exhibit 301 - PowerPoint Presentation entitled BPV Filter Franchise Review dated 5/6/2008 (colored and 43 pages) |
| 587 | | Baird Deposition, 06/09/2016 - Exhibit 318 - Aug. 2010 Article by Nicholson et al. entitled "Online First: Prevalence of Fracture and Fragment Embolization of Bard Retrievable Vena Cava Filters and Clinical Implications Including Cardiac Perforation and Tamponade" |
| 588 | | Baird Deposition, 06/09/2016 - Exhibit 319 - 11/12/2009 E-mail from Bret Baird to Bill Little, John Van Vleet, and Gin Schulz, with others CC'ed, Re. "Bard Filter Fractures presentation online" |
| 589 | | Baird Deposition, 06/09/2016 - Exhibit 320 - ABA Project Agreement with BPV, Inc., dated 11/9/2010 |
| 590 | | Baird Deposition, 06/09/2016 - Exhibit 321 - 11/29-12/1/2010 E-mail exchange b/w Bret Baird and Jimmy Balwit Re. "White Paper, Proof 2" |
| 591 | | Baird Deposition, 06/09/2016 - Exhibit 322 - Bard Idea POA on the Denali Filter, Project No. 8108 Rev. 0.0, revised August 2009 by Bret Baird |
| 592 | | Baird Deposition, 06/09/2016 - Exhibit 325 - 4/28/2010 E-mail from Bret Baird to the Sales Team |
| 614 | | Betensky 02/2017 Expert Report - Adverse event reports and monthly sales totals through May 2011 |
| 631 | | Betensky Expert Report - DFMEA070044, Rev. 3: G2 Express - Design Failure Mode and Effects Analysis |
| 635 | | Betensky Expert Report - DFMEA070077, Rev. 1: Eclipse (Vail) Filter System - Design Failure Mode and Effects Analysis |
| 677 | | SOF Filter Fracture Analysis, August 2010, Reporting range 7/1/05 - 8/31/10, G2, G2X, and Eclipse |
| 691 | | Boyle, 02/02/2017, Exhibit 842 - E-mail chain first one from John Van Vleet to Steve Williamson, dated 11/5/2015, 6 pages |

2

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 696 | | Brauer Deposition, 05/23/2014 - Exhibit 16 - Testimony of Marcia Crosse, Director of Health Care, before the Subcommittee on Health, Committee on Energy and Commerce, House of Representatives Re. "Medical Devices ¬Shortcomings in FDA's Premarket Review, Postmarket Surveillance, and Inspections of Device Manufacturing Establishments", dated 6/18/2009 |
| 709 | | Brauer, 08/02/2017, Exhibit 1046 - Bard Simon Nitinol Filter, Postmarket Surveillance Study Amendment, August 10, 2014 |
| 730 | | Carr Deposition, 04/17/2013 - Exhibit 01 - Class of Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition Duces Tecum in Case No. 12-80951- CIV-ROSENBAUM |
| 735 | | Carr Deposition, 04/17/2013 - Exhibit 07 - Bard Idea POA - Eclipse Anchor Filter, caudal migration, Rev 0, 4/1/2010 E-mail exchange b/w Tracy Estrada and Ed Fitzpatrick |
| 737 | | Carr Deposition, 04/17/2013 - Exhibit 09 - 8/22-8/25/2008 E-mail exchange b/w Bret Bard, Mike Randall, and Natalie Wong Re. "[Redacted] Conference call - complaint on fracture" |
| 755 | | Carr Deposition, 10/29/2014 - Exhibit 3A - E-mail exchange b/w Hudnall and others from 3/9-10/4/2005 Re. "Special Accounts Roadshow" |
| 764 | REDACTED | Carr Deposition, 11/05/2013 - Exhibit 14 - 5/27/2004 E-mail b/w Greer, Carr, Hudnall, and Sullivan re. "Bariatric patients and filters", "Stay out of the buffet line", BPVE-01-00010858 -859 |
| 769 | | Carr Deposition, 12/19/2013 - Exhibit 05 - BPV Meridian Claims Matrix, dated 7/2/2010 |
| 770 | | Carr Deposition, 12/19/2013 - Exhibit 06 - Bard's Denali Concept Product Opportunity Appraisal, POA-8108, Rev. 1.0 |
| 800 | | Carr Deposition, 12/19/2014 - Exhibit 18 - NMT RNF PDT Meeting Notes re Product Development Team, 01/13/1998 |
| 802 | | Carr Deposition, 12/19/2014 - Exhibit 20 - NMT R&D Technical Report, RD-RPT-128, 09/01/2000, Investigation Report of a Migrated Recovery Filter in the Human Use Experience at Mt. Sinai Hospital |
| 854 | REDACTED | Carr Deposition, November 5, 2013 - Exhibit 15 - 12/12/2004 E-mail from Uelmen to Kellee Jones, attaching 12/9/2004 Remedial Action Plan (Revised) SPA-04-12-01 |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 876 | | Chanduszko Deposition, 04/23/2015 - Exhibit 17 - Pages 30-44 of Notebook No. 7013, Project: Recovery Filter Arm Fatigue Testing |
| 905 | | Ferrara Exh. 19, BPVE-01-00245186 -188, Email chain re G2 Caudal Migrations 12/27/2005 |
| 922 | | Ciavarella Deposition, 11/12/2013 - Exhibit 22 - Chart of Sales and Adverse Events for all competitors from Q3/00 through Q2/03, according to the MAUDE database. |
| 923 | | Ciavarella Deposition, 11/12/2013 - Exhibit 24 - Summary of Sales and Adverse Events for all competitors from 01/00 through Q1/04 |
| 924 | | Ciavarella Deposition, 11/12/2013 - Exhibit 26 - Chart of Sales and Adverse Events for all competitors from 01/00 through Q1 2006, according to the MAUDE database. |
| 925 | | Ciavarella Deposition, 11/12/2013 - Exhibit 28 - PowerPoint presentation entitled "Filters Complaint History Data as of 7/31/2007" by Natalie Wong. |
| 926 | REDACTED | Ciavarella Deposition, 11/12/2013 - Exhibit 31 - 8/3/2005 Memo from C. Ganser to T. Ring/J. Weiland Re. IVC Recovery Filter Adverse Events (Migrations/Fractures) |
| 927 | | Ciavarella Deposition, 11/12/2013 - Exhibit 35 - Health Hazard Evaluation Memo from Ciavarella to Uelmen Re. "Recovery Filter - Consultant's report", dated 12/17/2004 |
| 931 | | Ciavarella Deposition, 11/12/2013 - Exhibit 39 - Draft of Updated Health Hazard Evaluation Memo from Ciavarella to Uelmen, re: "Limb Fractures of Recovery Filter", dated 7/9/2004. |
| 932 | | SWOT Analysis; 5/6/2008 PowerPoint presentation entitled "Filter Franchise Review" BPVE-01-00622862 - 900 |
| 945 | | Cohen Exh. 736, BPVE-01-00074004 - 006, IVC Filters - Covered Stents, Monthly Report April, 2004 |
| 965 | | Cohen Exh. 757, BPVEFILTER-01-00148562, E-mail dated 12/15/04, with attached FDA Filter Information, FDA called Temple to speak with Cohen |
| 991 | | Cortelezzi, 11/11/2016, Exhibit 586 - 12/23/2005 E-mail from David Ciavarella Re. "G2 Caudal Migrations", forwarded to Brian Barry on 12/27. Worst case consequence of migrations - accompanied in a majority of tilt cases. Would like to now look at G2 complaints. |

4

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 992 | | Cortelezzi, 11/11/2016, Exhibit 588 - 7/16/2005 E-mail from Jason Greer to many Re. "Westy's situation…everyone's situation", detailing Bard's need to respond to Cordis' bringing forward the Maude database to physicians and "causing a problem" |
| 994 | | D'Ayala Exh. 4, G2 Filter System for Permanent Placement, IFU, G2 Filter System, 10/2006, Rev. 5, PK5100030, BPV-17-01-00137425 - 432 (also used with Muehrcke) |
| 1001 | | D'Ayala Exh. 13, Evidence-Based Evaluation of Inferior Vena Cava Filter Complications Based on Filter Type |
| 1006 | | DeCant Deposition, 05/24/2016 - Exhibit 254 - 12/9/2003 Meeting Minutes Memo from Brian Hudson to Len DeCant, Mike Casanova, Robert Carr, and Alex Tessmer Re. "Special Design Review for Recovery (Project #'s 7081 and 8008)" |
| 1009 | REDACTED | DeCant Deposition, 05/24/2016 - Exhibit 258 - 4/6/2004 Memo from Peter Palermo to Doug Uelmen Re. "Remedial Action Plan - BPV Recovery Nitinol Vena Cava Filter", including the Remedial Action Plan SPA 04-03-01 on the Recovery Filter, dated 3/26/2004 |
| 1014 | REDACTED | DeCant Deposition, 05/24/2016 - Exhibit 264 - 6/11/2004 Memo from Pete Palermo to Doug Uelmen Re. "Remedial Action Plan - BPV Recovery Filter - Migration" |
| 1018 | REDACTED | DeCant Deposition, 05/24/2016 - Exhibit 268 - 9/27/2004 Memo from Pete Palermo to Doug Uelmen Re. "Remedial Action Plan - BPV Recovery Filter - Migration (SPA-04-05-01)" |
| 1022 | REDACTED | DeCant Deposition, 05/24/2016 - Exhibit 274 - Failure Investigation Report on the Recovery Filter Migration, FIR-04-12-01 Rev. 00 |
| 1023 | | DeCant Deposition, 05/24/2016 - Exhibit 275 - Internal Presentation on the G2 Filter System for Permanent Use, detailing the design modifications, features/benefits, and comparison to the Recovery Filter |
| 1031 | REDACTED | Deford Deposition, 06/02/2016 - Exhibit 283 - BPV File on The Recovery Filter Migration, including Minutes from the 2/12/2004 Migration Meeting |
| 1036 | | Deford Deposition, 06/02/2016 - Exhibit 296 - 9/26-9/27/2007 High Importance E-mail exchange b/w Dennis Salzmann, John Van Vleet, and John Reviere of BPV, with others CC'ed, Re. "Comments on Rev H". Discussion about concern for over-reporting of the SIR guidelines re- classification and removal of the retroperitoneal bleed, and replacing consultant John Lehmann |

5

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 1053 | | Edwards Deposition, 01/20/2014 - Exhibit 02 - 3/28/2003 Document RE. "Product Opportunity Appraisal for Recovery Filter", FM070018, Doc No. POA-7081, Version 000 |
| 1062 | | BPV PowerPoint presentation entitled "BPV/AngioMed New Product Development Review Meeting - April 26, 2004" |
| 1130 | | Ferrara Exh. 3, Email Chain from Regina Busenbark to Robert Ferrara 1-12-2006 |
| 1133 | | Ferrera Deposition, 04/07/2017, Exhibit 11 - Recovery Filter Arm Fracture, Remedial Action Plan September 2, 2004 |
| 1140 | REDACTED | Ferrera Deposition, 04/07/2017, Exhibit 25 - Presentation titled Filter-Fracture Analysis |
| 1149 | | Fuller Deposition, 01/11/2016 - Exhibit 123 - NMT Report Entitled "Line Extension to the Simon Nitinol Filter®/Straight Line System, To Be Referred As: TRADEMARK Retrievable Filter" |
| 1211 | | Ganser Deposition, 10/11/2016 - Exhibit 516 - 21 U.S.C.A. § 351, Adultered Drugs and Devices, Effective 7/9/2012 |
| 1214 | REDACTED | Ganser Deposition, 10/11/2016 - Exhibit 523 - Several memos: (1) 12/8/2004  BPV Memo from John McDermott to Tim Ring and John Weiland Re. "Monthly Global PV Report - November 2004"; (2) 12/8/2005  BPV Memo from John McDermott to Tim Ring and John Weiland Re. "Monthly Global PV Report - November 2005; (3) 2/10/2006 BPV Memo from John McDermott to Tim Ring and John Weiland Re. "Monthly Global PV Report - January 2006; and (4) 2/8/2007  BPV Memo from John McDermott to Tim Ring and John Weiland Re. "Monthly Global PV Report - January 2007 |
| 1216 | | Ganser Deposition, 10/11/2016 - Exhibit 526 - Regulatory Affairs Manual Re. "Product Remedial Actions", RA-STD-002 Rev. 08, dated 10/12/2000 |
| 1219 | REDACTED | Ganser Deposition, 10/11/2016 - Exhibit 529 - 6/30/2004 Updated Health Hazard Evaluation from David Ciavarella, M.D. to Doug Uelmen Re. "Migration of Recovery Filter" |
| 1220 | REDACTED | Ganser Deposition, 10/11/2016 - Exhibit 530 - 8/25/2004 E-mail from Avijit Mukherjee to Robert Carr, Janet Hudnall CC'ed, Re. "Recovery Filter objective statement", proposing one objective statement for the Recovery Filter G1A project, which Hudnall thought sounded "great" |
| 1221 | REDACTED | Ganser Deposition, 10/11/2016 - Exhibit 533 - 2/15/2006 Health Hazard Evaluation from David Ciavarella to Gin Schulz Re. "G2 Inferior Vena Cava Filter - Migration" |

6

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 1222 | REDACTED | Ganser Deposition, 10/11/2016 - Exhibit 534 - PowerPoint Presentation for a meeting to analyze EVEREST and MAUDE data and provide justifications for proposed changes to G2 filter |
| 1295 | | Graves Deposition, 02/27/2014 - Exhibit 10 - 3/23/2006 E-mail exchange b/w Mickey Graves and Charlie Simpson, FEA on G2, regarding Historical FEA analysis |
| 1335 | | Hudnall Deposition, 11/01/2013, Exhibit 21 - Brochure - Recovery Cone Removal System |
| 1336 | | Hudnall Deposition, 11/01/2013, Exhibit 22 - Recovery G2 Filter System brochure |
| 1337 | | Hudnall Deposition, 11/01/2013, Exhibit 23 - G2 Brochure (permanent) - Patient Questions & Answers and Bard's website page about G2 Filter System, Indicated for removal, 6/10/2010 |
| 1339 | REDACTED | Hudnall Deposition, 11/01/2013, Exhibit 29 - 7/6/2004 E-mail exchange b/w Hudnall and Bob Cortelezzi Re. "Maude Website Discussion" |
| 1369 | | Hudson Deposition, 01/17/2014 - Exhibit 16 - 3/24/2004 E-mail from Alex Tessmer to Charlie Benware and Ed Fitzpatrick Re. "Starguide Filter Migration Test Results" |
| 1370 | | Hudson Deposition, 01/17/2014 - Exhibit 18 - 12/11/2003 E-mail exchange b/w Brian Hudson and Janet Hudnall, others CC'ed, Re. "Special Design Review for Recovery - Meeting Minutes". |
| 1383 | | Hudson Deposition, 01/17/2014, Exhibit 13 - BPV Engineering Test Report - Characterization of Recovery Filter Migration Resistance in Comparison to Competitive Product - Phase 1, ETR-04-03-02, Rev 0. |
| 1500 | | Kessler Report - August 7, 2010, John Van Vleet emailed BPV President Jim Beasley, Marketing Director Bill Little, and V.P. of QA Gin Schulz |
| 1517 | | EVEREST Track wise and MAUDE PowerPoint, BPV-17-01-00188507 |
| 1568 | | Kessler Report - September 30, 2010 memo from Brett Baird to Eclipse DRT, with the subject line "Eclipse Post-Market Design Review/Marketing Summary," stated: "The objective of the Eclipse Filter project was to enhance the G2 X filter surface finish…" |
| 1578 | | ETR-06-28-29, revision 0, project #8049, Caudal Migration Test Method Development and G2 Filter Resistance Test Report, 11/27/06, BPVE-01-00789532 |

7

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 1580 | REDACTED | Kessler Report -July 12, 2004 email from Bard's VP of Regulatory Sciences Chris Ganser, to Tim Ring and John Weiland, attached "an executive summary of Recovery Filter adverse events (migration and fracture)" |
| 1594 | REDACTED | Lehmann Deposition, 04/02/2013 - Exhibit 08 - 2/16/2005 E-mail from Charlie Simpson to Hudnall Re. "American Venous Forum - Mary Protocor presented an evaluation of filter related findings from the Maude database" |
| 1612 | | Lehmann Deposition, 08/07/2014, Exhibit 08 - Updated Health Hazard Evaluation Memo from Ciavarella to Uelmen, re: "Limb Fractures of Recovery Filter", dated 7/9/2004 |
| 1613 | | Lehmann Deposition, 08/07/2014, Exhibit 09 - 6/10/2004 E-mail exchange b/w Ciavarella and Cindi Walcott Re. "Recovery Filter/Detachments" |
| 1616 | | Little Deposition, 06/27/2016 - Exhibit 2003 - "Patient Questions & Answers" Brochure for the G2 Filter System |
| 1617 | | Little Deposition, 06/27/2016 - Exhibit 2004 - Chart entitled "EVEREST/Cook Celect Clinical Comparison" |
| 1618 | | Little Deposition, 06/27/2016 - Exhibit 2005 - 4/27/2010 BPV Memo from Filter Marketing to Bill Little Re. "Filter naming", detailing the name rational for the Eclipse and Denali |
| 1621 | | Little Deposition, 06/27/2016 - Exhibit 2009 - "Fractures of a Nitinol IVC Filter" presentation by Dr. W. Jay Nicholson on www.CRTonline.org, in which he reviewed a single center experience on fractures with the Bard Recovery and G2 filters |
| 1643 | | McDermott Deposition, 02/05/2014 - Exhibit 02 - Bard's Product Performance Specification Report on the Recovery Filter and Femoral Delivery System, PPS No. PPS070016 Rev. 0 |
| 1680 | REDACTED | McDonald Deposition, 07/29/2016 - Exhibit 21 - 7/13/2015 Warning Letter from the FDA regarding the 11/25/2014 Inspection of the C.R. Bard facility in NY and the 11/18/2014-1/5/2015 Inspection of the BPV facility in AZ |
| 1740 | | Modra Deposition, 06/06/2014 - Exhibit 5 - 1/18/2010 E-mail from Bret Baird (Marketing Manager of IVC Filters) to Sales Team list serve (TPE-PV Sales-DG) Re. "Important: Eclipse Vena Cava Filter Launch Details" |
| 1742 | | Modra Deposition, 06/06/2014 - Exhibit 7 - Product Opportunity Appraisal for the G2 Platinum Concept, POA-8088 Rev. 1.0, Revised on 5/5/2009 |
| 1763 | | Modra, 01/26/2017, Exhibit 771A - Chart entitled "Design Failure Mode and Effects Analysis" on the Simon Nitinol Filter - SNF/SL Filter Sets (DFMEA070042 Rev. 1) |

8

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 1787 | | Orms Deposition, 08/16/2016 - Exhibit 13 - 11/9/2010 E-mail Thread from Chris Smith Re. "Northside(S) Filter Business" |
| 1788 | | Orms Deposition, 08/16/2016 - Exhibit 14 - 10/2/2010 E-mail Thread from Jeffrey Pellicio Re. "Meridian Commercialization Plan" |
| 1817 | | Raji-Kubba Deposition, 07/18/2016 - Exhibit 301 - 5/14/2009 E-mail from Bill Edwards to Raji-Kubba and Mike Randall Re. "Tomorrow" |
| 1821 | | Raji-Kubba Deposition, 07/18/2016 - Exhibit 305 - 11/12/2009 E-mail from Bret Baird to Bill Little, John Van Vleet, and Gin Schulz |
| 1822 | | Raji-Kubba Deposition, 07/18/2016 - Exhibit 307 - 1/21/2010 Bard Memo from Jeffrey Pellicio to "Reviewers" |
| 1823 | | Raji-Kubba Deposition, 07/18/2016 - Exhibit 308 - 1/4/2010 E-mail from Gin Schulz to Beasley, Raji-Kubba, Van Vleet, Doherty, and Little Re. "Potential Actions" |
| 1825 | | Raji-Kubba Deposition, 07/18/2016 - Exhibit 310 - 9/1/2009 E-mail from Mike Randall Re. "0809 Filters Monthly Report.doc" |
| 1861 | Only admitted Pgs. 38 & 70 | Randall, 01/18/2017, Exhibit 634 - Binder labeled "Meridian Design History File DHF, Vol. II" |
| 1912 | | Romney Deposition, 09/07/2016 - Exhibit 2039 3/16/2006 E-mail from Jason Greer to Janet Hudnall |
| 1926 | | Romney, 01/18/2017, Exhibit 2061 - 8/6/2014 E-mail from Schyler Smith, Field Manager for BPV in Washington-Idaho-Montana, to Kim Romney, Subject redacted, relaying that a redacted doctor had placed a Meridian in the past year and discovered at retrieval that an arm fractured, which imaging confirmed had occurred within 1 week of placement, and was now wondering if he should try to remove the filter or leave it in. Van Vleet forwarded to Treratola in a high importance e-mail on 8/7, requesting that he contact the doctor on Bard's behalf. |
| 1940 | REDACTED | Schulz Deposition, 01/30/2014 - Exhibit 11 - Chart of Adverse Events and Deaths for all competitors from Prior Evaluation through Q3 2005 and from |
| 1941 | REDACTED | Schulz Deposition, 01/30/2014 - Exhibit 12 - 11/30/2005 E-mail exchange b/w Gin Schulz and Kellee Jones re Gin, G2 v. Maude and attachments, Spread Sheet - Filter Sales (IMS Q1 '00 to Q4 '04, + Trend Q1 - Q3 '05) |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 1944 | | Schulz Deposition, 01/30/2014 - Exhibit 15 - 5/19/2006 E-mail from Natalie Wong to Gin Schulz and Candi Long, attaching the PowerPoint Presentation on "Recovery (Gen 1) Fracture Slides" (included in exhibit) and RNF Fracture Report (not included), updated to be current as of 5/18/2006 for the Management Review |
| 1945 | | Schulz Exh. 16, BPVEFILTER-01-00008798 - 851, 10/1/2006 E-mail from Natalie Wong to Several Re. "Fracture Docs" |
| 1946 | | Schulz Deposition, 01/30/2014 - Exhibit 17 - 2/2/2006 E-mail from Gin Schulz to Several Re. "Minutes" |
| 1947 | | Schulz Deposition, 01/30/2014 - Exhibit 19 - 5/10/2006 E-mail from Natalie Wong Re. "FDA Proposed Response" |
| 1948 | | Schulz Deposition, 01/30/2014 - Exhibit 2 - 1/31/2006 E-mail from Gin Schulz to Mickey Graves and Natalie Wong Re. "Caudal" |
| 1949 | | Schulz Deposition, 01/30/2014 - Exhibit 21 - 6/28/2011 Email Chain from Brian Hudson to Kevin Bovee and Chad Modra Re Talking Points Including attachment |
| 1950 | | Schulz Deposition, 01/30/2014 - Exhibit 4 - Meeting Summary of the IVC Filter Focus Group meeting held on 6/1/2006 in Chicago, IL at Hilton O'Hare |
| 1951 | | Schulz Deposition, 01/30/2014 - Exhibit 5 - 1/31/2005 Memo from Peter Palermo to Kerry Chunko Re. "Quality Plan 2005" |
| 2045 | | Sullivan Deposition, 09/16/2016 - Exhibit 431 - Marketing Brochure - G2 Filter System for Permanent Placement |
| 2048 | REDACTED | Sullivan Deposition, 09/16/2016 - Exhibit 437 - Document entitled "Failure Investigations/R002 History Review" |
| 2049 | | Sullivan Deposition, 09/16/2016 - Exhibit 439 - 11/17/2004 Updated Health Hazard Evaluation Memo from David Ciavarella, M.D. to Doug Uelmen, Re: "Limb Fractures of Recovery Filter" |
| 2052 | | Wong Exh. 546, BPVE-01-01239757 - 775, Draft of PowerPoint Presentation entitled "G2 and G2X Fracture Analysis", dated 11/30/2008 |
| 2057 | REDACTED | Sullivan, 11/03/2016, Exhibit 442 - Recovery Filter Migration Remedial Action Plan SPA-04-12-01 dated 1/4/2005, including the Lehmann Report and Dr. Ciavarella's 12/17/2004 HHE titled "Recovery Filter - Consultant's report" |
| 2059 | | Tessmer Deposition, 06/12/2013 - Exhibit 02 - Project Status Report Form for the Recovery Filter, Project No. 7081, initiated 7/1/2002 with the goal to "Investigate Migration"; FM0700160, Rev. 1 |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 2061 | | Tessmer 5, BPVE-01-00000230, 2/4/2004 E-mail from Alex Tessmer to Several Re. "Updated: Filter Migration Flow Loop Test Fixture" |
| 2062 | | Tessmer Deposition, 06/12/2013 - Exhibit 07 - 1/14/2004 Memo from Rob Carr to File Re. "Design Review Meeting Minutes Response" |
| 2063 | | Tessmer Deposition, 06/12/2013 - Exhibit 08 - 2/25/2004 E-mail from Alex Tessmer to Robert Carr and Brian Hudson Re. "Filter Migration Test Results |
| 2065 | | Tessmer Deposition, 06/12/2013 - Exhibit 11 - BPV Engineering Test Report - Characterization of Recovery Filter Migration Resistance When Legs are Crossed or Hooks Removed - Phase 2, ETR-04-03-10, Rev 0 |
| 2068 | | Tessmer Deposition, 06/12/2013 - Exhibit 17 - 6/8/2004 "High" Importance E-mail from Alex Tessmer to Carr, Chanduszko, and Hudson Re. "Filter Improvement DOE" |
| 2069 | | Tessmer Deposition, 06/12/2013 - Exhibit 19 - 8/26/2004 E-mail from Alex Tessmer to Robert Carr and Avijit Mukherjee Re. "Corporate Presentations" |
| 2090 | | Tillman, 08/04/2017, Exhibit 1064 - NMT PowerPoint, Cprdos, 06/14/2000 |
| 2105 | | Trerotola, 01/20/2017, Exhibit 692 - 4/30/2015 E-mail from Dr. Trerotola to John Van Vleet, forwarding an article from Forbes Magazine about ALN filters entitled "Effect of a Retrievable IVC Filter Plus Anticoagulation vs. Anticoagulation Alone on Risk of Recurrent PE: A Randomized Clinic Trial". Per Trerotola, "not good for ALN...and maybe not good for the industry". The article was discussed through 5/4, as they were meeting that day to review articles before meeting with JVV. |
| 2149 | | Vierling Deposition, 05/11/2016 - Exhibit 231 - 12/13/2001 E-mail from Carol Vierling to kaufmajo@ohsu.edu, Paul Stagg, and Connie Murray Re. "RF Protocol" |
| 2153 | | Vierling Deposition, 05/11/2016 - Exhibit 236 - 6/3/2002 Memo from Lynn Buchanan-Kopp to Project 7081 Design History File Recovery Filter Project Team Re. "Project Phase Clarification", defining the 3 phases of the Recovery filter project (I. Permanent; II. Intraprocedural Removal; and III. Long-Term Removable), as decided at the project team meeting on 5/20/2002 |
| 2217 | | Williamson Deposition, 09/07/2016 - Exhibit 105 - Cover page entitled "Attachment 1.14", followed by the 1/23/2015 Memo from Ludwig to Chad Modra Re. "IVC Filters Retrospective Review", detailing the 2-year review |

11

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| | | of 939 filter complaints from 1/2013 to 1/2015, with a chart detailing whether the MDR classification changed for any complaints |
| 2238 | | Wilson, 01/31/2017, Exhibit 801 - E-mail string, Subject: Meridian Commercialization Plan |
| 2243 | | Wong Deposition, 10/18/2016 - Exhibit 537 - 4/23/2004 E-mail from John Lehmann to Carr and Uelmen Re. "Draft data set for statistician" |
| 2244 | REDACTED | Wong Deposition, 10/18/2016 - Exhibit 538 - 12/17/2004 Health Hazard Evaluation from David Ciavarella to Doug Uelmen Re. "Recovery Filter - Consultant's Report", detailing the 76 reports of the Recovery filter, with 32 serious injury and 10 deaths of the 20,827 units sold during the reporting period |
| 2245 | | Wong Exh. 540, Recovery Gen 1, Fracture and Migration Complaint Update, 6-20-2006 |
| 2245 | | Wong Deposition, 10/18/2016 - Exhibit 540 - Confidential PowerPoint Presentation entitled "Recovery (Gen 1) - Fracture and Migration Complaint Update," dated 6/20/2006 |
| 2246 | | Wong Exh. 541, BPVE-01-01512188, Email from Natalie Wong to Gin Schulz Re RNF Fracture Report 8-1-06, 8-4-2006 |
| 2247 | | Wong Deposition, 10/18/2016 - Exhibit 542 - 12/2/2009 E-mail exchange b/w Sandy Kerns and Natalie Wong Re. "Filter Fractures" |
| 2248 | | Wong Deposition, 10/18/2016 - Exhibit 543 - PAT PowerPoint Presentation entitled "G2 Caudal Migration Update," dated 3/2/2006, which Wong circulated via e-mail on 3/2/2006 to several for the presentation that afternoon |
| 2249 | | Wong Deposition, 10/18/2016 - Exhibit 544 - 5/18/2006 Natalie Wong meeting documents, email re "Caudal Investigation" with attachments of G2 Caudal Report 05.18.06 and Caudal Pre-PAT minutes |
| 2250 | | Wong Deposition, 10/18/2016 - Exhibit 545 - BPV's Failure Investigation Report on the G2 Filter - Caudal Migration, FIR-06-01-01, unsigned and forwarded by Wong to Gin Schulz for her review, in anticipation of the Friday deadline |
| 2251 | | Wong Deposition, 10/18/2016 - Exhibit 547 - 4/10/2006 High Importance E-mail from Cindi Walcott to Allen, Schulz, and McDermott Re. "FW: FDA Request for Information" |
| 2252 | | Wong Deposition, 10/18/2016 - Exhibit 548 - 9/25/2007 E-mail from John Lehmann to John Van Vleet and John Reviere Re. "EVEREST FSR rev H and supporting redlines |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 2253 | | Wong Deposition, 10/18/2016 - Exhibit 549 - 5/27/2004 E-mail from Natalie Wong to Doug Uelmen Re. "Recovery Stats" |
| 2254 | | Wong Deposition, 10/18/2016 - Exhibit 552 - 2/17/2006 Memo from Mickey Graves and Natalie Wong Re. "Recovery Filter (Generation 1) Product Assessment Team Minutes - Fractures" |
| 3262 | REDACTED | Complaint File - 03/09/2010, 263280, G2 - RF310F, 2907 Detachment of device or device component |
| 3270 | REDACTED | Complaint File - 03/30/2010, 266286, G2 - RF310F, 2907 Detachment of device or device component |
| 3304 | REDACTED | Complaint File - 07/28/2010, 282326, Eclipse - EC500J, 2907 Detachment of device or device component; 2907M Filter Limb(s) |
| 3572 | | Securities and Exchange Commission Form 10-K for C.R. Bard, Inc. for the fiscal year ended December 31st, 2016 |
| 3573 | | Securities and Exchange Commission Form 10-Q for C.R. Bard, Inc. for the quarterly period ended September 30th, 2017 |
| 4327 | REDACTED | 2/10/06 monthly meeting - redesign due to caudal migration (excludes last 4 pages) |
| 4328 | | Ganser Exh. 517 Device Labeling Guidance, General Program Memorandum |
| 4330 | | Asch Deposition, 05/02/2016 - Exhibit 206, July 21, 1999 letter to Dr. Freeland from Dr. Asch |
| 4332 | | Updated CV of Murray Asch |
| 4392 | | Truthfulness and Accuracy Statement Vierling Deposition, Exhibit 227 |
| 4409 | | G2 Brochure 2 |
| 4412 | | Email from: Gin Schulz to Kevin Shiffrin regarding Recovery Filter Limb Fractures with attachment of RF Limb detach |
| 4414 | | Email from Brian Reinkensmeyer to Baird cc Pellicio and Randall re "Filter study Idea" |
| 4415 | | Email from Mike Randall to Carr and Raji-Kubba re "Misclassified??" |
| 4416 | | Bill Little email re Eclipse Filter Naming |
| 4420 | REDACTED | Meridian Vena Cava Filter and Jugular Delivery System Product Performance Specification PPS, Revision 3 |

13

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 4428 | | Eclipse Vena Cava Filter Ad |
| 4430 | | Eclipse Vena Cava Filter Brochure |
| 4433 | | Eclipse Vena Cava Filter Patient Questions & Answers |
| 4438 | | G2 Express Vena Cava Filter Brochure |
| 4454 | | Eclipse Vena Cava Filter Concept POA, Revision 2 |
| 4455 | | Vail Vena Cava Filter DIS |
| 4456 | | Eclipse Vena Cava Filter Product Performance Specification (PPS) |
| 4457 | | Vail Filter System DFMEA |
| 4459 | | Eclipse Vena Cava Filter Jugular Vein Approach IFU |
| 4467 | | 8/12/2011 email from Mike Randall to Joni Creal re Corp approval needed for Cleveland Clinic Studies w/ attached PowerPoint slides re Filter Fixation and Migration: Forces and Design |
| 4468 | | 6/10/2011 email from Mike Randall re Meridian Presentation for SSM 2011 |
| 4469 | | Data Source Evaluation memo from Natalie Wong to Quality Systems Coordinator, October 2010 |
| 4486 | | G2 Express Project Plan FM0700150 Rev 6 1-30-07 |
| 4499 | | Meridian Vena Cava Filter vs. Eclipse Vena Cava Filter |
| 4504 | REDACTED | Monthly Management Report, dated 4/8/09 |
| 4507 | REDACTED | Monthly Management Report, dated 7/9/09 |
| 4509 | REDACTED | Monthly Management Report, dated 10/8/09 |
| 4512 | REDACTED | Monthly Management Report, dated 1/1/10 |
| 4514 | REDACTED | Monthly Management Report, dated 3/8/10 |
| 4515 | Only admitted pgs. 12 & 13 | Monthly Management Report, dated 4/8/10 |

14

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 4519 | REDACTED | Monthly Management Report, dated 8/9/10 |
| 4522 | REDACTED | Monthly Management Report, dated 11/8/10 |
| 4528 | REDACTED | Monthly Management Report, dated 5/9/11 |
| 4532 | REDACTED | Monthly Management Report, dated 9/9/11 |
| 4533 | REDACTED | Monthly Management Report, dated 10/10/11 |
| 4534 | REDACTED | Monthly Management Report, dated 11/8/11 |
| 4552 | | Decant Deposition Exhibit 273, Failure Investigation Report, Recovery Filter Migration FIR-04-12-02, Rev. 00 |
| 4554 | | NMT Medical, BSC Presentation, 5/22/2000 |
| 4565 | | FRE 1006 Chart - Plaintiff's Compilation Complaint Record Detail |
| 4595 | | Kandarpa Deposition, 07/19/2018 - Exhibit 05 - Medical Monitor Meeting Minutes, August 29, 2005, Beechwood Hotel, Worcester, MA, Version 1.0 (6 pages), signed 12/16/05. *only the last page is bates stamped BBA-00012962 |
| 4596 | | Kandarpa Deposition, 07/19/2018 - Exhibit 06 - Everest Clinical Trial, Medical Monitor Meeting agenda and power point, June 19, 2006, Revision B |
| 4599 | | Kandarpa Deposition, 07/19/2018 - Exhibit 09 - Summary of Filter Movement, 5mm or greater, Final Clinical Summary Report EVEREST |
| 4600 | | Kandarpa Deposition, 07/19/2018 - Exhibit 10 - Device Observation Table (as of 10/23/2006) |
| 4601 | | Kandarpa Deposition, 07/19/2018 - Exhibit 11 - Listing of Device Observations, Final Clinical Summary Report EVEREST |
| 4602 | | Kandarpa Deposition, 07/19/2018 - Exhibit 12 - Adjudication Manual of Operations, EVEREST (trial exhibit 5983 |
| 4603 | | Kandarpa Deposition, 07/19/2018 - Exhibit 13 - Recovery G2 Filter System - Femoral and Jugular/Subclavian Delivery Kits, Tradition 510(k), October 31, 2007 |
| 4604 | | Kandarpa Deposition, 07/19/2018 - Exhibit 14 - Article entitled "Technical Success and Safety of Retrieval of the G2 Filter in a Prospective, Multicenter Study", Nov. 2009 |

15

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 4607 | | Kandarpa Deposition, 07/19/2018 - Exhibit 17 - Memorandum dated June 21, 2006 Subject: G2 Caudal Migration Failure Investigation Team Agenda, From Natalie Wong |
| 4617 | | VanVleet Deposition, 09/26/2016 - Exhibit 496 - Bard Recovery G2 EVEREST Final Study Report |
| 4785 | | Fermanich Deposition, 3/17/17 - Exhibit 2: Email, from Tim Hug, 3/19/10, Re: Adversity-How are you going to respond (6 pages) |
| 4786 | | Fermanich Deposition, 3/17/17 - Exhibit 3: Email, from Tim Hug, 4/27/10, Re: Flair-April Expected Results (3 pages) |
| 4794 | | Fermanich Deposition, 3/17/17 - Exhibit 11: Email from Tim Hug to Hans Yentz (and others), 2/9/10, Subject: Filter Accounts-Eclipse Transition (2 pages) |
| 4795 | | Fermanich Deposition, 3/17/17 - Exhibit 12: G2 Filter product brochure (4 pages) |
| 4797 | | Fermanich Deposition, 3/17/17 - Exhibit 14: Email from Tim Hug to Nine Aghakhan (and others), 3/24/10, Subject: FW: G2 X not available for order (2 pages) |
| 4798 | | Fermanich Deposition, 3/17/17 - Exhibit 15: Email from Bret Baird to TPW-PV Sales-DG, 4/28/10, Subject: When was the last time… (2 pages) |
| 4800 | | Fermanich Deposition, 3/17/17 - Exhibit 17: Email from David Ciavarella to Brian Berry (and others), 12/27/05, Subject: FW: G2 Caudal Migrations (2 pages) |
| 4804 | Only admitted 1st email, redacted other emails | Fermanich Deposition, 3/17/17 - Exhibit 21: Email from Mary Christine Starr to Matt Fermanich, 2/17/11, Subject: RE: Technician Registration (4 pages) |
| 4806 | Only admitted pg. 2 | Fermanich Deposition, 3/17/17 - Exhibit 23: Email from Cynthia L. Haas to Matt Fermanich, 4/21/11, Subject: RE: Expired product (7 pages) |
| 4809 | | Fermanich Deposition, 3/17/17 - Exhibit 26: Email from Tim Hug to Matt Fermanich, 12/13/00, Subject: G2 Filter Discontinued (2 pages) |

16

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 4812 | | Fermanich Deposition, 3/17/17 - Exhibit 29:  BPV Memo from Filter Marketing to Bill Little, 4/27/10, Subject:  Filter naming (2 pages) |
| 4820 | | Fermanich Deposition, 3/17/17 - Exhibit 37:  Health Hazard Evaluation memo from David Ciavarella to Gin Schulz, 2/15/06, Re:  G2 Inferior Vena Cava Filter - Migration (3 pages) |
| 4842 | | Hug Deposition, 8/23/17 - Exhibit 1117:  Email to Nine Aghakhan from Tim Hug, 3/8/11, Subject:  FW:  GW Fem Filter Backorder (2 pages) |
| 4893 | | GX2 Risk Analysis |
| 4894 | | Eclipse Risk Analysis |
| 4895 | | Meridian Risk Analysis |
| 4896 | | Caudal Migration Testing Meridian and Optease |
| 4897 | | G2 Express Product Performance Specification, PPS-8058 |
| 4938 | | BPV Consulting Request Form |
| 5001 | | Dec. 2004 Dear Doctor Letter |
| 5003 | | Feb. 8, 2005 Conference FDA and BPV re Recovery Retrievable (K031328) |
| 5017 | | Aug. 5, 1999 R&D Technical Report RNF Migration Study, Design Verification (RD-RPT-100) |
| 5022 | | RD-LNB-087 Laboratory Notebook |
| 5037 | | ETR-05-02-02 (Effects of Changes to the Recovery Filter & The Femoral Delivery System on Filter Stresses Based on FEA Analysis) |
| 5126 | | Guidance for Industry and FDA Reviewers/Staff - Guidance for Cardiovascular Intravascular Filter 510(k) Submissions |
| 5126 | | Guidance for Industry and FDA Reviewers/Staff - Guidance for Cardiovascular Intravascular Filter 510(k) Submissions |
| 5164 | | July 8, 2003 Fax IMPRA to FDA re Recovery Retrievable (K031328) |

17

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 5169 | REDACTED | Apr. 25, 2003 Recovery Retrievable Abbreviated 510(k) (K031328) |
| 5177 | | Nov. 27, 2002 FDA Clearance Letter re Recovery Permanent (K022236) (Substantial Equivalence) |
| 5178 | | Oct. 25, 2002 Letter IMPRA to FDA re Recovery (K022236) |
| 5179 | | Oct. 4, 2002 Letter FDA to IMPRA re Recovery (K022236) |
| 5182 | | Aug. 30, 2002 Letter IMPRA to FDA re Recovery (K022236) |
| 5187 | | Aug. 5, 2002 Letter FDA to IMPRA re Recovery (K022236) |
| 5189 | | July 10, 2002 IMPRA Recovery Permanent Special 510(k) (K022236) |
| 5193 | | Feb. 28, 2005 Letter BPV to FDA re FDA AI re Recovery Retrievable (K031328) |
| 5195 | | Nov. 30, 2004 Letter FDA to BPV re Recovery IFU and DDL, dear doctor letter |
| 5196 | | Oct. 5, 2004 Letter BPV to FDA re Recovery IFU and DDL |
| 5197 | | July 25, 2003 FDA Clearance Letter re Recovery Retrievable (K031328) (Substantial Equivalence) |
| 5232 | | RD-RPT-116 (RNF Migration Study) (Test report for RD-SOP-035.02) RD-RPT-116 |
| 5233 | | RD-SOP-054.00 (Recovery Filter Endura TEC Fatigue Testing SOP NMT) |
| 5234 | | RD-RPT-099 (Recovery Filter Endura TEC Fatigue Testing Report NMT) |
| 5238 | | Slides from Bariatric Surgeons Panel Meeting on Feb. 12, 2005 |
| 5239 | | Jan. 21, 2005 Conference FDA and BPV re DDL and Recovery Retrievable (K031328) |
| 5247 | | May 11, 2005 BPV began distributing DCL |
| 5252 | | ETR-04-03-02 (RNF v. Competitive Product -- migration resistance) |
| 5268 | | NMT's 510(k) (K963016) for modifications to the SNF(submitted by Hogan & Hartson) |
| 5272 | | Nov. 23, 2009 BPV's Eclipse Filter System Special 510(k) (K093659) |
| 5273 | | Jan. 14, 2010 FDA Clearance Letter Eclipse Filter (K093659) (Substantial Equivalence) |

18

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 5283 | | G2 IFU (Femoral) PK5250500 Rev. 0 01/08 |
| 5290 | | TD-00456 (EVEREST Study Final Report) |
| 5296 | | G2 Filter Product Performance Specification, v.2 |
| 5301 | | ETR-05-01-06 Animal Model Evaluation of Recovery Filter G1A Femoral System Report |
| 5302 | | TPR 05-01-13 G1A Recovery Filter Femoral System Design Verification and Validation Protocol |
| 5303 | | ETR-05-02-05 (G2® DV&V summary testing) |
| 5304 | | ETR 05-02-11 G1A Recovery Filter Femoral System Chronic Animal Study Report |
| 5315 | | Phase 2 Design Review G1A Recovery Filter Femoral Delivery System, BPV-17-01-00121226 -255 |
| 5316 | | Phase 3 Design Review (Design Review 3 & 4) G1A Recovery Filter Femoral Delivery System, BPV-17-01-00121256 -286 |
| 5322 | | Nov. 2, 2005 FDA Grants Full Approval of G2 Everest Study (G051304) |
| 5323 | | Aug. 8, 2005 FDA Grants BPV Conditional Approval for G2 Everest Study (G050134) |
| 5324 | | July 8, 2005 BPV's original IDE submission re G2 Everest Study (G050134) |
| 5325 | REDACTED | Oct. 3, 2005 Letter BPV to FDA re G2 Everest Study (G051034) and Conditional Approval |
| 5329 | REDACTED | June 21, 2006 Letter BPV to FDA re G2 Everest Study (G051304) IDE Supplement |
| 5333 | | Feb. 2, 2007 Letter BPV to FDA re G2 Everest Study (G051304) Annual Progress Report |
| 5334 | | Sept. 21, 2007 Letter FDA to BPV Questions re G2 Everest Study (G051304) |
| 5335 | | Aug. 23, 2007 Letter BPV to FDA re G2 Everest Study (G051304) Annual Progress Report |
| 5336 | | Oct. 25, 2007 Letter BPV to FDA re Responses to FDA re G2 Everest Study (G051304), BPV-17-01-00123498 -562 |
| 5339 | | Jan. 15, 2008 FDA Clearance Letter G2 Filter Retrievable (K073090) (Substantial Equivalence) |
| 5340 | | Oct. 31, 2007 BPV's G2 Filter Retrievable Traditional 510(k) (K073090) |
| 5343 | | Aug. 29, 2005 FDA Clearance Letter re G2 Permanent (K050558) (Substantial Equivalence) |

19

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 5344 | | July 28, 2005 Letter FDA to BPV re AI re Modified Recovery (K050558) |
| 5348 | | Mar. 30, 2005 Letter FDA to BPV re Modified Recovery (K050558) |
| 5349 | | Mar. 2, 2005 BPV's Modified Recovery Filter Special 510(k) (K050558) |
| 5350 | REDACTED | June 3, 2005 Letter BPV to FDA re Modified Recovery conversion Traditional 510(k) (K050558) |
| 5352 | | Aug. 10, 2005 Letter BPV to FDA Responses to AI re G2 (K050558) |
| 5353 | | Nov. 25, 2005 FDA Clearance Letter G2 Filter - Jugular (K052578) (Substantial Equivalence) |
| 5354 | | Sept. 19, 2005 BPV's G2 Filter - Jugular Subclavian Delivery Kit Special 510(k) (K052578) |
| 5361 | | Sept. 25, 2006 BPV's G2 Filter - Femoral Delivery Kit Special 510(k) (K062887) |
| 5362 | | Oct. 26, 2006 FDA Clearance Letter G2 Filter - Femoral Delivery Kit (K062887) |
| 5368 | | July 30, 2008 FDA Clearance Letter G2 Express Filter (K080668) (Substantial Equivalence) |
| 5373 | | Mar. 7, 2008 BPV's G2 Express Filter Special 510(k) (K080668) |
| 5376 | | Oct. 31, 2008 FDA Clearance Letter G2X Filter (K082305) Substantial Equivalence |
| 5379 | | Aug. 12, 2008 BPV's G2X Filter Special 510(k) (K082305) |
| 5384 | | G2 Express Feasibility Acute Animal Study Report TR-07-05-18 |
| 5385 | | G2 Express Filter Arm Fatigue Comparison TR-07-07-04 |
| 5483 | | sopq1417500 Rev 1 -- Statistical Complaint Trending Procedure PMA Related, BPV-17-01-00144123 - 126 |
| 5486 | | Dec. 17, 2009 Letter from BPV to FDA re Eclipse Filter System Response to FDA Questions (K093659) |
| 5488 | | June 21, 2010 Letter from BPV to FDA re Eclipse Filter System Response to FDA Questions (K101431) |
| 5523 | | ETR-04-03-05 (RNF Characterization testing comparing GFO v. NMT manufactured filters) (followed TPR-04-02-02) ETR-04-03-05, Rev. 0 (GFO and NMT Manufactured Recovery; Filters Migration Resistance Comparison, Phase 1) |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 5526 | | TPR-04-02-02 (Protocol for RNF Migration Testing v. Competitive) Test Protocol Number TPR-04-02-02 (Rev. 0) -- Characterization of the Recovery Filter (RF) - Migration Resistance |
| 5534 | | Picture of Clot from Feb. 2004 RNF Migration |
| 5536 | | Meeting Summary from Filter Expert Panel June 1, 2006 |
| 5537 | | June 2006 Expert Panel Meeting Slides |
| 5539 | Only admitted pgs. 12 -32 | G2 Caudal Migration Failure Investigation Report Aug. 4, 2005 G2 Filter Caudal Migration Failure Investigation Report (FIR-06-01-01) G2 Caudal Migration Failure Investigation Report |
| 5560 | | Standard Operating Procedures / Division Operating Procedures -- CQA-STD-R002 Rev 11, BPV-17-01-00166749 - 776. |
| 5561 | | Standard Operating Procedures / Division Operating Procedures -- CQA-STD-R002 Rev 12, BPV-17-01-00166777 - 806 |
| 5563 | | Standard Operating Procedures / Division Operating Procedures -- CQA-STD-R002 REv 14 |
| 5565 | | Standard Operating Procedures / Division Operating Procedures -- RA-STD-002 Rev 10 |
| 5586 | | May 20, 2010 BPV's Eclipse Filter Special 510(k) (K101431) |
| 5587 | | June 18, 2010 Letter FDA to BPV re FDA AI Demand re Eclipse (K101431) |
| 5588 | | Dec. 15, 2009 Letter FDA to BPV re FDA Al Demand re Eclipse (K093659) |
| 5589 | | June 22, 2010 - FDA Clearance Letter for Eclipse Filter (K101431) (Substantial Equivalence) |
| 5593 | | Aug. 14, 2009 Conference FDA and BPV re future Eclipse Filter 510(k) |
| 5602 | REDACTED | FDA CONTACT REPORT January 7 2010 FINAL |
| 5612 | REDACTED | Nov. 17, 2009 (Filters and future submissions) |
| 5691 | Only admitted pgs. 12-32 | BPV FDA 483 Update Response March 26, 2015, BPV-17-01-00200156 - 338 |

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 5706 | Only admitted pgs. 48-61 | September 3 2015 Update Response to Warning Letter issued July 13 2015.pdf |
| 5851 | | TD-04698 Retrospective IVC Filter Review.pdf |
| 5872 | | FDA Warning Close Out Letter |
| 5874 | | Bard filter rate information December 2016 |
| 5877 | | 1996 Memo from Veronica Price |
| 5879 | | April 11, 2006 Letter to FDA re Caudal Migration |
| 5880 | | March 23, 2006 Letter to FDA re G2 Caudal Migration |
| 5881 | | May 11, 2006 Letter to FDA re Caudal Migration |
| 5905 | | Jan. 22, 2005 Email to FDA |
| 5923 | REDACTED | September 2010 Letter to Clinicians re FDA PHN |
| 5929 | | TR-07-12-01 (Test Report re G2 Express DV& V Flat Plate Fatigue and Corrosion) |
| 5931 | | G2X (Jugular) 2009.10 – PK5100070 rev. 5 IFU |
| 5942 | | January 7, 2010 FDA PowerPoint Presentation |
| 5946 | | QMBR—July 2006 |
| 5949 | | ETR-06-05-02 (Test report re G2® Clot Trapping Efficiency) |
| 5967 | | G2 Risk Benefit Analysis (RBA-0003, Rev. 0) |
| 5970 | | HHE re G2 Caudal Migration February 15, 2006 |
| 5991 | | FM1287100 Rev. 5 (MDR Reportability Guidelines) |
| 5994 | | TD-04316 Nov. 4, 2015 FDA and Bard Teleconference |
| 5995 | | TD-04326 Oct. 26, 2015 FDA and Bard Teleconference |
| 6013 | | Dec. 27, 2010 Letter from BPV to FDA re Meridian |

22

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 6046 | | August 28, 2006 EVEREST Medical Monitor Adjudication Meeting Minutes |
| 6061 | | Aug. 22, 2005 Internal FDA memo reviewing BPV's Responses to FDA Al re G2 (K050558) |
| 6064 | | July 26, 2005 Internal FDA memo re BPV Responses to FDA AI re Modified Recovery (K050558) |
| 6075 | | Nov. 10, 2004 FDA Internal Memo re Dear Doctor Letter |
| 6082 | | FDA_PRODUCTION_00001288 -- July 2, 2003 Email chain FDA and BPV re Recovery Retrievable (K031328) |
| 6089 | | Product Development Cycle PPT |
| 6842 | *** | ACR-SIR-SPR Practice Parameter for the Performance of Inferior Vena Cava (IVC) Filter Placement for the Prevention of Pulmonary Embolism. Revised 2016.<br><br>**Note:** "Admitted for the limited purpose to establish knowledge to the medical community, not for the truth of the matter asserted." |
| 6892 | | Binkert CA, Drooz AT, Caridi JG, Sands MJ, Bjarnason H, Lynch FC, Rilling WS, Zambuto DA, Stavropoulos SW, Venbrux AC, Kaufman JA. Technical success and safety of retrieval of the G2 filter in a prospective, multicenter study. J Vasc Interv Radiol. 2009 Nov;20(11):1449-53. doi: 10.1016/j.jvir.2009.08.007. |
| 6991 | | FDA Safety - Inferior Vena Cava (IVC) Filters: Initial Communication: Risk of Adverse Events with Long Term Use, 08/09/2010. |
| 6992 | | FDA Safety Communications, Removing Retrievable Inferior Vena Cava Filters. 05/06/2014. http://wayback.archive-it.org/7993/20170722215731/https://www.fda.gov/MedicalDevices/Safety/AlertsandNotices/ucm396377.htm |
| 6993 | | FDA Safety Communications, Removing Retrievable Inferior Vena Cava Filters: Initial Communication. 08/09/2010. http://www.fda.gov/MedicalDevices/Safety/AlertsandNotices/ucm221676.htm |
| 7312 | *** | SIR Guidelines for IVC Filters<br><br>**Note:** "Admitted for the limited purpose to establish knowledge to the medical community, not for the truth of the matter asserted." |

23

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 7411 | | 2008 Surgeon General's Call to Action re PE and DVT |
| 7753 | | 2014 Draft FDA Guidance re Benefit-Risk Factors When Determining Substantial Equivalence in Premarket Notifications 510k with Different Technological Characteristics |
| 7758 | | 2014 FDA Guidance re 510k Evaluating Substantial Equivalence in Premarket Notifications |
| 7771 | | Braun Vena Tech LP Femoral – October 2010 |
| 7787 | | Cordis Optease Femoral Jugular Antecubital - 2013 |
| 7795 | | Screenshot from FDA, MAUDE - Manufacturer and User Facility Device Experience, available online at https://www.accessdata.fda.gov/ scripts/cdrh/cfdocs/cfmaude/search.cfm |
| 7960 | | IVC Filters Clinical Overview |
| 7961 | | Corporate Quality Assurance Manual, Standard for Product Complaint Handling |
| 7962 | | Corporate Quality Assurance Manual, Standard for Medical Device Reporting |
| 7900 | | Demonstrative depiction of sales of bard's retrievable IVC filters |
| 8325 | | Eclipse IFU 02.2010 PK5100600 Rev. 1 |
| 8358 | | TR-09-10-15 -- Eclipse Flat Plate Fatigue and Corrosion Examination of the Vail (Eclipse) Filter |
| 8359 | | TR-09-10-16 DV&V Eclipse Filter Arm Fatigue Comparison Study (Project #8113) |
| 8362 | | Eclipse Filter Patient Questions & Answers |
| 8368 | | TP-09-10-15 Rev. 0 - Eclipse DV&V Flat Plate Fatigue and Corrosion Test Protocol |
| 8482 | | Bard IVC Filter G3 Design/Development Timeline |
| 8546 | | Draft Test Report re Rotary Beam Fatigue of Nitinol Wire |
| 8572 | | G3 Meeting Minutes Nov 27, 2007 |
| 8574 | | TR 09-10-10, Test Report Cyclic Fatigue Testing of Electropolished Vail Filter Wire |
| 8575 | | TP 09-10-10, Test Protocol Cyclic Fatigue Testing of Electropolished Vail Filter Wire |

24

**SUGGESTION OF REMAND AND TRANSFER ORDER**
**Exhibit 2 – Admitted Exhibit List from Bellwether Trials and Documents No Longer Subject to Protective Order**

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 8583 | | G3 Project Status Report April 19, 2006 |
| 8837 | | Defendants' Exhibit 10 to Joint Report on Determining Filter Type |
| 9080 | | 10/7/07 Email from Dr. Lehman |

Document deemed no longer subject to the Protective Order

| Trial Ex. No. | Notes | Description |
|---|---|---|
| 908 | | Ciavarella Deposition, 03/01/2011 - Exhibit 12 - 5/11/2005 "Dear Colleague" letter from BPV re. the Recovery filter system |